GEORGE M. GARVEY (State Bar No. 089543)
JACOB S. KREILKAMP (State Bar No. 248210)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
George.Garvey@mto.com

Attorneys for Defendants
UBS AG and
UBS Financial Services Inc.

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| CARL L. JIMENA,<br><br>           Plaintiff,<br><br>     vs.<br><br>UBS AG BANK, INC., SWITZERLAND HEADQUARTERS; UBS AG BANK, INC., MANHATTAN, NEW YORK BRANCH; UBS FINANCIAL SERVICES, INC., BAKERSFIELD, CALIFORNIA BRANCH; AND UBS FINANCIAL SERVICES, INC., WEEHAWKEN, NEW JERSEY BRANCH; CLIVE STANDISH,<br><br>           Defendants. | CASE NO. 1:07-CV-00367-OWW-TAG<br><br>**CERTIFICATE OF SERVICE OF ORDER SETTING MANDATORY SCHEDULING CONFERENCE** |

# CERTIFICATE OF SERVICE BY MAIL

I, Robert Massing, declare:

1. I am over the age of 18 and not a party to the within cause. I am employed by Munger, Tolles & Olson LLP in the County of Los Angeles, State of California. My business address is 355 South Grand Avenue, Suite 3500, Los Angeles, California 90071-1560.

2. On March 6, 2007, I served a true and correct copy of the document entitled ORDER SETTING MANDATORY SCHEDULING CONFERENCE, attached hereto as Exhibit A, by placing it in an addressed, sealed envelope clearly labeled to identify the person being served at the address shown below and placing said envelope in interoffice mail for collection and deposit in the United States Postal Service at 355 South Grand Avenue, Suite 3500, Los Angeles, California, on that same date, following ordinary business practices:

> Carl L. Jimena, plaintiff *pro se*
> 14774 Desert View Ave.
> North Edwards, CA  93523

3. I am familiar with Munger, Tolles & Olson LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service; in the ordinary course of business, correspondence placed in interoffice mail is deposited with the United States Postal Service with first class postage thereon fully prepaid on the same day it is placed for collection and mailing.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 7, 2007, at Los Angeles, California.

_____
Robert Massing

# EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL L. JIMENA,<br><br>            Plaintiff(s);<br><br>v.<br><br>CLIVE STANDISH, ET AL.,<br><br>            Defendant(s). | No. 1:07-CV-00367-OWW-TAG<br><br>ORDER SETTING MANDATORY<br>SCHEDULING CONFERENCE<br><br>DATE: July 11, 2007<br>TIME: 08:45 AM<br><br>COURTROOM: #3 (7th Floor)<br><br>JUDGE OLIVER W. WANGER |

    Rule 16, F.R.Civ.P., requires the Court to enter a Scheduling Conference Order within 120 days of the date of the Complaint being served upon the defendant. Counsel are referred to F.R.Civ.P., Rule 4(m) regarding the requirement of timely service of the complaint. Therefore, it is ordered that you appear for a formal Scheduling Conference (formerly called Status Conference) before U.S. District Judge Oliver W. Wanger in Courtroom 3 , United States Courthouse, 2500 Tulare Street, Fresno, CA 93721. Because of the mandate of Rule 16, F.R.Civ.P., continuances beyond said 120 days cannot be granted.

Because of the mandates of Rule 16, supra, this Order may be served upon counsel for the plaintiff(s) before appearances of defendant(s) are due. It is the obligation of counsel for the plaintiff(s), or in the instances of a Petition for Removal, counsel for the defendant, to serve a copy of this Order **and a copy of the Standing Order served herewith,** on the defendant(s), or, if identified, on their counsel, **promptly** upon receipt of this Order, and to file an appropriate proof of such service with the Court, in compliance with Rule 5-135(a) of the Local Rules of Practice for the Eastern District of California.

Attendance at the Scheduling Conference is *mandatory* upon each party not represented by counsel or, alternatively, by retained counsel. Only counsel who are thoroughly familiar with the facts and law of the instant case, and who have full authority to bind his or her client, shall appear. Trial counsel should participate in this Scheduling Conference whenever possible. It may be necessary for counsel to spend as much as 45 minutes in this Conference.

