**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CARL L. JIMENA,**<br><br>　　　　　**Plaintiff,**<br><br>　　v.<br><br>**UBS AG BANK, INC., SWITZERLAND HEADQUARTERS; UBS AG BANK, INC., MANHATTAN, NEW YORK BRANCH; UBS FINANCIAL SERVICES, INC., BAKERSFIELD, CALIFORNIA BRANCH; AND UBS FINANCIAL SERVICES, INC. WEEHAWKEN, NEW JERSEY BRANCH; CLIVE STANDISH,**<br><br>　　　　　**Defendants.** | 1:07-CV-00367 OWW TAG<br><br>**MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR REMAND AND MOTION TO STRIKE; GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND** |

## 1.  INTRODUCTION

　　This case was removed from The Superior Court of California, County of Kern.  Jurisdiction in this matter is based on diversity of citizenship.  Plaintiff claims to have been defrauded by individuals who sent him forged emails that falsely purported to come from an officer of Defendant UBS AG.  Plaintiff now sues Defendants for fraud, violations of several state and federal commercial codes, and "intentional tort."  Plaintiff seeks to remand this action be remanded. Defendants oppose and move to dismiss Plaintiff's claims against UBS Financial Services, Inc. ("UBS FS"), a Delaware Corporation for failure to state a claim.

1

## 2. PROCEDURAL BACKGROUND

The case was removed to this court on March 6, 2007. (Doc. 1, Notice of Removal, Ex. 1, Complaint.) On March 13, 2007 Defendants filed a motion to dismiss the complaint against UBS FS for failure to state a claim. (Doc. 6, Motion to Dismiss.) On March 26, 2007, Plaintiff filed a motion to declare removal void which sounds like a motion to remand. (Doc. 8, Notice of Motion and Motion to Declare Notice of Removal Void.) Plaintiff filed an opposition to Defendants' motion to dismiss and a motion to strike on March 30, 2007. (Doc. 10, Opposition and Motion to Strike.) On April 16, 2007 Defendants filed an opposition to Plaintiff's motion to remand. (Doc. 11, Opposition to Plaintiff's Motion for Remand.) On April 19, 2007 Defendants filed a reply to Plaintiff's opposition to their motion to dismiss. (Doc. 13, Reply of UBS in support of Motion to Dismiss.) On April 24, Plaintiff filed his reply to Defendants' opposition to his motion for remand. (Doc. 14, Plaintiff's Reply.)

## 3. FACTUAL BACKGROUND

### A. Background Facts

Plaintiff has apparently been defrauded in a variant on the "Nigerian advance fee scam" by individuals who sent him forged emails that falsely purported to come from an officer of UBS AG in Zurich, Switzerland. According to Plaintiff, he was contacted by an individual who had set up an email account under the name clive_standish@yahoo.com. This individual claimed to be Clive Standish, the Chief Financial Officer of UBS AG. This impersonator apparently offered to transfer $19 million to

**2**

Plaintiff's bank account.  Plaintiff was convinced to wire $51,000 via Washington Mutual Bank, Bank of New York, and UBS AG to an account at a fourth bank, HSBC, allegedly to satisfy a non existent "Anti Drug/Terrorist Clearance" fee required for transfers from Nigeria.  Plaintiff never received the 19 million that he expected.  He has sued UBS AG and Clive Standish, Chief Financial Officer of UBS AG.  Plaintiff brings a cause of action against all named defendants, including UBS FS, for

    1.    Fraud

    2.    California Commercial Code § 11302,[1] and § 11103,[2]

---

[1] Cal. U. Com. Code § 11302 regulates the obligations of receiving bank in executing payment order and does not provide for a cause of action in tort.  Plaintiff does not provide any legal support or factual claims to support his cause of action under § 11302.

[2] Cal. U. Com. Code. § 11303 governs payment to receiving bank of amount of sender's order and recovery of excess payment from beneficiary.  Section 11303(a) and (b) deal with cases in which the receiving bank executes payment by issuing a payment order in the wrong amount. When this happens, the Originator's bank is entitled to recover the overpayment from the Beneficiary to the extent allowed by the law governing mistake and restitution.  Plaintiff has failed to show how § 11303 applies to this case.

    UCC § 4A-302(a)(1)[3], 301(b)[4], §4A-103(a)(1)[5]

 3. Intentional Tort

 4. Interest on damages

(Doc.1, Notice of Removal, Ex. 1 Complaint, filed March 6, 2007.)

