1

2

3

4

5

6           IN THE UNITED STATES DISTRICT COURT FOR THE

7                 EASTERN DISTRICT OF CALIFORNIA

8

9  CARL L. JIMENA,                )        No. CV-F-07-367 OWW/GSA
                                   )
10                                 )        ORDER DENYING PLAINTIFF'S
                                   )        REQUEST FOR RECONSIDERATION
11              Plaintiff,         )        BY DISTRICT COURT OF
                                   )        MAGISTRATE JUDGE'S RULING
12         vs.                     )        (Doc. 99) AND DENYING
                                   )        PLAINTIFF'S SECOND AMENDED
13                                 )        MOTION FOR ENTRY OF DEFAULT
   UBS AG BANK, INC., et al.,      )        AND DEFAULT JUDGMENT (Doc.
14                                 )        49)
                                   )
15              Defendant.         )
                                   )
16 _____)

17

18

19        On February 19, 2008, Plaintiff, *proceeding in pro per*,

20 timely filed a request for reconsideration by the District Court

21 of Magistrate Judge Austin's "Order Denying Plaintiff's Motion to

   Set for Hearing (Document 94)", filed on February 8, 2008.

22        A.   <u>BACKGROUND</u>.

23        The Notice of Removal was filed on March 6, 2007.

24 According to the Notice of Removal, Defendant UBS Financial

25 Services was served on February 5, 2007. UBS AG, assuming proper

26

1

service, was served by mail on January 31, 2006, making service by mail by complete on February 10, 2007 pursuant to California Civil Code § 415.40.  The action was removed to this Court on March 6, 2007.  Defendant UBS AG filed an Answer on March 13, 2007 (Doc. 5).  Plaintiff filed a motion to remand the action to the Kern County Superior Court on March 26, 2007, arguing that the removal was not timely and that the Court lacked subject matter jurisdiction.  Plaintiff's motion to remand was denied by Memorandum Decision and Order filed on June 8, 2007 (Doc. 18).  The June 8, 2007 Order also granted Defendants' motion to dismiss UBS FS from the Complaint with leave to amend.

On July 30, 2007, Plaintiff filed an "Ex-Parte Amended Motion for Default Under Oath", asserting that UBS AG is in default because its Answer was not timely filed as required by Rule 81(c), Federal Rules of Civil Procedure, noticing the motion for hearing before Magistrate Judge Goldner on August 6, 2007 (Doc. 43).  The Magistrate Judge vacated the August 6, 2007 hearing because Plaintiff had not complied with the notice requirements of Rule 78-230, Local Rules of Practice.  On August 20, 2007, Plaintiff filed the second amended motion for entry of default and default judgment, noticing the motion for hearing before Magistrate Judge Goldner on September 18, 2007 (Doc. 49).  By the second amended motion for entry of default and default judgment, which is comprised of 201 pages, Plaintiff seeks "an order to enter default and render default judgment on UBS AG, (Zurich, Switzerland Headquarters and Manhattan, New York

Branch)" ... on the ground that the named defendants failed to answer the complaint within the number of days required under Rule 81(c)."  In the Memorandum of Points and Authorities in support of this motion, Plaintiff also argues, even if UBS AG Answer was timely, it should be stricken because "UBS AG's defenses that Standard Trust Bank PLC never wired 19 million dollars to UBS AG and never received the 19 million dollars and that Plaintiff is dealing with an imposter are sham and false;" "UBS AG's acceptance of the payment order by placing the funds received in an account coded escrow created a special deposit with an obligation to deliver to beneficiary within 96 hours and failure to do so constitute [sic] constructive fraud which is aggravated by making numerous promises and failed to deliver [and is] aggravated by admitting all allegations of the First Cause of Action [and] Plaintiff is entitled to punitive damages of another 19 million dollars;" "Even without the application of the escrow laws of California, UBS AG, by its acceptance of the payment order is automatically obligated to execute the payment order;" "Even without applying the California Uniform Commercial Code, UBS AG by its acceptance of the payment order, is a consent to a contract to allow Standard Trust Bank's programming of automatically transferring the funds to Plaintiff's account at Washington Mutual Bank in California;" "UBS AG admitted all allegations of the First Cause of Action by relying on its affirmative defense that Plaintiff is dealing with an imposter;" "UBS AG is liable to refund the $76,000 paid for the non-existent

3

fee of anti-drug/terrorist clearance certificate based on constructive and actual fraud and under § 2338, California Civil Code with punitive damages and interest;" "Defendants are in estoppel to raise any kind of defense, affirmative defense or otherwise, to avoid payment of the 19 million dollars since Defendants admitted liability to pay or wire transfer the 19 million dollars;" "UBS AG is liable for humiliation resulting from fraud, services already rendered by Plaintiff and for lost profits;" "Plaintiff is entitled to interest as damages due to the presence of fraud;" "Plaintiff is entitled to punitive damages;" "All emails attached to Plaintiff's affidavit are admissible in evidence."

