1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT FOR THE

7                 EASTERN DISTRICT OF CALIFORNIA

8

9    CARL L. JIMENA,                    )        No. CV-F-07-367 OWW/GSA
                                        )
10                                      )        MEMORANDUM DECISION AND
                                        )        ORDER DENYING PLAINTIFF'S
11                    Plaintiff,        )        MOTION FOR RECONSIDERATION
                                        )        OF ORDER DENYING MOTION FOR
12           vs.                        )        RECONSIDERATION (Doc. 107)
                                        )
13                                      )
     UBS AG BANK, INC., et al.,         )
14                                      )
                                        )
15                    Defendant.        )
                                        )
16   _____)

17        On February 19, 2008, Plaintiff, proceeding *in pro per*,

18   filed a request for reconsideration by the District Court of

19   Magistrate Judge Austin's "Order Denying Plaintiff's Motion to

20   Set for Hearing (Document 94)", filed on February 8, 2008.

21        By Order filed on February 27, 2008, Plaintiff's request for

22   reconsideration was denied.  (Doc. 101; hereinafter referred to

23   as the February 27, 2008 Order).

24        On March 4, 2008, Plaintiff filed a motion for

25   reconsideration of the February 27, 2008 Order.

26        A.   Background.

                                    1

The Notice of Removal was filed on March 6, 2007. According to the Notice of Removal, Defendant UBS Financial Services was served on February 5, 2007. UBS AG, assuming proper service, was served by mail on January 31, 2006, making service by mail by complete on February 10, 2007 pursuant to California Civil Code § 415.40.   The action was removed to this Court on March 6, 2007.   Defendant UBS AG filed an Answer on March 13, 2007 (Doc. 5).   Plaintiff filed a motion to remand the action to the Kern County Superior Court on March 26, 2007, arguing that the removal was not timely and that the Court lacked subject matter jurisdiction.   Plaintiff's motion to remand was denied by Memorandum Decision and Order filed on June 8, 2007 (Doc. 18). The June 8, 2007 Order also granted Defendants' motion to dismiss UBS FS from the Complaint with leave to amend.

On July 30, 2007, Plaintiff filed an "Ex-Parte Amended Motion for Default Under Oath", asserting that UBS AG is in default because its Answer was not timely filed as required by Rule 81(c), Federal Rules of Civil Procedure, noticing the motion for hearing before Magistrate Judge Goldner on August 6, 2007 (Doc. 43).   The Magistrate Judge vacated the August 6, 2007 hearing because Plaintiff had not complied with the notice requirements of Rule 78-230, Local Rules of Practice.   On August 20, 2007, Plaintiff filed the second amended motion for entry of default and default judgment, noticing the motion for hearing before Magistrate Judge Goldner on September 18, 2007 (Doc. 49). By the second amended motion for entry of default and default

2

judgment, which is comprised of 201 pages, Plaintiff seeks "an order to enter default and render default judgment on UBS AG, (Zurich, Switzerland Headquarters and Manhattan, New York Branch)" ... on the ground that the named defendants failed to answer the complaint within the number of days required under Rule 81(c)."  In the Memorandum of Points and Authorities in support of this motion, Plaintiff also argues, addressing merits issues, that even if UBS AG Answer was timely, it should be stricken because "UBS AG's defenses that Standard Trust Bank PLC never wired 19 million dollars to UBS AG and never received the 19 million dollars and that Plaintiff is dealing with an imposter are sham and false;" "UBS AG's acceptance of the payment order by placing the funds received in an account coded escrow created a special deposit with an obligation to deliver to beneficiary within 96 hours and failure to do so constitute [sic] constructive fraud which is aggravated by making numerous promises and failed to deliver [and is] aggravated by admitting all allegations of the First Cause of Action [and] Plaintiff is entitled to punitive damages of another 19 million dollars;" "Even without the application of the escrow laws of California, UBS AG, by its acceptance of the payment order is automatically obligated to execute the payment order;" "Even without applying the California Uniform Commercial Code, UBS AG by its acceptance of the payment order, is a consent to a contract to allow Standard Trust Bank's programming of automatically transferring the funds to Plaintiff's account at Washington Mutual Bank in

