IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL L. JIMENA, <br><br> Plaintiff, <br><br> vs. <br><br> UBS AG BANK, INC., et al., <br><br> Defendant. | No. CV-F-07-367 OWW/GSA <br><br> MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR REMAND (Doc. 103) |

The Notice of Removal in this action asserted removal on the basis of diversity of citizenship:

> 4. Defendant UBS AG is and at all relevant times was a foreign corporation with its place of incorporation and its principal place of business in Switzerland. Defendant UBS Financial Services is and at all relevant times was a corporation with its place of incorporation in Delaware and its principal place of business in New York. Although Plaintiff's Complaint refers to 'UBS AG Bank, Inc., Zurich Switzerland Headquarter,' 'UBS AG Bank, Inc., Manhattan New York Branch,' 'UBS Financial Services, Inc., Bakersfield California Branch,' and 'UBS Financial Services, Inc., Weehawken New Jersey Branch,' these are branch office locations with no

1

>jural existence.  Accordingly, these entities can neither sue nor be sued.  For purposes of determining diversity, a corporation is deemed to be a citizen only of the place of its incorporation and its principal place of business, *not* of a state where it has a branch office.  *Wachovia Bank v. Schmidt*, 126 S.Ct. 941, 951 (2006).  Defendant Clive Standish is and at all relevant times was a citizen of the United Kingdom.  There is thus complete diversity among the parties to the case.  *See* 28 U.S.C. §§ 1332(a) and 1441(a).

After removal, Defendants filed a motion to dismiss the Complaint against Defendant UBS FS and Plaintiff filed a motion to declare removal void, deemed by the Court to be a motion to remand.  By Memorandum Decision and Order filed on June 6, 2007, the Complaint was dismissed as against UBS FS with leave to amend and Plaintiff's deemed motion to remand was denied. (Doc. 16). In denying the remand motion, the June 6, 2007 Order ruled in pertinent part:

>Plaintiff next argues that removal was improper because it destroys diversity jurisdiction.  Jurisdiction in this case is based exclusively on diversity of citizenship.  Original diversity jurisdiction exists under 28 U.S.C. § 1332(a) when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  A defendant may remove from state court any action 'of which the district courts of the United States have original jurisdiction.' 28 U.S.C. § 1441(a).  When an action is removed based on diversity, complete diversity must exist at removal.  *Gould v. Mutual Life Ins. Co. of New York,* 790 F.2d 769, 773 (9th Cir.1986), *cert. denied*, 479 U.S. 987 ... (1986).  Complete diversity requires each plaintiff to be a citizen of a different state from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir.2001).  Generally,

>           diversity is determined from the face of a
>           complaint.  *Gould, id.*, 790 F.2d at 773.
>
>           Plaintiff is a resident of Bakersfield,
>           California.  UBS AG is incorporated and has
>           its principal place of business in
>           Switzerland.  UBS FS is incorporated in
>           Delaware and has its principal place of
>           business in Weehawken, New Jersey.  (Doc. 11,
>           King Declaration.)  UBS FS Bakersfield is not
>           a separate corporation.  There is no such
>           entity.  UBS FS Bakersfield is one of many
>           satellite locations at which the Delaware/New
>           Jersey corporation UBS FS does business.
>           Plaintiff's ignorance of the law does not
>           make it otherwise.  Removal in this action
>           did not destroy diversity among the parties
>           and was properly filed by Defendants.

On June 14, 2008, Defendants lodged a proposed Order dismissing UBS FS and ordering Plaintiff to file an amended complaint within 15 days (Doc. 19).  On June 19, 2007, Plaintiff filed a Notice of Appeal to the Ninth Circuit, purporting to appeal the June 8, 2007 Memorandum Decision (Doc. 27).  On September 24, 2007, Plaintiff's appeal was dismissed by the Ninth Circuit for lack of appellate jurisdiction.  (Docs. 61-62).  On October 31, 2007, Plaintiff filed a "Motion to Set Aside Order Dismissing With Leave to Amend UBS FS and To Enter Default Against UBS FS", noticing the motion for hearing on December 3, 2007 (Doc. 68).

By Order filed on November 9, 2007, Plaintiff was ordered to appear on January 7, 2008 and show cause why this action should not be dismissed for Plaintiff's failure to file an amended complaint as required by the June 8, 2007 Memorandum Decision (Doc. 70).  Plaintiff filed a written response to this OSC, (Doc.

