IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARL L. JIMENA, | ) | No. CV-F-07-367 OWW/GSA |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| | ) | ORDER DENYING PLAINTIFF'S |
| Plaintiff, | ) | MOTION FOR JURY TRIAL (Docs. |
| | ) | 28 & 130) |
| vs. | ) | |
| | ) | |
| UBS AG BANK, INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On June 25, 2007, Plaintiff filed a motion for jury trial in this action (Doc. 28). The motion, which was opposed by Defendant UBS AG Bank, Inc., was heard by Magistrate Judge Goldner on July 24, 2007. The parties were ordered to file supplemental briefs. Plaintiff's supplemental brief was filed on July 31, 2007 (Doc. 44); Defendant's supplemental brief was filed on August 10, 2007 (Doc. 47). Magistrate Judge Goldner heard further argument on the motion on August 23, 2007. By Minute Order filed on August 23, 2007, Plaintiff's motion was denied with Magistrate Judge Goldner to issue a written order (Doc. 48).

1  However, by Minute Order filed on August 27, 2007, Magistrate
2  Judge Goldner vacated her oral order denying Plaintiff's motion
3  because of a pending Ninth Circuit appeal and stated that "[n]o
4  further action will be taken thereon pending the appeal or a
5  further court order." (Doc. 50).  By Order filed on October 25,
6  2007, Magistrate Judge Goldner disqualified herself from further
7  proceedings in this action and transferred the action to
8  Magistrate Judge Austin.  (Doc. 65).  On July 21, 2008, Plaintiff
9  filed a motion for a ruling on his motion for a jury trial (Doc.
10 130).

   Plaintiff's motion for jury trial is DENIED.

   Plaintiff's Amended Complaint filed in the Kern County Superior Court on January 11, 2007, contains the caption "Trial by Judge."  The action was removed to this Court by Notice of Removal filed on March 6, 2007.  Defendants filed an Answer to the Amended Complaint on March 13, 2007.  Plaintiff's motion for jury trial was not filed until June 25, 2007.

   At the July 24, 2007 hearing, Magistrate Goldner ordered the parties to file supplemental briefs addressing what California law requires to preserve the right to jury trial and how Rule 81(c), Federal Rules of Civil Procedure, applies to this action.

   California Code of Civil Procedure § 631(d) provides in pertinent part:

>     A party waives trial by jury in any of the
>     following ways:
>
>     ...

2

>      **(2) By written consent filed with the clerk or the judge.**
>
>      ...
>
>      **(4) By failing to announce that a jury is required, at the time the cause is first set for trial, if it is set upon notice or stipulation, or within five days after notice of setting if it is set without notice or stipulation.**
>
>      ....

**Plaintiff's supplemental brief relies on Section 631(d)(4) and argues that he did not waive his right to jury trial because the action was never set for trial upon the trial calendar before the Kern County Superior Court.**

**Plaintiff's position is without merit. Plaintiff's Amended Complaint filed with the Kern County Superior Court expressly stated "Trial by Judge." Section 631(d)(2) provides that a right to jury trial is waived "[b]y written consent filed with the clerk or the judge." As Defendants argue, the statement on the caption of the Amended Complaint filed with the Clerk of the Kern County Superior Court, "Trial by Judge," cannot be read as other than Plaintiff's consent that the case be tried by a judge rather than a jury**

**Even if the explicit statement on the face of the Amended Complaint does not constitute a waiver of the right to a jury trial under Section 631(d)(2), Plaintiff's reliance on Section 631(d)(4) in contending that he "can still demand trial by jury under FRCP, Rule 81(c), since California law does not require the parties to make express demands in order to claim trial by jury**

3

until the case is first set upon trial calendar," is foreclosed *Lewis v. Time, Inc.*, 710 F.2d 549, 556 (9th Cir.1983). In *Lewis*, the Ninth Circuit ruled:

> Under F.R.Civ.P. 81(c), the federal 'rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal.' The rule further states in relevant part:
>
>> A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so ....
>
> Lewis did not request a jury trial before his case was removed from California state court. Under California law, a litigant waives trial by jury by, *inter alia*, failing to 'announce that one is required' when the trial is set. Cal.Civ.P. §§ 681, 681.01. (West 1982 Supp.) We understand that to mean that an 'express demand' is required. Therefore, F.R.Civ.P. 38(d), made applicable by Rule 81(c), required Lewis to file a demand 'not later than 10 days after the service of the last pleading directed to such issue [to be tried].' Failure to file within the time provided constituted a waiver of the right to trial by jury. Rule 38(d).
>
> Lewis did not request a jury trial until ... nine months after TIME filed its answer, the last pleading on the issue to be tried.

Plaintiff asserts that "[d]ue to the removal of this case, the circumstances had changed compelling ... plaintiff to demand a jury trial." Plaintiff contends that, as a result of the

4

removal, "trial without a jury had [sic] become unacceptable to the plaintiff so much so that plaintiff became uncomfortable without a jury" and that "Plaintiff is of the firm belief now that a jury trial is needed in this case." Plaintiff asserts that "[d]uring the meeting and conference held on July 19, 2007 at 10:00 am plaintiff and defendant had discussed plaintiff's demand for a jury trial and the defendant offered no objection."

Rule 38(b), Federal Rules of Civil Procedure, provides:

> Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury trial might have been demanded.

As explained in *Pacific Fisheries Corp. v. HIH Cas. & General Ins.*, 239 F.3d 1000, 1002 (9th Cir.), *cert. denied*, 534 U.S. 944 (2001):

> The district court, in its discretion, may order a jury trial on a motion by a party who has not filed a timely demand for one. F.R.Civ.P. 39(b). That discretion is narrow, however, and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence ....
>
> An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown.

However, when a party intentionally waives the right to a jury trial, he cannot meet the burden of demonstrating beyond mere inadvertence. *Paulissen v. U.S. Life Ins. Co. in City of New York,* 205 F.Supp.2d 1120, 1125 (C.D.Cal.2002). In *Sait Electronics, S.A. v. Schiebel*, 846 F.Supp. 17, 18 (S.D.N.Y.1994),

a motion for jury trial was denied because the plaintiff's failure to make a timely demand was not due to inadvertence, but to a deliberate decision followed by a change of mind.[1]

The record establishes that Plaintiff deliberately waived his right to jury trial when he filed the Amended Complaint in the Kern County Superior Court.  Plaintiff essentially admits that he changed his mind after the case was removed to this Court and various pretrial rulings made.  Plaintiff has not met his burden of demonstrating beyond mere inadvertence.

Plaintiff's assertion that Defendant posed no objection to a jury trial during a conference on June 19, 2007 is not supported by the record in this action.  The Joint Scheduling Report filed on July 6, 2007, (Doc. 33), states:

> *(9) A statement as to whether the case is a jury or non-jury case.*
>
> Plaintiff has filed a 'Motion to Demand Jury Trial."

Defendant filed an opposition to the motion for jury trial on July 8, 2007.

For the reasons stated, Plaintiff's motion for jury trial is **DENIED**.

///
///

---

[1] Defendants argue that Plaintiff waived the right to a jury trial by participating in pretrial proceedings in this action. Defendants cite *White v. McGinnis*, 903 F.2d 699 (9th Cir.1990). *McGinnis* does not support Defendants' argument.  *McGinnis* ruled that participation in a bench trial without objection constituted a waiver of the right to a jury trial.

IT IS SO ORDERED.

**Dated:   July 28, 2008**                             **/s/ Oliver W. Wanger**
                                                      UNITED STATES DISTRICT JUDGE