IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARL L. JIMENA, | ) | No. CV-F-07-367 OWW/GSA |
| | ) | |
| | ) | ORDER DEEMING PLAINTIFF'S |
| | ) | "OBJECTIONS AND |
| Plaintiff, | ) | MANIFESTATIONS" FILED ON |
| | ) | OCTOBER 27, 2009 (Doc. 168) |
| vs. | ) | TO BE MOTION FOR |
| | ) | RECONSIDERATION AND DENYING |
| | ) | DEEMED MOTION FOR |
| UBS AG BANK, INC., et al., | ) | RECONSIDERATION |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The "Memorandum Decision and Order Denying in Part and Granting in Part Plaintiff's Amended Motion to Admit Third Amended Complaint, Striking Allegations Against UBS FS, and Directing Clerk of Court to File Third Amended Complaint," ("October 6 Memorandum"; Doc. 155), was filed on October 6, 2009. The Court ruled:

> There is no issue in this case concerning personal jurisdiction as to UBS AG or UBS FS. The issue is whether Plaintiff has pleaded *facts* to hold UBS FS *liable* for the alleged actions of its parent, UBS AG based on alter-ego liability. Plaintiff pleads no such

1

facts. Plaintiff has had ample opportunity to comply with the June 6, 2007 Memorandum Decision and the July 15, 2008 Memorandum Decision. The Court DENIES WITHOUT PREJUDICE Plaintiff's motion to 'admit' the TAC to the extent that the TAC alleges alter ego, fraud or agency liability as to UBS FS for the alleged actions of UBS AG. To facilitate the prosecution of this action, the Court STRIKES the allegations in the proposed TAC regarding alter ego, fraud or agency liability as to UBS FS and otherwise allows Plaintiff to file the TAC.[1] No further motions for reconsideration will be entertained on the issue of amendment of Plaintiff's pleadings as against UBS FS unless Plaintiff can first show cause that he has facts that can be alleged against UBS FS as to its liability for the alleged actions of UBS AG.

[1] Only if facts are ascertained through discovery or otherwise by which Plaintiff can, in compliance with Rule 11, Federal Rules of Civil Procedure, and the time limits that will be established in the Scheduling Order, allege that UBS FS is the alter ego of UBS AG, may Plaintiff then move the Court for leave to amend. Amendment will not be permitted before then. Plaintiff shall, if any such motion is made, include a declaration under penalty of perjury of the basis for and the person(s) having knowledge of alter ego facts.

On October 27, 2009, Plaintiff filed "Objections and Manifestations," (Doc. 168), in which Plaintiff "objects from being barred to file a motion for reconsideration on the denial in part of the TAC particularly referring to striking out the fraud, agency and alter ego theories of imputed liability of UBS FS."

The Court deems Plaintiff's "Objections and Manifestations" to be a motion for reconsideration and DENIES the deemed motion for reconsideration.

"[T]his Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988). "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." *Kern-Tulare Water Dist., id.*. Pursuant to Rule 78-230(k)(3), Local Rules of Practice, the party seeking reconsideration has the duty to indicate "in an affidavit or brief, as appropriate," "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion,' and "why facts or circumstances were not shown at the time of the prior motion."

Plaintiff argues that the Court's analysis of the standards governing resolution of a motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, at 26:21-28:13, is incorrect because it does not take into account that Plaintiff is proceeding *in pro per*. Plaintiff cites *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007):

> Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the ... claim is and the grounds upon which it rests."'

3

>*Bell Atlantic Corp. v. Twombly* ... In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp*. ....

*Erickson* reiterated that "[a] document filed *pro se* is 'to be liberally construed,' ... and a '*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,' ...." *Id.* at 94. Plaintiff complains that the October 6 Memorandum subjects him to "stricter standards that a member of the bar."

Plaintiff is not entitled to reconsideration on this ground. The Court is aware that the pleadings of a *pro se* plaintiff are to be liberally construed. As recently stated by the Ninth Circuit in *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir.2009):

>[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.

Even a *pro per* plaintiff must satisfy this standard, liberally construing the pleading.

Plaintiff argues that the allegations of the Third Amended Complaint allege facts from which the alter ego liability of UBS FS for the alleged actions of it's parent, UBS AG: "1) use of the same attorney by UBS AG and UBS FS; 2) inadequate capitalization, UBS FS not only is inadequate but has zero capitalization because it is 100% owned by UBS AG 3) UBS FS is a marketing conduit of UBS AG." Plaintiff is not entitled to reconsideration on this

4

ground.  The October 6 Memorandum considered the allegations pertaining to alter ego liability of UBS FS for the alleged actions of UBS AG and found them insufficient.  Plaintiff's motion for reconsideration merely rehashes arguments already considered by the Court.

Plaintiff argues that the allegations of alter ego and agency liability at pages 16-19 of the Third Amended Complaint cannot be stricken because the jury will be deprived of "their right to see those facts," because the allegations "conform to the evidence," and because the "allegations are tied to other issues in this case."

Plaintiff is not entitled to reconsideration on this ground.  The allegations of alter ego and agency liability of UBS FS for the alleged actions of UBS AG do not suffice to state a claim on those theories against UBS FS and are therefore irrelevant and immaterial to Plaintiff's action against UBS AG.  If and when Plaintiff discovers any facts within the strictures of Fed. R. Civ. P. 11, he can seek to amend under Fed. R. Civ. P. 15.  He has unnecessarily and vexatiously delayed the progress of this action by his continuing refusal to accept any ruling of the Court.

For the reasons stated:

1.  Plaintiff's "Objections and Manifestations" is deemed to be a motion for reconsideration;

2.  Plaintiff's deemed motion for reconsideration is DENIED;

3.  The Court will not entertain any further motions for

5

**reconsideration of the adequacy of pleading alter ego or agency liability of UBS FS for the alleged actions of UBS AG.**

    IT IS SO ORDERED.

**Dated:**   **November 9, 2009**                   /s/ Oliver W. Wanger
                                               UNITED STATES DISTRICT JUDGE