1  CARL L. JIMENA
2  14774 Desert View Ave.
3  North Edwards, California 93523
4  Tel. 661-406-1616
5
6  Plaintiff, In Propia Persona
7
8
9              UNITED STATES DISTRICT COURT
10        EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION
11            2500 Tulare St., Room 1501, Fresno, CA 93721
12
13 CARL L. JIMENA
14         Plaintiff,                    Civil Case No. 07CV367
15 vs.                                   Place: Court Room 3
16                                       Hon. Oliver W. Wanger
17                                       Hearing Date: June 7, 2010
18                                       Time: 10:00 a.m.
19 UBS AG (BANK, INC., ZURICH,
20 SWITZERLAND HEADQUARTERS);            Plaintiff's request to Clerk to
21 et. al.,                              file and enter on docket regisster
22         Defendants.        ;          original proof of service of
23 x-----------------------------------x  subpoena to Yahoo, Inc.
24 The Clerk of Court
25 U.S. District Court
26 2500 Tulare St., Room 1501
27 Fresno, CA 93721
28     Attn: Deputy Clerk in charge of this case
29
30 Sir/Madam:
31     Please file and enter on the Docket Register the attached Original Proof of
32 Service of the Subpoena to Yahoo, Inc. to produce at the time, date and place therein,
33 electronically stored information out of the two email addresses of Clive Standish,
34 namely, clive_standish@yahoo.com, and customerservices@privateclientsubs.cjb.net
35 pursuant to Rule 45, FRCP. As stated in the proof of service of the subpoena, it was
36 served on April 14, 2010 to Yahoo, Inc. 701 First Avenue, Sunnyvalle, California,
37 94089, Tel. No. 866-562-7219. The electronically stored information to be produced
38 are stated on page two of the subpoena.
39
40 Very truly yours,
41 [signature]
42 CARL L. JIMENA, Plaintiff, Pro Se

1

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  07-CV-367

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   THE PRESIDENT, YAHOO, INC.

was received by me on *(date)*   04/13/2010 .

☑ I served the subpoena by delivering a copy to the named person as follows:

CHRIS TANAKA- AUTHORIZED TO RECEIVE ON BEHALF OF YAHOO, INC.

on *(date)*   04/14/2010   ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$   0.00 .

My fees are $   85.00   for travel and $   0.00   for services, for a total of $   85.00 .

I declare under penalty of perjury that this information is true.

Date:   04/15/2010

*Server's signature*

JOSEF FERREIRA
*Printed name and title*

**Hassle Free Process Service**
1160 Homestead Rd.
Santa Clara, CA 95050
(408) 379-4700
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

___

CARL L. JIMENA

_Plaintiff_

v.

UBS AG, ET. AL.

_Defendant_

Civil Action No. 07 CV 367

(If the action is pending in another district, state where: )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: THE PRESIDENT, YAHOO INC.
701 FIRST AVE., SUNNYVALE, CA 94089

☐ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: SEE ATTACHED PAGE 2

| Place: U.S. DISTRICT COURT CLERK OF COURT 2500 TULARE ST., ROOM-1501 FRESNO, CA 93721 | Date and Time: MAY 5, 2010 10:00 A.M. |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 3/31/10

CLERK OF COURT

_Signature of Clerk or Deputy Clerk_      OR      _Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_ CARL L. JIMENA, PLAINTIFF, PRO SE, 14774 DESERT VIEW AVE., NORTH EDWARDS, CA 93523 MINDORO123@YAHOO.COM, 661-406-1616 , who issues or requests this subpoena, are:

1.

1  ATTACH;MENT TO *"PRODUCTION"* ITEM OF "SUBPOENA TO PRODUCE
2  XXX [ELECTRONICALLY STORED] INFORMATION XXXX IN CIVIL
3  ACTION"
4
5       The electronically stored information is to be produced out of the two email
6  addresses of Clive Standish  namely, clive_standish@yahoo.com and
7  customerservices@privateclientsubs.cjb.net are as follows:
8       1. complete account information details from the time the two accounts were
9  opened until they were closed such as for example, name, address, birthdate, home
10 phone, work phone and other details identifying the account owner/user of the email
11 address.
12      2. all changes in the entries of the two email accounts from the time they were
13 opened until they were closed
14      3. authorized users of the two email accounts or email address from the time
15 opened until closed.
16      4. all exchanges of email messages on the two email address between Carl L.
17 Jimena and Clive Standish from the time opened unil closed.
18      5. identity of the computer used by Clive Standish in sending  emails, if
19 retrievable from Yahoo's system.
20      6. location of the computer of Clive Stansih from where messages are being
21 sent to Carl L. Jimena, if traceable by Yahoo in its system. This may require a
22 backward trace of the connecting computers on which Clive Standish outgoing mail
23 passes through..
24      Yahoo Inc. is to produce and submit its complete report in Microsoft Word
25 format in three [3] sets of CD-Rom, one seet at a minimum of one CD-Rom. The
26 three sets are intended for distribution to the Court with one set, to the plaintiff with
27 one set, to the defendants with one set.
28      As stated in Rule 45 of fthe Federal Rules of Civil Procedure, Yahoo Inc. need
29 not be present at the place, date  and time of production but instead may send by
30 Federal Express or U.S. Postal Service Express mail on or before the date, time and
31 place of production stated in this subpoena.
32      Inasmuch as it is not known how much is the cost of production of the
33 electronically stored information, Yahoo Inc. is requested to attach  in its report the
34 cost of production.
35      If you have any question, please call the Plaintiff, Carl L. Jimena at telephone
36 no. 661-406=1616.
37
38
39
40
41
42
43

2

Case 1:07-cv-00367-OWW-SKO   Document 201   Filed 04/28/10   Page 5 of 6

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1  CARL L. JIMENA
2  14774 Desert View Ave.
3  North Edwards, California 93523
4  Tel. 661-406-1616
5
6  Plaintiff, In Propia Persona
7
8
9  UNITED STATES DISTRICT COURT
10  EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION
11  2500 Tulare St., Room 1501, Fresno, CA 93721
12
13  CARL L. JIMENA
14      Plaintiff,                      Civil Case No. 07CV367

15  vs.                                     Place: Court Room 3
16                                         Hon. Oliver W. Wanger
17                                         Hearing Date: June 7, 2010
18
19  UBS AG (BANK, INC., ZURICH,       Time: 10:00 a.m.
20  SWITZERLAND HEADQUARTERS);
21  et. al.,                                 CERTIFICATE OF SERVICE
22      Defendants.             ;    BY MAIL
23  x------------------------------------------------x
24
25       I, Carl L. Jimena declare: I am not less than 18 years of age and a party to the
26  within case. My business address is 14774 Desert View Ave., North Edwards,
27  California. I served by First Class United States mail, postage pre-paid at California
28  City Post Office PLAINTIFF'S REQUEST TO CLERK TO FILE AND ENTER
29  ON DOCKET REGISTER ORIGINAL PROOF OF SERVICE OF SUBPOENA TO
30  YAHOO, INC., on April 27, 2010 and addressed to the defendant UBS AG's and
31  UBS FS attorney as follows:
32          Atty. Jacob S. Kreilkamp, Munger Tolles & Olson
33          355 South Grand Avenue, 35th Floor
34          Los Angeles, California 90071-1560
35      I declare under penalty of perjury under federal law that the foregoing is true
36  and correct.
37  Dated: April 27, 2001.
38                                                              */s/ Carl L. Jimena*
39                                                              Carl L. Jimena
40                                                              Plaintiff, Pro Se
41