A Joint Scheduling Report carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF, in full compliance with the requirements set forth in Exhibit "A" attached hereto, one (1) full week prior to the Scheduling Conference, and shall be e-mailed, in WordPerfect or Word format, to **owworders@caed.uscourts.gov.**

For reference purposes, the Court requires that counsel's Joint Scheduling Report indicate the date, time, and courtroom of the Scheduling Conference opposite the caption on the first page of the Report.

Among other things, counsel will be expected to discuss the possibility of settlement. Counsel are to thoroughly discuss settlement with each other before undertaking the preparation of the Joint Scheduling Report and engaging in extensive discovery. However, even if settlement negotiations are progressing, counsel are expected to comply with the requirements of this Order unless otherwise excused by the Court. If the case is settled, please **promptly** inform the Court, and counsels' presence, as well as the Joint Scheduling Report, will not be required.

Counsel are encouraged to consent to the jurisdiction of U.S. Magistrate Judge, and will be expected to discuss their positions with respect to this at the conference. Should all parties reach an agreement to such consent prior to the conference, please contact the court and the conference will be rescheduled before the assigned Magistrate Judge.

<u>Counsel, whose office is more than fifty (50) miles from the Courthouse, may request that their attendance be by telephonic conference.</u> If two or more parties wish to appear telephonically, counsel shall decide which will be responsible for making prior arrangements for the conference call with the AT&T operator (if counsel do not have conference call capabilities on their telephone systems), and shall initiate the call at the above-designated time.

3

1 | After all parties have met and conferred, please
2 | to Judge Wanger's chambers at (559) 499-5650. **Additionally,**
3 | **counsel are directed to indicate on the face page of their**
4 | **Joint Scheduling Report that the conference will be telephonic.**

*UNITED STATES DISTRICT JUDGE*

*/s/ OLIVER W. WANGER*

At least twenty (20) days prior to the Mandatory Scheduling Conference, the actual trial counsel for all parties shall conduct and conclude a conference at a time and place arranged by counsel for the plaintiff(s). This conference shall preferably be a personal conference between counsel but, due to the distance involved in this District, a telephonic conference call involving all counsel is permissible. The Joint Scheduling Report shall respond to the following items by corresponding number paragraphs:

1. Summary of the factual and legal contentions set forth in the pleadings of each party, including the relief sought by any party presently before the Court.

2. Any proposed amendment to the pleadings presently on file shall be filed by its proponent contemporaneously with the Scheduling Conference Report. If the matter cannot be resolved at the Scheduling Conference, the matter will be set as a Motion to Amend in accordance with the Rules of Practice of the Eastern District of California.

3. A summary detailing the uncontested and contested facts.

4. A summary of the legal issues as to which there is no dispute, i.e., jurisdiction, venue, applicable federal or state law, etc., as well as a summary of the disputed legal issues.

5. The status of all matters which are presently set before the Court, i.e., hearing all motions, etc.

6. A complete and detailed discovery plan, including a firm cut-off date for discovery, as outlined in the Federal Rules of Civil Procedure, Rule 26(f)(2), and a proposed date for disclosure of expert witnesses.

7. Dates agreed to by all counsel for:
   (a) Filing pre-trial motions, with the understanding that motions will not be entertained after the agreed upon date. (No later than 45 days prior to the proposed Pre-Trial Conference date.)
   (b) Pre-Trial Conference date.
   (c) Trial date.

   All of these dates should be considered firm dates. Dates should be set to allow the Court to decide any matters under submission before the Pre-Trial Conference is set.

8. At the conference referred to above, counsel are encouraged to discuss settlement, and the Court will expect a statement in the Joint Scheduling Report as to the possibility of settlement. Counsel shall indicate when they feel a settlement conference is desired, and when it should occur, i.e. before further discovery, after discovery, after pre-trial motion, etc.

9. A statement as to whether the case is a jury of non-jury case.

10. An estimate of the number of trial days required. When counsel cannot agree, each party shall give his or her best estimate.

11. Whether either party requests bifurcation of trial or has any other suggestion for shortening trial. It should be noted that all federal tort claim cases are bifurcated as a matter of course.

12. Whether this matter is related to any matter pending in this court or any other court, including any bankruptcy court.