 **B.** **UBS Financial Services**

 Defendant UBS AG is incorporated and has its principal place of business in Switzerland.  (Doc.1, Notice of Removal, Ex. 1

---

[3] U.C.C. § 4A-302(a)(1) states: "The receiving bank is obliged to issue on the execution date, a payment order complying with the sender's instructions concerning (I) any intermediary bank or fund transfer system to be used in carrying out the funds transfer, or (ii) the means by which payment orders are to be transmitted in the funds transfer.  If the originator's bank issues a payment order to an intermediary bank, the originator's bank is obliged to instruct the intermediary bank according to the instruction of the originator. An intermediary bank if the funds transfer is similarly bound by an instruction given to it by the sender of the payment order it accepts."  Plaintiff fails to show how a private right of action is created by this section.

[4] U.C.C. § 4A-301(b) states: "'Execution Date' of a payment order means the day on which the receiving bank may properly issue a payment order in execution of the sender's order.  The execution date may be detered by instruction of the sender but cannot be earlier than the day the order is received and, unless otherwise determined, is the day the order is received."  Plaintiff fails to show how this section creates a private cause of action.

[5] U.C.C. § 4A-103(a)(1) is a section that provides Payment Order Definitions.  It states: "'Payment Order' means an instruction of a sender to a receiving bank, transmitted orally, electronically, or in writing, to pay, or to cause another bank to pay, a fixed or determinable amount of money to a beneficiary if (I) the instruction does not state a condition to payment to the beneficiary other than time of payment, (ii) the receiving bank is to be reimbursed by debiting an account of, or otherwise receiving payment from, the sender, and (iii) the instruction is transmitted by the sender directly to the receiving bank or to an agent, funds-transfer system, or communication system from transmittal to the receiving bank."  Plaintiff has failed to show that this section establishes a private cause of action.

Complaint, ¶1, filed March 6, 2007.)  Defendant UBS Financial Services ("UBS FS") is a corporation that is wholly owned by an entity that is itself wholly owned by UBS AG.  UBS FS is incorporated in Delaware with its principal place of business at its headquarters in New Jersey.  (Doc. 11, Declaration of Tambra King ("King Declaration"), ¶ 3, Filed April 16, 2007.)

UBS AG Bank Inc. owns, operates, and controls all named branches and is the parent company of 1. UBS AG Bank, Manhattan Branch 2. UBS FS Inc., Weehawken Branch and 3. UBS FS Inc., Bakersfield Branch.  (Doc. 1-2, Notice of Removal, Exhibit A, Complaint, p. 5, Filed May 6, 2007.)

UBS FS, Inc. has approximately 550 branch offices throughout the United States.  (*Id.* at ¶ 4.) UBS FS, Inc. Bakersfield office is one such branch office.  *Id.*  Plaintiff joins UBS FS, Inc. Bakersfield as a defendant to establish that the parent corporation UBS AG, Inc. is doing business in the Eastern District of California.  Plaintiff further alleges that UBS AG, Inc. is liable for the acts of Clive Standish "even though he was acting for his own purpose."

**C.   Facts Regarding Service**

Defendant claims that on January 31, 2007, Plaintiff caused copies of the summons and complaint to be mailed by certified mail in accordance with Cal. Code Civ. Proc. § 415.40, to the UBS AG New York.  The summons was to "Pres./Gen. Mgr./Legal Dept." (Doc. 8, Plaintiff's Motion to Void Removal, Exhibit A, Annex 3.) Defendant also argues that on February 1, 2007, plaintiff caused "two copies: one for the branch...; one for UBS AG Bank Inc., Zurich Switzerland Headquarters" to be delivered to Jay Ericsson

5

("Ericsson"), a branch manager in UBS FS Bakersfield.[6]  (Doc 8, Plaintiff's Motion to Void Removal, Exhibit A, Annex 3.)[7] Ericsson has stated in his declaration that he has never been authorized to act as UBS AG's agent for any purposes including service of process.  (Doc. 11, Opposition, Declaration of Jay B. Ericsson, ¶ 5, Filed April 16, 2007.)  He is not a general manager nor does he hold any other status required by Cal. Code Civ. Proc. § 415.40.