By Minute Order filed on August 27, 2007, Magistrate Judge Goldner vacated the hearing because of Plaintiff's pending appeal to the Ninth Circuit (Doc. 50). UBS AG filed an opposition to Plaintiff's second amended motion for entry of default and default judgment on October 19, 2007 (Doc. 64). Plaintiff's appeal to the Ninth Circuit was dismissed and by Minute Order filed On September 26, 2007, Plaintiff's second amended motion for entry of default and default judgment was set for hearing on November 5, 2007 before Magistrate Judge Goldner. By Order filed on October 25, 2007, Magistrate Goldner recused herself from this action and assigned the action to Magistrate Judge Austin. By minute order filed on October 26, 2007, Magistrate Judge Austin set the motion for hearing on November 16, 2007. The November 16, 2007 hearing was vacated by Order filed on November 9, 2007

because of Plaintiff's failure to timely file an Amended Complaint as required by Court order (Doc. 70).  On November 13, 2007, Plaintiff filed "Plaintiff's Request for Ruling on Offer of Evidence" (Doc. 76); an "Offer of Evidence With Annex 'A' Affidavit of Authentication" (Doc. 77); and "Plaintiff's Affidavit Autenticating [sic] His Exhibits, Annex 'A' to Offer of Evidence" (Doc. 78).[1]  On January 31, 2008, Plaintiff filed a motion to set for hearing "Doc. No. 80, 77, 78 and 49" (Doc. 94).  On January 31, 2008, Plaintiff filed a "Motion to Correct 'Offer of Evidence', Doc. No. 77" (Doc. 96).  On February 6, 2008, Plaintiff filed a "Motion to Correct Error on Plaintiff's Affidavit Authenticating His Exhibits, Annex 'A' to Offer of Evidence (Doc. 78)" (Doc. 97).

On February 8, 2008, Magistrate Judge Austin denied Plaintiff's motion to set "Doc. No. 80, 77, 78 and 49" for hearing, ruling in pertinent part:

> Pursuant to Federal Rule of Civil Procedure 55, an order of default judgment may be entered against a defendant who has been defaulted for not appearing.  In this instance, there has been no entry of default against Defendant UBS AG by the Clerk of the Court pursuant to Federal Rule of Civil Procedure 55(a).  Accordingly, Plaintiff's motion for default judgment is not appropriate for hearing at this time.

(Doc. 98).

B.   GOVERNING STANDARDS.

----

[1] Docs. 80 and 81 filed by Plaintiff on November 13, 2007 appear to be identical to Docs. 76, 77, and 78.

Rule 72-303, Local Rules of Practice, governs requests for reconsideration by the District Judge of a Magistrate Judge's ruling.  "No oral argument shall be allowed in the usual civil action unless the assigned Judge specifically calendars such argument, either on request of a party or <u>sua sponte</u>."  Rule 72-303(e).  The standard of review is the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A).

C.   <u>ANALYSIS</u>.

Plaintiff argues that the Magistrate Judge erred because entry of a default as a sanction is not governed by Rule 55, Federal Rules of Civil Procedure.  Plaintiff asserts: "If the basis for default is time limitation, in removed actions it is Rule 81(c), FRCP that applies.  However, Plaintiff is applying to the District Court for an order to enter a default on both UBS FS and UBS AG as a sanction."  Plaintiff asserts that he is applying for a default against UBS FS and UBS AG on the basis of three violations:

> a) failure to make initial disclosure of Annex 15 and 16 of the amended complaint (respectively remarked as Exhibit 15 and 16, plaintiff), (See Exhibit 73, Rule 26(1)(a) (first violation)
>
> b) filing an answer which lacks meritorious defense; (2nd violation)
>
> c) committing fraud, misrepresentation, misconduct as detailed in plaintiff's Doc. 93. (third violation).

Plaintiff's second amended motion for entry of default and default judgment, (Doc. 49), "an order to enter default and

render default judgment on UBS AG, (Zurich, Switzerland Headquarters and Manhattan, New York Branch)" ... on the ground that the named defendants failed to answer the complaint within the number of days required under Rule 81(c)" and on the ground that UBS AG's Answer raised non-meritorious defenses.  On October 19, 2007, UBS AG filed an opposition to this motion, addressing these grounds.  (Doc. 64).

Plaintiff did not assert that Defendant did not make an initial disclosure of Annex 15 and 16 of the amended complaint until November 13, 2007.  Plaintiff's assertion that UBS FS committed fraud, misrepresentation, and misconduct as detailed in Doc. 93, refers to arguments and assertions made by Plaintiff in his reply brief in support of Plaintiff's motion to set aside the order dismissing UBS FS and to enter a default against UBS FS filed on January 25, 2008 (Doc. 93).

These two assertions in support of the second motion for default judgment against UBS AG are procedurally improper.  The Court will not consider grounds for relief raised for the first time after the opposing party has filed an opposition.  Further, there is no basis for a default sanction or any sanction against UBS FS because it has been dismissed from and is no longer a party to this action.

With regard to Annex 15 and 16, Doc. 77 asserts:

> At the joint scheduling conference held on June 19, 2007, plaintiff demanded a copy of Exh. 16, since it originated from UBS AG, together with Exh. 15, the payment order subject of acceptance, and in return will

> give him a copy of plaintiff's exhibits by
> way of initial disclosure.  Atty. Jacob
> Kreilllkamp refused.  The exchange was a one
> way traffic.  Plaintiff therefore is
> compelled to use his own comply Exh. 15 and
> 16.