California;" "UBS AG admitted all allegations of the First Cause of Action by relying on its affirmative defense that Plaintiff is dealing with an imposter;" "UBS AG is liable to refund the $76,000 paid for the non-existent fee of anti-drug/terrorist clearance certificate based on constructive and actual fraud and under § 2338, California Civil Code with punitive damages and interest;" "Defendants are in estoppel to raise any kind of defense, affirmative defense or otherwise, to avoid payment of the 19 million dollars since Defendants admitted liability to pay or wire transfer the 19 million dollars;" "UBS AG is liable for humiliation resulting from fraud, services already rendered by Plaintiff and for lost profits;" "Plaintiff is entitled to interest as damages due to the presence of fraud;" "Plaintiff is entitled to punitive damages;" "All emails attached to Plaintiff's affidavit are admissible in evidence."

By Minute Order filed on August 27, 2007, Magistrate Judge Goldner vacated the hearing because of Plaintiff's pending appeal to the Ninth Circuit (Doc. 50).  UBS AG filed an opposition to Plaintiff's second amended motion for entry of default and default judgment on October 19, 2007 (Doc. 64).  Plaintiff's appeal to the Ninth Circuit was dismissed and by Minute Order filed On September 26, 2007, Plaintiff's second amended motion for entry of default and default judgment was set for hearing on November 5, 2007 before Magistrate Judge Goldner.  By Order filed on October 25, 2007, Magistrate Goldner recused herself from this action and assigned the action to Magistrate Judge Austin.  By

minute order filed on October 26, 2007, Magistrate Judge Austin set the motion for hearing on November 16, 2007.  The November 16, 2007 hearing was vacated by Order filed on November 9, 2007 because of Plaintiff's failure to timely file an Amended Complaint as required by Court order (Doc. 70).  On November 13, 2007, Plaintiff filed "Plaintiff's Request for Ruling on Offer of Evidence" (Doc. 76); an "Offer of Evidence With Annex 'A' Affidavit of Authentication" (Doc. 77); and "Plaintiff's Affidavit Autenticating [sic] His Exhibits, Annex 'A' to Offer of Evidence" (Doc. 78).[1]  On January 31, 2008, Plaintiff filed a motion to set for hearing "Doc. No. 80, 77, 78 and 49" (Doc. 94). On January 31, 2008, Plaintiff filed a "Motion to Correct 'Offer of Evidence', Doc. No. 77" (Doc. 96).  On February 6, 2008, Plaintiff filed a "Motion to Correct Error on Plaintiff's Affidavit Authenticating His Exhibits, Annex 'A' to Offer of Evidence (Doc. 78)" (Doc. 97).

On February 8, 2008, Magistrate Judge Austin denied Plaintiff's motion to set "Doc. No. 80, 77, 78 and 49" for hearing, ruling in pertinent part:

> Pursuant to Federal Rule of Civil Procedure 55, an order of default judgment may be entered against a defendant who has been defaulted for not appearing.  In this instance, there has been no entry of default against Defendant UBS AG by the Clerk of the Court pursuant to Federal Rule of Civil Procedure 55(a).  Accordingly, Plaintiff's motion for default judgment is not

---

[1] Docs. 80 and 81 filed by Plaintiff on November 13, 2007 appear to be identical to Docs. 76, 77, and 78.

appropriate for hearing at this time.
(Doc. 98).