3

82), in which he asserted:

> Defendants in this case contended that UBS FS has no wrong doing. The Court found that UBS FS has no wrong doing. Plaintiff agrees with the Court that UBS FS committed no wrong doing. Plaintiff admits UBS FS committed no wrong doing. Plaintiff by agreeing and admitting that UBS FS committed no wrong doing means there are no facts of wrong doing by UBS FS that could be alleged in the complaint by way of amendment. The facts of any wrong doing by UBS FS are none-existent [sic] in this case. It is therefore impossible to amend the complaint against UBS FS when there are no facts of wrong doing to allege in the complaint against UBS FS by way of amendment.

Plaintiff's instant motion to remand is based on his contention, asserted in his reply brief in support of his "Motion to Set Aside Order Dismissing With Leave to Amend UBS FS and To Enter Default Against UBS FS", (Doc. 68), that UBS FS is an agent of UBS AG or an alter ego of UBS AG. Because of these assertions, Plaintiff contends, there is no diversity jurisdiction:

> Treating UBS AG and UBS FS as two separate corporations without application of agency or alter ego doctrines, there are two diverse citizenship [sic]. Now applying the alter ego doctrine, the citizenship of UBS AG is attributed to UBS FS, both has [sic] only one citizenship defeating or destroying diversity ... Applying the agency doctrine, UBS AG and UBS FS are treated as one corporation since their separateness is disregarded, destroying diversity.

Plaintiff's assertion that the theories of agency and alter ego, if allowed to proceed, destroy complete diversity in this action is without merit. For a case to qualify for federal

4

1 jurisdiction under 28 U.S.C. § 1332(a), there must be complete
2 diversity of citizenship between the parties opposed in interest.
3 *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir.2004), citing
4 *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435
5 (1806).  "Diversity jurisdiction under § 1332 requires complete
6 diversity of citizenship, each of the plaintiffs must be a
7 citizen of a different state than each of the defendants."
8 *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir.2004).
9 Even if assumed for argument purposes, without admitting, that
10 UBS FS may be liable for the actions or inactions of UBS AG on
11 either an agency theory or an alter ego theory, Plaintiff remains
12 a resident/citizen of California and all Defendants remain
13 residents/citizens of a state, states or countries other than
14 California.  Plaintiff's reliance on *Danjaq, S.A. v. Pathe*
15 *Communications Corporation,* 979 F.2d 772 (9th Cir.1992), *S & R*
16 *Davis Intern., Inc. v. The Republic of Yemen*, 218 F.3d 1292 (11th
17 Cir.2000), and *American Tel. & Tel. Co. v. Compagnie Bruxelles*
18 *Lambert*, 94 F.3d 586 (9th Cir.1996), does not alter this
19 conclusion.
20      Plaintiff's motion to remand is DENIED.
21      In his reply brief, Plaintiff requests that the "order
22 denying plaintiff's motion to remand be certified for appeal
23 which means that the certification is to the effect that in the
24 Court's opinion the order is appealable in view of the conflicts
25 of opinion in this case."
26      28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order; <u>Provided, however</u>, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Section 1292(b) is to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation.  *United States Rubber Co. v. Wright,* 359 F.2d 784, 785 (9th Cir.1966).  Plaintiff must demonstrate that (1) there is a controlling question of law; (2) that there are substantial grounds for difference of opinion; and (3) that an immediate appeal may materially advance the ultimate termination of the litigation.  *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir.1982).

Plaintiff has not made the required showing.  There is no controlling question of law.  Further, "a substantial ground for difference of opinion" requires more than disagreement with a Court's ruling; the term refers to a legal standard applied in the decision for which certification is sought and whether other courts have substantially differed in applying that standard.

*See Harter v. GAF Corp.*, 150 F.R.D. 502, 518 (D.N.J.1993).  Here, Plaintiff simply does not understand the law governing complete diversity of citizenship.

Rule 54(b), Federal Rules of Civil Procedure, provides:

> When an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In certifying an appeal pursuant to Rule 54(b), the district court must first determine that it has rendered a "final judgment," i.e., a judgment that is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'"  *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 7 (1980).

Plaintiff has not satisfied the requirements of Rule 54(b). There is no final judgment of any kind made in connection with the denial of a motion to remand.[1]

---

[1] In a pleading filed on June 18, 2008, (Doc. 120), Plaintiff requests that if the Court declines to certify the denial of the motion to remand for immediate appeal, that the Court include in the Order: "Plaintiff may proceed with his appeal if he wishes to do so."  Whether Plaintiff wishes to file an appeal is entirely up to him; the Court can not even impliedly sanction such a proceeding.  Plaintiff is advised, however, that the continued filing of appeals of non-appealable orders may subject him to

**Plaintiff's request for certification of immediate appeal is DENIED.**

IT IS SO ORDERED.

**Dated:   July 14, 2008**                                  **/s/ Oliver W. Wanger**
                                                         UNITED STATES DISTRICT JUDGE

---

**sanctions by the Court of Appeals.**