13. Joint Scheduling Reports are to be e-mailed, in WordPerfect or Word format, to owworders@caed.uscourts.gov.

**SHOULD COUNSEL FAIL TO APPEAR AT THE MANDATORY SCHEDULING CONFERENCE, OR FAIL TO COMPLY WITH THE DIRECTIONS AS SET FORTH ABOVE, AN <u>EX PARTE</u> HEARING MAY BE HELD AND JUDGMENT OF DISMISSAL, DEFAULT, OR OTHER APPROPRIATE JUDGMENT MAY BE ENTERED, OR SANCTIONS, INCLUDING CONTEMPT OF COURT, MAY BE IMPOSED AND/OR ORDERED.**

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re.<br><br>STANDING ORDER IN ALL CIVIL CASES ASSIGNED TO U.S. DISTRICT JUDGE OLIVER W. WANGER | No. **1:07-CV-00367-OWW-TAG** |

1. Civil law and motion calendar is held on Mondays at 10:00 a.m. in Courtroom 3 (dispositive motions only; non-dispositive motions are heard by the assigned Magistrate Judge). <u>Pursuant to Local Rule 78-230(h), counsel are to notify the courtroom deputy clerk (559/499-5652) if it is anticipated that oral argument of their motion will exceed 20 minutes.</u> Scheduling Conferences are held on Wednesdays and Thursdays at 8:30 and 8:45 a.m.

2. Law and motion pleadings must be electronically filed by the close of business on the day the filing is due.

3. Counsel are expected to consult and conform with all provisions of the Local Rules relating to continuances, motions, and all other matters. A proposed form of order shall be submitted with all motions and opposition papers.

4. Unless prior leave of court seven days before the filing date is obtained, all briefs or memoranda in civil cases shall not exceed 25 pages and briefs or memoranda in criminal cases shall not exceed 10 pages. Reply briefs filed by moving parties shall not exceed 10 pages.

1  Briefs that exceed this limitation or sought to be filed after the required time BE
2  CONSIDERED.
3      5. <u>Joint</u> Scheduling Conference Statements and <u>Joint</u> Pre-trial Statements are required
4  and must be electronically filed in CM/ECF 7 days before the hearing date and shall be e-mailed,
5  in WordPerfect or Word format, to **owworders@caed.uscourts.gov**.
6      6. Local Rule 7-130 is augmented by addition of the requirement that type font or
7  printing shall not be smaller than CG Times 12 point or Courier 10 cpi, or other comparable
8  legible type, throughout the entire document.

14         SO ORDERED

17                /s/ OLIVER W. WANGER
18             UNITED STATES DISTRICT JUDGE

# NOTICE OF AVAILABILITY OF A MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION AND APPEAL INSTRUCTIONS

You are hereby notified in accordance with 28 U.S.C §636(c), F.R.Civ.P.73 and Local Rule 73-305, the United States Magistrate Judges sitting in Sacramento and Fresno are available to exercise the court's case dispositive jurisdiction and to conduct any or all case despositive proceedings in this action, including motions to dismiss, motions for summary judgment, a jury or nonjury trial, and entry of a final judgment. Exercise of this jurisdiction by a Magistrate Judge is however, permitted only if all parties voluntarily consent. You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's case dispositive jurisdiction from being exercised by a Magistrate Judge.

Any appeal from a judgment entered by a Magistrate Judge is taken directly to the United States Court of Appeals for the Ninth Circuit or, where appropriate, for the Federal Circuit in the same manner as an appeal from any other judgment of a District Court.

Whether or not the parties consent to pursuant to 28 U.S.C. § 636(c) the assigned Magistrate Judge will hear all motions except those case dispositive motions set forth in 28 U.S.C. § 636(b)(1)(A).

A copy of the Form for "Consent to / Decline of Jurisdiction of United States Magistrate Judge" is attached hereto for pro per use and attorney information. This form is available in fillable .pdf format on the court's web site at www.caed.uscourts.gov for all attorney ECF filers. This form may be filed through CM/ECF or by pro se litigants at the appropriate Clerk's Office location.

Office of the Clerk                   Office of the Clerk
501 I Street, Room 4-200              2500 Tulare Street, Suite 1501
Sacramento, CA 95814                  Fresno, CA 93721

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

CARL L. JIMENA,
 Plaintiff(s)/Petitioner(s),

vs.

CASE NO. 1:07-CV-00367-OWW-TAG

CLIVE STANDISH, ET AL.,
 Defendant(s)/Respondents(s).