Plaintiff claims that on February 1, 2007, Defendant UBS FS Bakersfield was served by personal delivery.  According to Plaintiff, the registered agent for service of process of UBS FS, Corporation Service Company ("CSC"), had a PO Box address.  The Superior Court for the County of Kern issued an order that a PO Box is not a valid address pursuant to Cal. Code Civ. Proc. §

---

[6] According to Jay Ericsson's declaration, he manages a Bakersfield satellite office for UBS FS and reports to the manager of the Fresno Office, Robert Gunning.  (Doc. 11, Opposition, Declaration of Jay B. Ericsson, ¶ 4, Filed April 16, 2007.)  He states that his responsibilities and authority at UBS FS are of the Bakersfield satellite office.  (*Id.*, ¶ 4.)  He states that he has no management responsibilities or authority with respect to any other office, or any other aspect of the business of UBS FS.  From this it is evident he is not a general manager, nor an agent authorized to accept service of process.

[7] The third defendant in this lawsuit, individual defendant Clive Standish, a United Kingdom citizen and Swiss resident, has not been served and no attorney had made an appearance for him. Plaintiff appears to contend that he served Mr. Standish by sending an email to the Yahoo email address used by the impersonators who defrauded plaintiff by pretending to be Mr. Standish.  California does not provide for service by email, and even if it did, such service could not have been effective as to the real Mr. Standish, a stranger to the Yahoo email address used by Plaintiff.

**6**

1  415.50.  (Doc. 8, Exhibit D.)  To overcome the ruling of the
2  Superior Court, Plaintiff made a third service on Defendant UBS
3  FS Bakersfield by certified mail to the physical address.
4      Defendant claims that it was not until February 5, 2007,
5  that CSC received copies of the summons and complaint via
6  certified mail.  (Doc. 8, Plaintiff's Motion to Void Removal,
7  Exhibit C, Annex 3.)  According to Defendants, they filed and
8  served their notice of removal on March 6, 2007, within 30 days
9  after the delivery of summons and complaint to CSC.
10     Plaintiff also served other branches of UBS AG.  Defendant
11 UBS FS Weehawken, New Jersey signed the return receipt with no
12 date of the certified mailing to it of the summons and amended
13 complaint on January 31, 2007.  Defendant UBS AG Manhattan signed
14 on February 2, 2007 the return receipt of the certified mailing
15 to it of the summons and amended complaint.
16     On March 6, 2007 Defendants filed a notice of removal to the
17 US District Court, Eastern District of California Fresno Division
18 from the Superior Court for Kern County and this case is now
19 pending before the US District Court.

### 4.   PLAINTIFF'S MOTION FOR REMAND

**A.   Standard of Review**

22     Section 1447(c) provides that "if at any time before final
23 judgment it appears that the district court lacks subject matter
24 jurisdiction, the case shall be remanded."  28 U.S.C. 1447(c);
25 *Briano v. Conseco Life Ins. Co.,* 126 F. Supp. 2d 1293, 1295 (C.D.
26 Cal 2000).  The subject matter jurisdiction of the district court
27 is not a waivable matter and may be raised at anytime by one of
28 the parties, by motion, or in the responsive pleadings.  *Id.*  A

**7**

defendant has the burden of establishing that removal was proper. *Arellano v. Home Depot U.S.A., Inc.,* 245 F. Supp. 2d 1102, 1105 (S.D. Cal 2003); *Duncan,* 76 F.3d at 1485. The removal statute is to be strictly construed against removal. *Abrego v. Dow Chem. Co.,* 443 F.3d 676, 685 (9th Cir. 2006). Federal jurisdiction must be rejected if there is any doubt as to the right or removal in the first instance. *Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir. 1996). Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case. *Santos v. People of Guam*, 436 F.3d 1051, 1053 (9th Cir. 2006).

**B. Timeliness of Removal**

A civil action filed in state court that might have been brought originally in federal court may be removed by "the defendant or defendants." 28 U.S.C. § 1441. Section 1441(b) provides a time limit for removal, providing that "the notice of removal... shall be filed within thirty days after the receipt by the defendant... of a copy of the initial pleading." 28 U.S.C. § 1447(b). Removal is affected by filing and serving the notice of removal. *see*, 28 U.S.C. § 1446.

Service upon a domestic or foreign corporation... that is subject to suit under a common name may be served: 1. pursuant to the law of the state in which the district court is located or of the state in which service is effected or 2. pursuant to federal law. Fed. R. Civ. P. 4(h).