(Doc. 77, p.3)

There has been no scheduling conference in this action; no Scheduling Conference Order has issued.  This is because there is no operative complaint on file.  Plaintiff has not filed an Amended Complaint required by Court order.  Consequently, formal discovery has not commenced in this action.  Further, sanctions for failure to make disclosures or cooperate in discovery are governed by Rule 37, Federal Rules of Civil Procedure.  Rule 37(a)(2)(A) requires that the party seeking the nondisclosed discovery move to compel the production of the non-disclosed discovery.  Rule 37(b) permits sanctions against the party failing to comply with a court order compelling production of the discovery.  No motion to compel has been filed and no order concerning discovery has been issued.  No discovery sanctions can be issued.

Plaintiff's contention that the sanction of default should be entered against UBS AG because the Answer "lacks meritorious defense" is unsupported.  Plaintiff cites *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 244 (2nd Cir.1994).  That case does not support the sanction of default based on the defenses asserted by UBS AG in its Answer.  At issue in the Second Circuit decision was whether the granting of a default

1  judgment was an abuse of discretion.   Because the default was

2  willful and there was an absence of meritorious defenses, the

3  Second Circuit affirmed the district court.   Plaintiff also cites

4  *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912 (3rd

5  Cir.1992).   *Hoxworth* addressed whether the district court abused

6  its discretion in entering a default as a sanction because of the

7  defendants' repeated failures to comply with scheduling orders

8  and discovery.   One of the factors discussed by the district

9  court in the exercise of its discretion was the relative merit of

10  plaintiff's claims and the defendants' defenses.   980 F.2d at

11  922.   These cases do not stand for the proposition that a default

12  sanction can be imposed merely because it is argued that defenses

13  asserted in an Answer lack merit.

14      With regard to Plaintiff's contention is his second amended

15  motion for entry of default and default judgment against UBS AG

16  that because the Answer was not filed within the time limits set

17  forth in Rule 81(c), Federal Rules of Civil Procedure, after

18  review of the papers, this matter is suitable for decision

19  without oral argument.   Rule 78-230(h), Local Rules of Practice.

20      Rule 81(c) provides in pertinent part:

21          In a removed action in which the defendant
            has not answered, the defendant shall answer
22          or present the other defenses or objections
            available under these rules within 20 days
23          after the receipt through service or
            otherwise of a copy of the initial pleading
24          setting forth the claim for relief upon which
            the action or proceeding is based, or within
25          20 days after the service of summons upon
            such initial pleading, then filed, or within
26          five days after the filing of the petition

1        for removal, whichever period is longest.

2   The Notice of Removal was filed on March 6, 2007.   The Answer was

3   filed March 13, 2007.   Rule 6(a), Federal Rules of Civil

4   Procedure, provides:

5           In computing any period of time prescribed by
            these rules ..., the day of the act, event,
6           or default from which the designated period
            of time begins to run shall not be included.
7           The last day of the period so computed shall
            be included, unless it is a Saturday, a
8           Sunday, or a legal holiday ... in which event
            the period runs until the end of the next day
9           which is not one of the aforementioned days.
            When the period of time prescribed or allowed
10          is less than 11 days, intermediate Saturdays,
            Sundays, and legal holidays shall be excluded
11          in the computation.

12  Pursuant to the operation of Rule 6(a), the Answer filed on March

13  13, 2007 was timely filed under the requirements of Rule 81(c).

14                          <u>CONCLUSION</u>

15       For the reasons stated:

16       1.   Plaintiff's request for reconsideration by the District

17  Court of the Magistrate Judge's ruling is DENIED;

18       2.   Plaintiff's second amended motion for entry of default

19  and default judgment is DENIED WITH PREJUDICE AND SHALL NOT BE

20  REASSERTED.

21       3.   Plaintiff is advised that Rule 83-183(a), Local Rules of

22  Practice provides:

23          Any individual representing himself ...
            without an attorney is bound by the Federal
24          Rules of Civil ... Procedure and by these
            Local Rules.   All obligations imposed on
25          'counsel' by these Local Rules apply to
            individuals appearing <u>in propria persona</u>.
26          Failure to comply therewith may be ground for

> dismissal ... or any other sanction
> appropriate under these Rules.

**Plaintiff's repeated improper filings in this action, including his appeal to the Ninth Circuit, his failure to file the Amended Complaint as required by order, his premature attempts to obtain dispositive and/or evidentiary rulings even before a scheduling conference has been held and a Scheduling Order issued, and the raising of additional grounds for relief after a matter has been opposed, have caused serious confusion and delay in the prosecution of this action.  Rule 83-183(a) makes clear that Plaintiff's *pro per* status will not be viewed as an excuse for any further failures to comply with Court orders or the applicable rules.**

IT IS SO ORDERED.

**Dated:    February 27, 2008                    /s/ Oliver W. Wanger**
UNITED STATES DISTRICT JUDGE