The February 27, 2008 Order noted that the standard of review by the District Court of a Magistrate Judge's ruling is the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A).  The February 27, 2008 Order ruled in pertinent part:

> Plaintiff argues that the Magistrate Judge erred because entry of a default as a sanction is not governed by Rule 55, Federal Rules of Civil Procedure.  Plaintiff asserts: "If the basis for default is time limitation, in removed actions it is Rule 81(c), FRCP that applies.  However, Plaintiff is applying to the District Court for an order to enter a default on both UBS FS and UBS AG as a sanction."  Plaintiff asserts that he is applying for a default against UBS FS and UBS AG on the basis of three violations:
>
> > a) failure to make initial disclosure of Annex 15 and 16 of the amended complaint (respectively remarked as Exhibit 15 and 16, plaintiff), (See Exhibit 73, Rule 26(1)(a) (first violation)
> >
> > b) filing an answer which lacks meritorious defense; (2nd violation)
> >
> > c) committing fraud, misrepresentation, misconduct as detailed in plaintiff's Doc. 93. (third violation).
>
> Plaintiff's second amended motion for entry of default and default judgment, (Doc. 49), "an order to enter default and render default judgment on UBS AG, (Zurich, Switzerland Headquarters and Manhattan, New York Branch)" ... on the ground that the named defendants failed to answer the complaint within the number of days required under Rule 81(c)" and

6

on the ground that UBS AG's Answer raised
non-meritorious defenses.  On October 19,
2007, UBS AG filed an opposition to this
motion, addressing these grounds.  (Doc. 64).

Plaintiff did not assert that Defendant did
not make an initial disclosure of Annex 15
and 16 of the amended complaint until
November 13, 2007.  Plaintiff's assertion
that UBS FS committed fraud,
misrepresentation, and misconduct as detailed
in Doc. 93, refers to arguments and
assertions made by Plaintiff in his reply
brief in support of Plaintiff's motion to set
aside the order dismissing UBS FS and to
enter a default against UBS FS filed on
January 25, 2008 (Doc. 93).

These two assertions in support of the second
motion for default judgment against UBS AG
are procedurally improper.  The Court will
not consider grounds for relief raised for
the first time after the opposing party has
filed an opposition.  Further, there is no
basis for a default sanction or any sanction
against UBS FS because it has been dismissed
from and is no longer a party to this action.

With regard to Annex 15 and 16, Doc. 77
asserts:

> At the joint scheduling conference
> held on June 19, 2007, plaintiff
> demanded a copy of Exh. 16, since
> it originated from UBS AG, together
> with Exh. 15, the payment order
> subject of acceptance, and in
> return will give him a copy of
> plaintiff's exhibits by way of
> initial disclosure.  Atty. Jacob
> Kreilllkamp refused.  The exchange
> was a one way traffic.  Plaintiff
> therefore is compelled to use his
> own comply Exh. 15 and 16.

(Doc. 77, p.3)

There has been no scheduling conference in
this action; no Scheduling Conference Order
has issued.  This is because there is no
operative complaint on file.  Plaintiff has

7

not filed an Amended Complaint required by
Court order.  Consequently, formal discovery
has not commenced in this action.  Further,
sanctions for failure to make disclosures or
cooperate in discovery are governed by Rule
37, Federal Rules of Civil Procedure.  Rule
37(a)(2)(A) requires that the party seeking
the nondisclosed discovery move to compel the
production of the non-disclosed discovery.
Rule 37(b) permits sanctions against the
party failing to comply with a court order
compelling production of the discovery.  No
motion to compel has been filed and no order
concerning discovery has been issued.  No
discovery sanctions can be issued.

Plaintiff's contention that the sanction of
default should be entered against UBS AG
because the Answer "lacks meritorious
defense" is unsupported.  Plaintiff cites
*Commercial Bank of Kuwait v. Rafidain Bank*,
15 F.3d 238, 244 (2nd Cir.1994).  That case
does not support the sanction of default
based on the defenses asserted by UBS AG in
its Answer.  At issue in the Second Circuit
decision was whether the granting of a
default judgment was an abuse of discretion.
Because the default was willful and there was
an absence of meritorious defenses, the
Second Circuit affirmed the district court.
Plaintiff also cites *Hoxworth v. Blinder,
Robinson & Co., Inc.*, 980 F.2d 912 (3rd
Cir.1992).  *Hoxworth* addressed whether the
district court abused its discretion in
entering a default as a sanction because of
the defendants' repeated failures to comply
with scheduling orders and discovery.  One of
the factors discussed by the district court
in the exercise of its discretion was the
relative merit of plaintiff's claims and the
defendants' defenses.  980 F.2d at 922.
These cases do not stand for the proposition
that a default sanction can be imposed merely
because it is argued that defenses asserted
in an Answer lack merit.