---

**IMPORTANT**
**IF YOU CHOOSE TO CONSENT OR DECLINE TO CONSENT TO JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE, CHECK AND SIGN THE APPROPRIATE SECTION OF THIS FORM AND RETURN IT TO THE CLERK'S OFFICE.**

---

☐ **CONSENT TO JURISDICTION OF**
**UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of Title 28, U.S.C Sec. 636(c)(1), the undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.

Date: _____  Signature: _____

 Print Name: _____
  ( ) Plaintiff/Petitioner  ( ) Defendant/Respondent
  ( ) Counsel for * _____

---

☐ **DECLINE OF JURISDICTION OF**
**UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the availability of a United States Magistrate Judge but hereby declines to consent.

Date: _____  Signature: _____

 Print Name: _____
  ( ) Plaintiff/Petitioner  ( ) Defendant/Respondent
  ( ) Counsel for * _____

---

*If representing more than one party, counsel must indicate name of each party responding.*

## NOTICE OF AVAILABILITY

## VOLUNTARY DISPUTE RESOLUTION

Pursuant to the findings and directives of Congress in 28 U.S.C. §§ 651 *et seq.*, and in recognition of the economic burdens and delay in the resolution of disputes that can be imposed by full formal litigation, Local Rule 16-271 governs the referral of certain actions to the Voluntary Dispute Resolution Program ("VDRP") at the election of parties. Plaintiff or removing party is to provide all other parties with copies of the notice at the time service is effected or, for parties already served, no more than fourteen (14) days after receiving notice from the Court. After filing of the original complaint or removal action, any party who causes a new party to be joined in the action shall promptly serve a copy of the notice on the new party.

It is the Court's intention that the VDRP shall allow the participants to take advantage of a wide variety of alternative dispute resolution methods. These methods may include, but are not limited to, mediation, negotiation, early neutral evaluation and settlement facilitation. The specific method or methods employed will be determined by the Neutral and the parties.

**PLEASE TAKE NOTICE** that pursuant to Local Rule 16-271, *this Local Rule applies to* all civil actions pending before any District Judge or Magistrate Judge in the District except that actions in the following categories are exempt from presumptive inclusion: (i) prisoner petitions and actions, including habeas corpus petitions, (ii) actions in which one of the parties is appearing pro se, (iii) voting rights actions, (iv) social security actions, (v) deportation actions, (vi) Freedom of Information Act actions, and (vii) actions involving the constitutionality of federal, state or local statutes or ordinances. The fact that a case falls in a category that is exempt from the presumptive applicability of this Local Rule neither (1) precludes the parties to such a case from agreeing to participate in an Alternative Dispute Resolution ("ADR") process, nor (2) deprives the Court of authority to compel participation in an appropriate ADR proceeding.

Parties may elect Voluntary Dispute Resolution with the Court indicating that all parties to the action agree to submit the action to VDRP pursuant to Local Rule 16-271. Actions may not be assigned to VDRP over the objection of a party. (Copy of sample stipulation attached hereto.) **At the time of filing, a copy of the stipulation shall be provided to the VDRP Administrator designated below:**

Sacramento Cases
Voluntary Dispute Resolution
Program Administrator
United States District Court
501 "I" Street, Suite 4-200
Sacramento, CA 95814
(916) 930-4280

Fresno Cases
Voluntary Dispute Resolution
Program Administrator
United States District Court
2500 Tulare Street, Suite 1501
Fresno, CA 93721
(559) 499-5600

Attorney Identification
(include State Bar number)



Attorney(s) for:

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| CARL L. JIMENA, <br>            Plaintiff(s) <br><br>       v. <br><br> CLIVE STANDISH, ET AL., <br>            Defendant(s) | NO. 1:07-CV-00367-OWW-TAG <br><br> STIPULATION TO ELECT REFERRAL OF ACTION TO VOLUNTARY DISPUTE RESOLUTION PROGRAM (VDRP) PURSUANT TO LOCAL RULE 16-271 |

Pursuant to Local Rule 16-271, the parties hereby agree to submit the above-entitled action to

the Voluntary Dispute Resolution Program.


DATED:_____


Name:
Attorney(s) for Plaintiff(s)


Name:
Attorney(s) for Defendant(s)