Under the Federal Rules, a business entity may be served by delivering a copy of the summons and complaint to: 1. an officer;

**8**

2. a managing or general agent, 3. any other agent authorized by appointment or by law to receive service of process.  Fed. R. Civ. P. 4(h)(1).   Under California law a corporation may be served by delivering copies of the summons and complaint to

1. the president "or other head of the corporation," a vice-president, secretary or assistant secretary, a treasurer or assistant treasurer, general manager or other persons authorized by the corporation to receive service of process; or

2. the person designated by the corporation as its statutory agent for service; or

3. the Secretary of State.

Cal. Code Civ. P. § 416.10.

The term general manager of a corporation indicates one who has general direction and control of the business of the corporation as distinguished from one who has the management only of a particular branch of the business; he may do everything which the corporation could do in transaction of its business. *General Motors Corp. v. Superior Court,* 15 Cal. App. 3d 81, 86 (Cal. Ct. App. 1971); *see also, Gibble v. Car-Lene Research,* 67 Cal. App. 4th 295, 313 (Cal. Ct. App. 1998.)(A "general manager" includes any agent of the corporation of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made.)  Here, a local branch manager of one of hundreds of branch offices is not a general manager.

Plaintiff argues that Defendants notice of removal was untimely because it was filed beyond the 30 day period of time as required by 28 U.S.C. 1446(b).  "A sole defendant who fails to

**9**

remove within thirty days of service waives the right of removal." *Smith v. Mail Boxes Etc., Inc.*, 191 F.Supp. 2d 1155, 1158 (E.D. Cal. 2002). "The suit thus remains in state court or can be remanded if the removal violated the thirty day limit." *Id.*

### i. UBS FS, Bakersfield

Plaintiff claims that he delivered the summons and complaint to Defendant UBS FS Bakersfield on February 1, 2007 by personal delivery. Plaintiff argues that Defendant had until March 3, 2007 to remove the case. However, Plaintiff's service of UBS FS on February 1, 2007 was delivered to Ericsson who is the manager of the Bakersfield satellite office. Ericsson stated in a sworn affidavit that he has never been authorized to act as UBS AG's agent for any purposes including service of process. Plaintiff has failed to provide facts to show that Ericsson's duties as manager of the Bakersfield satellite office include having "general direction and control of the business of the corporation as distinguished from one who has the management only of a particular branch of the business." He is not a general manager.

Further, Plaintiff did not serve CSC, Defendants' in state agent, until February 5, 2007. Defendants's last day to file a notice of removal was February 7, 2007. Defendants filed the notice on February 6, 2007 within the 30 day period of 28 U.S.C. 1446(b).

### ii. UBS AG New York

Plaintiff also asserts that 1. UBS AG was served on February 1, 2007 when Plaintiff caused the summons and complaint to be served on the UBS FS branch manager, and 2. that UBS AG was

**10**

1  served on February 2, 2007 when its New York office received by
2  certified mail a copy of the summons and complaint.
3       First, the service on February 1, 2007 to UBS FS Bakersfield
4  and its office manager, Ericsson, was not sufficient under
5  California law.  It was not until the proper February 5, 2007
6  delivery of the summons and complaint to the designated agent,
7  CSC, that the 30 day clock began to run.  However, even if the
8  February 1 service was proper, it is well settled that "service
9  on a subsidiary does not constitute service on a parent
10 corporation even if the subsidiary is considered to be an alter-
11 ego of the parent corporation." *Graval v. P.T. Bakrie & Bros.*,
12 986 F. Supp. 1326, 1330 (C.D. Cal. 1996).  Plaintiff could not
13 have properly served UBS AG through his service of UBS FS.
14      Plaintiff mailed his service of process to UBS AG New York
15 on January 31, 2007.  Under Cal. Code. Civ. Proc. § 415.40
16 service is deemed complete ten days after mailing.  In this case,
17 service to UBS AG was complete on February 10, 2007.  UBS AG's
18 removal on March 6, 2007 was within the 30 day deadline.
19 Plaintiff's motion to remand is **DENIED**.

**C.   Diversity**

21      Plaintiff next argues that removal was improper because it
22 destroys diversity jurisdiction.  Jurisdiction in this case is
23 based exclusively on diversity of citizenship.  Original
24 diversity jurisdiction exists under 28 U.S.C. § 1332(a) when the
25 parties are of diverse citizenship and the amount in controversy
26 exceeds $75,000.[8]  A defendant may remove from state court any

---

[8] It is undisputed that the amount in controversy is $19

**11**

1 action "of which the district courts of the United States have
2 original jurisdiction." 28 U.S.C. § 1441(a). When an action is
3 removed based on diversity, complete diversity must exist at
4 removal. *Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d
5 769, 773 (9th Cir. 1986), *cert. denied,* 479 U.S. 987, 107 S. Ct.
6 580 (1986). Complete diversity requires each plaintiff to be a
7 citizen of a different state than each defendant. *Caterpillar
8 Inc. v. Lewis,* 519 U.S. 61, 68 (1996); *Morris v. Princess
9 Cruises, Inc.* 236 F.3d 1061, 1067 (9th Cir. 2001). Generally,
10 diversity is determined from the face of a complaint. *Gould*, 790
11 F.2d at 773.