B.  <u>Governing Standard</u>.

Plaintiff seeks reconsideration of the February 27, 2008
Order pursuant to Rule 60(b)(3) and (b)(6), Federal Rules of

8

Civil Procedure.[2]

Plaintiff argues that the Court erred in denying reconsideration of the Magistrate Judge's Order when the Court ruled that it "will not consider grounds for relief raised for the first time after the opposing party has filed an opposition." Plaintiff contends:

> In plaintiff's reply to UBS FS opposition to set aside order dismissing UBS FS and to enter default on UBS FS (Doc. 93), plaintiff asserted the following at page 10, line 23-23 of Doc. 93:
>
> > UBS FS misrepresented the Joint Scheduling Report as 'notice' in making entry in the docket register, Docket No. 33 concealing the Joint Scheduling Report where plaintiff communicated to this Court that he will not amend his pleadings (amended complaint) thereby standing on the amended complaint. As a result, this Court failed to read the Joint Scheduling Report misleading this Court to issue a show cause order on the plaintiff and likewise misleading the 9th Circuit Court of Appeals in rendering a judgment that the order of this Court dismissing UBS FS from the amended complaint with leave to amend is an interlocutory order, not a final and appealable

---

[2] **Plaintiff appears to argue that the Court used an incorrect standard when resolving the initial request for reconsideration. Plaintiff repeatedly asserts "based on the standard used by the 9th Circuit Court ... in the *Latshaw* case that the correct law was not applied," the Court erred. *Latshaw v. Traine Wortham & Co., Inc.* 452 F.3d 1097 (9th Cir. 2006), involved the review of a denial of a motion for relief from judgment under Rule 60(b). The February 27, 2008 Order involved a request for reconsideration by the District Court of a Magistrate Judge's ruling. The February 27, 2008 Order correctly stated the standard of review as "clearly erroneous or contrary to law."**

1
2
3
4

> order.  Right or wrong, the order
> of the 9th Circuit Court of Appeals
> prevails that the dismissal order
> with leave to amend is not final,
> not appealable and therefore can be
> set aside by this Court on any
> reasonable ground .....

Plaintiff contends that the "aforequoted assertion constitutes 'fraud on the court'" and that this "misrepresentation, fraud, misconduct had its effect on the judicial process, seriously affects [sic] the integrity of the normal process of adjudication and had defiled this Court and the 9th Circuit Court."  Plaintiff argues that it was "error not to consider the fraud, misrepresentation and misconduct of the adverse party in this case or 'fraud on the court' after defendants filed their opposition because the issue of fraud on the court can even be raised long after the judgment or order was rendered."

Rule 60(b), Federal Rules of Civil Procedure, provides:

> On motion and upon such terms as are just,
> the court may relieve a party ... from a
> final judgment ... for the following reasons:
> ... (3) fraud (whether heretofore denominated
> intrinsic or extrinsic), misrepresentation,
> or other misconduct of an adverse party; ...
> (6) any other reason justifying relief from
> the operation of the judgment.  The motion
> shall be made within a reasonable time, and
> for reason[] ... (3), not more than one year
> after the judgment ... was entered ....