12 Plaintiff is a resident of Bakersfield, California. UBS AG
13 is incorporated and has its principal place of business in
14 Switzerland. UBS FS is incorporated in Delaware and has its
15 principal place of business in Weehawken, New Jersey. (Doc. 11,
16 King Declaration.) UBS FS Bakersfield is not a separate
17 corporation. There is no such entity. UBS FS Bakersfield is one
18 of many satellite locations at which the Delaware/New Jersey
19 corporation UBS FS does business. Plaintiff's ignorance of the
20 law does not make it otherwise. Removal in this action did not
21 destroy diversity among the parties and was properly filed by
22 Defendants.

### 5. **DEFENDANT'S MOTION TO DISMISS**

**A. Standard of Review**

25 Fed. R. Civ. P. 12(b)(6) provides that a motion to dismiss
26 may be made if the plaintiff fails "to state a claim upon which

---

28 million.

**12**

relief can be granted." However, motions to dismiss under Fed. R. Civ. P. 12(b)(6) are disfavored and rarely granted. The question before the court is not whether the plaintiff will ultimately prevail; rather, it is whether the plaintiff could prove any set of facts in support of his claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Van Buskirk v. CNN, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (citations omitted).

In deciding whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *see also Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**B.   Plaintiff Fails to State a Claim for Fraud**

In California the elements of fraud are (1) a misrepresentation (false representation, concealment, or non disclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Robinson Helicopter Co., Inc. v. Dana Corp.,* 34 Cal. 4th 979, 980 (Cal. 2004). Rule 9(b) requires that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to

**13**

constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong. *Celado Int'l, Ltd. v. Walt Disney Co.,* 347 F. Supp. 2d 846, 855 (C.D. Cal. 2004); *see also Neubronner v. Milken,* 6 F.3d 666, 671 (9th Cir. 1993)(internal quotations omitted). A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations. *Neubronner,* 6 F.3d at 671. The complaint must specify such facts as the times, dates, places and other details of the alleged fraudulent activity. *Id.* It is established law, in the Ninth Circuit and elsewhere, that Fed. R. Civ. P. 9(b)'s particularity requirement applies to state-law causes of action. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) While a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstances of the fraud must be stated with particularity is a federally imposed rule. *Id.*

Plaintiff does not allege what specific conduct UBS FS engaged in that resulted in defrauding Plaintiff. Throughout his complaint Plaintiff makes general allegations that Defendants "falsely represent[ed] to Plaintiff by many promises that Defendants [would] electronically wire transfer the 19 million dollars at a Washington Mutual Bank, California... within 24 hours after confirmed payment of $51,000 which was in fact false based on the fact that after payment of the $51,000 on June 14, 2006, defendant failed to electronically wire transfer the 19 million..." (Doc. 1-2, Notice of Removal, Exhibit A, Complaint,

**14**

p. 18, Filed May 6, 2007.)

In his complaint Plaintiff specifically alleges that UBS AG and Clive Standish engaged in an email exchange with Plaintiff where they allegedly made misrepresentations promising Plaintiff $19 million after Plaintiff wired $51,000. (*Id.*, p. 24.) However, no where in his complaint does Plaintiff specifically allege that UBS FS sent any of the emails or otherwise had anything to do with Plaintiff in this dispute. In his complaint, Plaintiff joins UBS FS, Bakersfield as defendant for "doing business in behalf of or together with its parent corporation UBS AG." However, Plaintiff cannot allege claims against UBS FS merely by asserting that they were at the time of the accused conduct corporate, affiliates, and subsidiaries of UBS AG. *see TPS Utilicom Servs. v. AT&T Corp.*, 223 F. Supp. 2d 1089, 1103 (C.D. Cal. 2002).[9]

### B. Plaintiff Fails to State a Claim for Intentional Inflction of Emotional Distress.

Plaintiff's third cause of action is for intentional tort. Based on Plaintiff's allegations, the claim sounds like a claim for intentional infliction of emotional distress. The elements