To prevail on a Rule 60(b)(3) motion, "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from

fully and fairly presenting the defense." *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir.), *cert. denied*, 531 U.S. 876 (2000). "The rule is aimed at judgments which were unfairly obtained, not at those which are factually incorrect. *In re M/V Peacock on Complaint of Edwards*, 809 F.2d 1403, 1405 (9th Cir.1987). Rule 60(b)(3) requires "that fraud be proven by clear and convincing evidence, not be discoverable by due diligence before or during the proceeding, and be materially related to the submitted issue." *Pacific & Arctic Ry. and Nav. Co. v. United Transp. Union,* 952 F.2d 1144, 1148 (9th Cir.1991). As explained in 12 Moore's Federal Practice, 3rd Ed., §
60.21[4][a]:

> 'Fraud on the court' is defined in terms of its effect on the judicial process, not in terms of the content of a particular misrepresentation or concealment. *Fraud on the court* must involve more than injury to a single litigant; it is limited to fraud that 'seriously' affects the integrity of the normal process of adjudication. Fraud on the court is limited to fraud that does, or at least attempts to, 'defile the court itself' or that is perpetrated by officers of the court 'so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases.'

"A motion brought under Rule 60(b)(6) must be based on grounds other than those listed in the preceding clauses ... Clause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.' In addition, the clause is reserved for "extraordinary circumstances.'" *Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9[th]

Cir.1986).

Plaintiff's contentions are baseless.  Docket No. 33 is captioned "NOTICE by UBS Ag Bank, Inc., Switzerland Headquarters" and includes Attachment #1.  Attachment #1 is a letter addressed to the Court accompanied by Defendant's Joint Scheduling Report and Plaintiff's Joint Scheduling Report.  The mischaracterization of a docket entry does not constitute "fraud on the court" within the meaning of that term.

First of all, Plaintiff makes no showing that the mischaracterization of the docket entry was anything but inadvertent..

Second, *Plaintiff* filed the Notice of Appeal to the Ninth Circuit from the Memorandum Decision and Order granting Defendants' motion to dismiss with leave to amend.  Plaintiff filed the Notice of Appeal on January 26, 2007 (Doc. 27), before Defendant filed the Joint Scheduling Reports in Docket No. 33 on July 6, 2007.  Plaintiff contends that the failure to describe Docket No. 33 as "Joint Scheduling Reports" constituted fraud on the court because:

> The word 'notice' is more associated with motions as for example, 'notice of a motion'. Hence, anybody reading the docket would pass it because the impression is that it s [sic] is a mere notice of a pleading.  Hence, this Court failed to read it and the 9th Circuit Court failed to read it.  The resulting prejudice or damage to plaintiff was a show cause order and appeal dismissal *sua sponte*. This is what UBS AG calls, did not defile the Court?  Was not in fact misleading?  Did not impair the judicial process?  This is how frivolous UBS AG's explanation is.

> What makes it difficult for a lawyer to enter
> in the docket register a 'Joint Scheduling
> Report' as 'Joint Scheduling Report'?  Is it
> because he does not know how to read?  Of
> course he can read.  This is just to show how
> frivolous UBS AG's explanation is.
>
> UBS AG would not admit any fault on the act
> it has done and therefore would put the blame
> on this Court and the 9th Circuit Court.  UBS
> AG's explanation would put the burden on this
> Court and the 9th Circuit to read every
> 'notice' because it may happen to be another
> type of document.  This is what UBS AG say
> [sic] it did not defile the Court, did not
> mislead the Court, did not impair the
> judicial process.

The mischaracterization of Docket 33 did not cause the Ninth Circuit to dismiss Plaintiff's appeal; the appeal was dismissed for lack of jurisdiction because dismissal of a complaint with leave to amend is not an appealable order.  The fact that Defendants' Joint Scheduling Report states, "Plaintiff has stated his intention not to amend his pleadings," would not have affected the Ninth Circuit's conclusion.  The Order that Plaintiff appealed to the Ninth Circuit is not appealable no matter what Plaintiff intended to do or not do after he filed the Notice of Appeal.  Further, nothing prevented Plaintiff from dismissing the appeal himself.