---

[9] Plaintiff attempts to refute Defendants' argument by citing to *Volkswagenwerk Aktiengesellshaft v. Schlunk*, 486 U.S. 694 (1988). The *Volkswagenwerk* case involved an attempt to serve process on a foreign corporation by serving its domestic subsidiary that was deemed the foreign corporation's invluntary agent for service of process. *Id.* at 696. The issue was whether service of process to a foreign corporation's involuntary agent was compatible with the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters. *Id*. *Volkswagenwerk* does not address vicarious liability of a subsidiary for the acts of the principal and is therefore factually distinguishable from this case.

**15**

of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (Cal. 1993). Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community. *Id.* The defendant must have engaged in conduct intended to inflict injury or engaged in with the realization that injury will result. *Id.*

In his complaint, Plaintiff alleges that "Clive Standish, UBS AG Bank Head Office, and all the rest of the above captioned-named defendants were the legal (proximate) cause of damages..." (Doc. 1-2, Notice of Removal, Exhibit A, Complaint, p. 36, Filed May 6, 2007.) Plaintiff claims that he has suffered "sleepless nights, headaches, causing his blood pressure to rise, loss of appetite, mental anguish, mental or emotional distress, humiliation, and other psychological damage, whenever he thinks of this fraudulent case..." (*Id.*) While Plaintiff does alleged that the "above captioned-named" Defendants were the cause of his damages, Plaintiff does not allege any specific conduct on the part of UBS FS that caused such damages. Further, even if it were inferred from the complaint that Plaintiff is arguing UBS FS somehow engaged in material misrepresentations towards Plaintiff, he has failed to show how such conduct is so extreme or outrageous that it exceeds all bounds of conduct usually

**16**

tolerated in a civilized community.  Plaintiff has failed to state a claim against UBS FS for intentional infliction of emotional distress or any other intentional tort he alleges.

Defendants' motion to dismiss UBS FS from the complaint is **GRANTED WITH LEAVE TO AMEND.**

//

### 6. <u>PLAINTIFF'S MOTION TO STRIKE</u>

Along with his opposition to Defendants' motion to dismiss, Plaintiff files a motion to strike Defendants' answer and motion to dismiss.  Fed. R. Civ. P. 12(f) provides that "redundant, immaterial, impertinent, or scandalous matters" may be "stricken from any pleading."  Fed. R. Civ. P. 12(f).  "[O]nly pleadings are subject to motions to strike."  See *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  However, a "motion to strike" materials that are not part of the pleadings may be regarded as an "invitation" by the movant "to consider whether [proffered material] may properly be relied upon." *United States v. Crisp*, 190 F.R.D. 546, 551 (E.D. Cal. 1999) (quoting *Monroe v. Board of Educ.*, 65 F.R.D. 641, 645 (D. Conn. 1975).

Motions to strike are disfavored and infrequently granted. *See Pease & Curran Ref., Inc. v. Spectrolab, Inc.*, 744 F. Supp. 945, 947 (C.D. Cal. 1990), abrogated on other grounds by *Stanton Road Ass'n v. Lohrey Enters.*, 984 F.2d 1015 (9th Cir. 1993). "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.  *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)

**17**

(citation omitted).  Plaintiff makes the same arguments in his motion to strike as his motion for remand.  Plaintiff argues that Defendants' motion to dismiss and answer should be stricken because removal of the action is a denial of due process and free access to the courts.  This is nonsense.  Removal is a procedure enacted by the Congress of the United States for the preservation of federal jurisdiction 28 U.S.C. § 1441, et. seq.  Plaintiff also argues that there is "a lack of jurisdiction by the court." Plaintiff reasons that since the Court lacks authority, it cannot accept for filling Defendants' motion to dismiss and answer, and therefore should strike them out of the record.

This case has been properly removed based on diversity jurisdiction of the parties.  Plaintiff fails to provide any support in law or fact that warrants this court striking Defendants motion to dismiss or answer.

Plaintiff's motion to strike is **DENIED**.

### 7.   CONCLUSION

Plaintiff's motion for remand is **DENIED**.

Defendants' motion to dismiss UBS FS from the complaint is **GRANTED WITH LEAVE TO AMEND.**

Plaintiff's motion to strike is **DENIED**.

DATED: 6/8/2007                         /s/ Oliver W. Wanger
                                        United States District Judge
                                        Oliver W. Wanger