Plaintiff's assertion that the mischaracterization of Docket 33 caused this Court to issue the  Order to Show Cause on November 9, 2007 (Doc. 70), ordering Plaintiff to show cause why this action should not be dismissed for failure to file an Amended Complaint pursuant to Court Order, is also baseless. Plaintiff's premise is based on his belief that the Court would

have reviewed the Joint Scheduling Reports and known that Plaintiff did not intend to amend the Complaint.  The Court reviews Joint Scheduling Reports in preparation for the Scheduling Conference.  Because the Scheduling Conference had not been set, the Court had no reason to review these papers even if Docket 33 characterized the entry as "Joint Scheduling Reports," until the date for the hearing approached.  Further, the Complaint had been dismissed pursuant to Court Order; unless and until an amended complaint was filed, there was no operative pleading in the action and no reason to go forward with a scheduling conference.

Plaintiff, citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co,* 322 U.S. 238 (1944), argues that the Court erred by refusing to consider Plaintiff's assertions of fraud on the court because they were not raised until his reply brief.  The circumstances involved in *Hazel-Atlas Glass Co.* do not even remotely equate to Plaintiff's contentions of fraud on the court.  Whether to consider claims raised for the first time in a reply brief, even claims of fraud, is within the Court's discretion.  Plaintiff has not shown that the Court abused the exercise of discretion in the February 27, 2008 Order.

Plaintiff seeks reconsideration of the February 27, 2008 Order to the extent that it declined to impose a default judgment against Defendant as a sanction.

Plaintiff cites *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976).  There, the District

14

1  Court dismissed an antitrust action based on the hockey club's

2  failure to timely answer written interrogatories.  The Supreme

3  Court held that the record in the action established that, under

4  the circumstances, the district judge did not abuse his

5  discretion in finding bad faith on the part of the hockey club

6  for failing to timely answer interrogatories and in concluding

7  that the extreme sanction of dismiss was appropriate by reason of

8  the hockey club's flagrant bad faith and its counsel's callous

9  disregard of its responsibilities.  Relying on *National Hockey*

10 *League*, plaintiff argues that the three violations asserted by

11 Plaintiff and discussed by the Court in the February 27, 2008

12 Order, constitute proof that Defendant is conducting a frivolous

13 defense:

14         The first violation of failure to make
           initial disclosure, whether sanctioned as
15         prayed for by plaintiff or not sanctioned for
           any reason is still proof of 'conducting a
16         frivolous defense' as held in the above case
           of *National Hockey League* ..., which is still
17         sanctionable.  The second violation, filing
           an answer which lacks meritorious defenses
18         must be read in relation to the Joint
           Scheduling Report, Docket No. 33, where
19         defendants made more specific their
           affirmative defense that 'UBS AG contends
20         that 19 million was never wired to it by
           Standard Trust Bank PLC and that emails
21         plaintiff claims to have received were not
           from the real Clive Standish, CPO of UBS AG'
22         (at page 1, line 10-11 of Doc. 33, Joint
           Scheduling Report) and that UBS AG 'never
23         received such a transfer' (p. 1, line 24,
           Doc. 33, Joint Scheduling Report); and
24         'Defendants contend that if Plaintiff
           received emails from attributed [sic] to Mr.
25         Standish, they were sent by individuals
           impersonating Mr. Standish, and that Mr.
26         Standish had no contact with plaintiff prior

1
to commencement of the action.'  (p. 2, line
1-3, Doc. 33, Joint Scheduling Report)[.]
2
These particular allegations made more
specific defendants answer which were address
3
or discussed as sham and false in plaintiff's
AFFIDAVIT IN SUPPORT OF MOTION FOR ENTRY OF
4
DEFAULT AND DEFAULT JUDGMENT, attached to the
motion for entry of default and default
5
judgment (Doc. 49)[.] These particular quoted
defenses of the defendants are what plaintiff
6
asserts to be sham and false and they are
part of their answer and therefore lacks
7
meritorious defense.  The only objection of
defendants to plaintiff's motion for entry of
8
default and default judgment (Doc. 49) is
that the emails attached to plaintiff's
9
affidavit are inadmissible hearsay and
unauthenticated (page 3, line 28, Doc. 64).
10
To overcome the latter two objections
plaintiff filed 'Offer of Evidence' (Doc. 77)
11
detailing the admissibility of each of the
documents, and authenticated all the
12
documents (Doc. 78)[.] Plaintiff therefore is
entitled to a hearing to admit the evidence
13
objected to by defendants.

14
       Plaintiff's assertions merely re-hash arguments previously

15
considered and rejected by the Court for the reasons stated in

16
the February 27, 2008 Order.

17
       Plaintiff, in his reply brief in support of the instant

18
motion for reconsideration, now asserts that his "2nd amended

19
motion for entry of default and default judgment by the Court

20
(Doc. 49) is a motion to compel."  Plaintiff makes this assertion

21
in a belated attempt to argue that he complied with the rules of

22
discovery discussed in the February 27, 2008 Order.  Plaintiff

23
contends:

24
              Once this motion is set for hearing, UBS AG
              likewise has to produce his evidence on
25
              initial disclosure to counter plaintiff's
              initial disclosure.  Should UBS AG fail to
26
              produce any evidence by way of initial

> **disclosure, then the Court can sanction UBS AG with an entry of default for failing to come up with any evidence to counter plaintiff's documents on initial disclosure.**

Plaintiff's motion was not a motion to compel discovery. Further, as stated in the February 27, 2008 Order, there has been no scheduling conference as yet in this action and there is no operative complaint before the Court.  The Court will not exercise its discretion to impose a terminating sanction upon a Defendant under these circumstances.

Plaintiff seeks reconsideration of the ruling in the February 27, 2008 Order that "there is no basis for a default sanction or any sanction against UBS FS because it has been dismissed from and is no longer a party to this action." Plaintiff contends that this ruling "is *obiter dictum* and is not contained in the dispositive part of the order or judgment." Plaintiff notes that his "Motion to Set Aside Order Dismissing With Leave to Amend UBS FS and To Enter Default Against UBS FS", (Doc. 68), is pending.  Plaintiff insists that, because the Order dismissing UBS FS is not a final order, UBS FS remains a party to this action.

Plaintiff's position is legally incorrect.  Unless and until Plaintiff's "Motion to Set Aside Order Dismissing With Leave to Amend UBS FS and To Enter Default Against UBS FS", (Doc. 68), is resolved in Plaintiff's favor, UBS FS is not a party to this action.  There is no basis to impose the sanction of default judgment against UBS FS at this juncture.

17

In Plaintiff's rely brief, Plaintiff asserts:

> The order of the Court in Docket 101 [the February 27, 2008 Order] states that 'Plaintiff's second amended motion for entry of default and default judgment is DENIED WITH PREJUDICE AND SHALL NOT BE REASSERTED.' With due respect to this Court order, it is submitted that this is error because plaintiff is not permitted to reassert his contentions based on California laws found in plaintiff's motion Doc. No. 49. The complaint was drafted under California laws, the claims are under California laws, and hence, plaintiff's contentions in Doc. No. 49 are the core of plaintiff's claims under state law.  Plaintiff and defendants had agreed in the Joint Scheduling Report after they met and confer [sic] that California laws apply to this case ... Hence, the Court should implement that agreement of the parties in this case. Lastly plaintiffs 2nd amended motion for entry of default and default judgment was denied without notice and a hearing a violation of due process clause of the U.S. Constitution.

These assertions for reconsideration of the February 27, 2008 Order are disregarded.  First of all, they are raised for the first time in Plaintiff's reply brief.  Second, Plaintiff's reference to California law is unclear and provides no basis for reconsideration of the Court's ruling that the second amended motion for default and default judgment not be reasserted. Third, Plaintiff's contention that he was denied due process because no hearing was held is in error.  Oral argument on a law and motion matter is not necessary to satisfy due process. *See Toquero v. I.N.S.,* 956 F.2d 193, 196 n.4 (1992).

Finally, and again in his reply brief, Plaintiff requests, if this motion for reconsideration is denied, that "the order of

18

denial together with the order Doc. No. 101, the subject of

reconsideration, be certified for appeal which means that the

certification is to the effect that in the Court's opinion the

orders are appealable in view of the conflicts of opinion in this

case."

Plaintiff provides no authority for such certification.  28

U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil
> action an order not otherwise appealable
> under this section, shall be of the opinion
> that such order involves a controlling
> question of law as to which there is
> substantial ground for difference of opinion
> and that an immediate appeal from the order
> may materially advance the ultimate
> termination of the litigation, he shall so
> state in writing in such order.  The Court of
> Appeals which would have jurisdiction of an
> appeal of such action may thereupon, in its
> discretion, permit an appeal to be taken from
> such order, if application is made to it
> within ten days after the entry of the order;
> Provided, however, That application for an
> appeal hereunder shall not stay proceedings
> in the district court unless the district
> judge or the Court of Appeals or a judge
> thereof shall so order.

Section 1292(b) is to be used only in exceptional situations in

which allowing an interlocutory appeal would avoid protracted and

expensive litigation.  *United States Rubber Co. v. Wright,* 359

F.2d 784, 785 (9th Cir.1966).  Plaintiff must demonstrate that

(1) there is a controlling question of law; (2) that there are

substantial grounds for difference of opinion; and (3) that an

immediate appeal may materially advance the ultimate termination

of the litigation.  *In re Cement Antitrust Litigation,* 673 F.2d

1  1020, 1026 (9th Cir.1982).

2        Plaintiff has not made the required showing.  The rulings

3  complained of involve the exercise of District Court discretion

4  in addressing procedural under United States law; there is no

5  controlling question of law.  Further, "a substantial ground for

6  difference of opinion" requires more than disagreement with a

7  Court's ruling; the term refers to a legal standard applied in

8  the decision for which certification is sought and whether other

9  courts have substantially differed in applying that standard.

10 *See Harter v. GAF Corp.*, 150 F.R.D. 502, 518 (D.N.J.1993).

11        Rule 54(b), Federal Rules of Civil Procedure, provides:

12              When an action presents more than one claim
                for relief ... or when multiple parties are

13              involved, the court may direct entry of a
                final judgment as to one or more, but fewer

14              than all, claims or parties only if the court
                expressly determines that there is no just

15              reason for delay.  Otherwise, any order or
                other decision, however designated, that

16              adjudicates fewer than all the claims or the
                rights and liabilities of fewer than all the

17              parties does not end the action as to any of
                the claims or parties and may be revised at

18              any time before the entry of a judgment
                adjudicating all the claims and all the

19              parties' rights and liabilities.

20 In certifying an appeal pursuant to Rule 54(b), the district

21 court must first determine that it has rendered a "final

22 judgment," i.e., a judgment that is "'an ultimate disposition of

23 an individual claim entered in the course of a multiple claims

24 action.'"  *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S.

25 1, 7 (1980).

26        Plaintiff has not satisfied the requirements of Rule 54(b).

1    **There is no final judgment of any kind made in connection with**

2    **either order.[3]**

3          **For the reasons stated:**

4          **1.   Plaintiff's motion for reconsideration is DENIED;**

5          **2.   Plaintiff's request for certification of immediate**

6    **appeal is DENIED.**

7          IT IS SO ORDERED.

8    **Dated:    July 14, 2008**                      /s/ Oliver W. Wanger
                                                UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21    ─────────────────────

22    **        [3]In a pleading filed on June 18, 2008, (Doc. 120), Plaintiff
      requests that if the Court declines to certify the denial of this
      motion for reconsideration for immediate appeal, that the Court**

23    **include in the Order: "Plaintiff may proceed with his appeal if he
      wishes to do so."  Whether Plaintiff wishes to file an appeal is**

24    **entirely up to him; the Court can not even impliedly sanction such
      a proceeding for which no legal authority exists.  Plaintiff is**

25    **advised, however, that the continued filing of appeals of non-
      appealable orders may subject him to sanctions by the Court of**

26    **Appeals**