1

2

3

4

5

6           IN THE UNITED STATES DISTRICT COURT FOR THE

7               EASTERN DISTRICT OF CALIFORNIA

8

9  CARL L. JIMENA,              )      No. CV-F-07-367 OWW/SKO
                                )
10                              )      MEMORANDUM DECISION AND
                                )      ORDER DENYING PLAINTIFF'S
11              Plaintiff,       )      MOTION TO ENTER DEFAULT
                                )      AGAINST UBS AG AND UBS FS
12         vs.                   )      (Doc. 170)
                                )
13                              )
   UBS AG BANK, et al.,          )
14                              )
                                )
15              Defendants.      )
                                )
16 _____)

17      Plaintiff Carl L. Jimena, proceeding *in pro per*, has filed a

18  motion to enter default against Defendants UBS AG and UBS FS.

19      As to UBS FS, Plaintiff asserts that he considers "UBS FS

20  still a pary [sic] to this case as a temporary nominal party,

21  since the Court stated that if after discovery, UBS FS is

22  justified to be an alter ego, agent or liable under fraud theory,

23  the complaint would then be amended."  Plaintiff "inquires from

24  the Court if it agrees that UBS FS is a temporary nominal party

25  in this case until after discovery" but if not, Plaintiff

26  "request [sic] that the parties be informed of the current status

                                1

of UBS FS."

     The Court is unaware of any authority providing for a "temporary nominal party" in federal court.  UBS FS is not a party to this action, *see* "Memorandum Decision and Order Denying in Part and Granting in Part Plaintiff's Amended Motion to Admit Third Amended Complaint, Striking Allegations Against UBS FS, and Directing Clerk of Court to file Third Amended Complaint" filed on October 6, 2009 (Doc. 155; "October 6, 2009 Memorandum").  A default cannot be entered against a non-party.

     At the hearing, Plaintiff asserted that UBS AG's Answer to the Third Amended Complaint establishes that UBS FS cannot be dismissed from this action because UBS AG's Answer changes the status of UBS FS.  UBS AG's Answer "denies that UBS AG is the 'parent company' of the three listed branches, as none of the branches are subsidiaries of UBS AG or corporations of any kind, but rather branch offices maintained by UBS AG or UBS Financial Services Inc. ('UBS FS')."  Because UBS AG had previously admitted that UBS FS is a subsidiary of UBS AG, Plaintiff contended that UBS FS is a proper party to this action.  This contention was raised for the first time at the hearing.  Arguments raised for the first time in a reply brief or at the hearing on a motion are disregarded as a general rule.  *See United States v. Bohn,* 956 F.2d 208, 209 (9th Cir.1992); *United States v. Boyce*, 148 F.Supp.2d 1069, 1085 (S.D.Cal.2001).  In any event, Plaintiff's belated contention does not mandate entry of default against UBS FS pursuant to Plaintiff's motion.  UBS FS

has been dismissed from this case.  Only if UBS FS is reinstated
as a defendant in this action by Court order upon motion *and*
fails to timely respond will a request for entry of default
against UBS FS be entertained.

Plaintiff's motion to enter default against UBS FS is
DENIED.

As to UBS AG, Plaintiff asserts that he "filed" the Third
Amended Complaint on June 19, 2009.  (Doc. 141).  However,
Plaintiff also filed on June 19, 2009 a "motion to admit the
Third Amended Complaint."  Consequently, the Third Amended
Complaint was not "filed" but "lodged" on the docket.  By Order
filed on June 19, 2009, Plaintiff was ordered to file a notice of
motion regarding his motion to admit the Third Amended Complaint,
setting the motion for hearing on the Court's civil motion
calendar as required by Rule 78-230(b), Local Rules of Practice
(now Rule 230, Local Rules of Practice).  (Doc. 142).  Plaintiff
filed the notice of motion on June 23, 2009, setting the motion
to admit the Third Amended Complaint for hearing on July 22,
2009.  (Doc. 145).  By minute order filed on June 26, 2009, the
hearing on Plaintiff's motion was continued to September 28,
2009.  (Doc. 147).  UBS AG timely filed an opposition to the
motion on September 11, 2009.  (Doc. 150).  The motion was heard
on September 28, 2009.  (Doc. 153).  The October 6, 2009
Memorandum was filed, (Doc. 154), directing the Clerk of the
Court to file the proposed Third Amended Complaint, after
striking the allegations in the proposed Third Amended Complaint

as to the alter ego, fraud and agency liability of UBS FS for the alleged actions of UBS AG.  The Order regarding the October 6, 2009 Memorandum was filed on October 15, 2009 and the Third Amended Complaint was filed on October 15, 2009.  (Docs. 159 & 160).  UBS AG filed an Answer to the Third Amended Complaint on October 27, 2009.  (Doc. 166).

In seeking a default against UBS AG, Plaintiff relies on Rule 15(a)(3), Federal Rules of Civil Procedure, as in effect before its amendment on December 1, 2009:[1]

> Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 10 days after service of the amended pleading, whichever is later.

Plaintiff argues that the filing by UBS AG of its opposition to Plaintiff's motion to admit the Third Amended Complaint does not toll the ten-day period set forth in Rule 15(a)(3).  Plaintiff relies on *General Mills, Inc. v. Kraft Foods Global, Inc.*, 495 F.3d 1378 (Fed.Cir.2007).[2]

In *General Mills*, General Mills brought an action against Kraft alleging infringement of its patent relating to rolled food products.  Kraft filed an answer and counterclaim, alleging that General Mills breached a settlement agreement by bringing suit.  General Mills replied to Kraft's counterclaim and Kraft moved for

---

[1]Effective December 1, 2009, Rule 15(a)(3) sets forth a 14-day period to respond to an amended pleading.

[2]Plaintiff's citation to this case is "2006-1569, - 1606, decided: July 31, 2007."

4

summary judgment.  General Mills then filed an amended complaint in which it reasserted the patent infringement claim from the original complaint and asserted a new breach of contract claim on the ground that Kraft breached the settlement agreement.  Kraft moved to dismiss both counts of the amended complaint.  Kraft never answered the amended complaint or reasserted its counterclaim.  The district court granted Kraft's motion to dismiss and dismissed General Mills' patent infringement claim. Exercising its discretion under 28 U.S.C. § 1367(c)(3), the district court then declined to exercise jurisdiction over General Mills' state-law contract claim and entered judgment for Kraft.  After entry of judgment, Kraft sought guidance by letter to the district court as to how to proceed with its counterclaim. The district court treated Kraft's letter as a motion to alter or amend the judgment and denied the deemed motion, ruling that because Kraft did not reassert its counterclaim in response to the amended complaint, no counterclaim was pending when the district court entered judgment.  In *General Mills, Inc. v. Kraft Foods Global, Inc.*, 487 F.3d 1368 (Fed.Cir.2007), the Federal Circuit addressed Kraft's contention that its counterclaim remained extant at least until the deadline for filing the amended answer, and that deadline had not yet passed when the district court entered judgment.  Kraft argued that Kraft's timely filing of a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, tolled the deadline for filing a responsive pleading until 10 days after the motion was ruled

upon.   487 F.3d at 1376.   The Federal Circuit ruled:

> The relevant tolling provision is found in Fed.R.Civ.P. 12(a)(4)(A).  Although neither party cites authority that construes Rule 12(a)(4)(A) - and we have found none ourselves - by the terms of that rule, the filing of a motion to dismiss does not extend the time for filing an answer to an amended complaint, at least in the circumstances here where the time for responding to the original complaint has already run.   Rule 12(a)(1)-(3) sets forth the deadlines for answering original complaints and cross-claims under various circumstances.   Rule 12(a)(4) then provides that '[u]nless a different time is fixed by court order, the service of a motion permitted under this rule [including a Rule 12(b)(6) motion to dismiss] alters *these periods of time*' so as to extend the deadline until a motion is ruled upon ... However, the time for answering an *amended complaint* is not one of 'these periods of time.'   Rather, the deadline for responding to an amended complaint is established separately under Rule 15: 'A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.' ....
>
> Thus, because no time 'remain[ed] for response to the original pleading' when General Mills filed its amended complaint, Kraft had only 10 days after service of the amended complaint - not 10 days after the district court's ruling on the motion to dismiss - to file an answer and counterclaim or take such other action as may have been permitted to protect its interests.   Because Kraft did not do so before its deadline had passed, the district court did not abuse its discretion in finding that Kraft had abandoned its counterclaim.

487 F.3d at 1376-1377.

     In the opinion relied upon by Plaintiff here, the Federal Circuit clarified its ruling:

Kraft argues in its petition for rehearing that our decision undermines the 'clearly expressed intent' of Rule 12 - to permit certain defenses, including failure to state a claim upon which relief can be granted, to be raised by motion instead of in a responsive pleading.  However, '[t]he Federal Rules should be given their plain meaning.' *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750 n.9 ... (1978).  Here, where the meaning of Rule 12 is unambiguous, we decline to ignore the text of the rule in service of a purported purpose.

As we previously explained, Rule 12(a)(4) by its express terms only alters 'these periods of time.' ..., where 'these periods' can only refer to the periods of time enumerated immediately before, in Rule 12(a)(1)-(3): 20 days after service of a summons and complaint (Rule 12(a)(1)(A)); 60 or 90 days after a request for waiver of process is sent (Rule 12(a)(1)(B)); 20 days after service of a cross-claim or counterclaim (Rule 12(a)(2)); and 60 days after service of a pleading on the United States or its agencies, officers, or employees (Rule 12(a)(3)).  The period of time to answer an amended complaint is not only missing from this list of affected periods, but it is, in the relevant circumstances, of a different length: '10 days after service of the amended pleading.' *See* Fed.R.Civ.P. 15(a).  The language of the rule is unambiguous: Rule 12(a)(4) does not extend the time for filing an answer to an amended complaint when 'the time remaining for response to the original pleading' has elapsed ....

Our holding is narrower that Kraft's petition suggests.  We did not and do not hold that the tolling provision of Rule 12(a)(4)(A) never applies to responses to amended pleadings.  This is because Rule 15(a), which sets the deadline for answering an amended pleading, has two prongs: 'A party shall plead in response to an amended pleading [(1)] within the time remaining for response to an amended pleading or [(2)] within 10 days after service of the amended pleading, *whichever period may be longer*.' ...

1                   Ordinarily, 'the time remaining for response
to the original pleading' will be defined by
2                   one of the periods of time enumerated in Rule
12(a) and tolled by Rule 12(a)(4)(A).  Thus,
3                   when there is 'time remaining for response to
the original pleading' - for example, when a
4                   plaintiff amends her complaint as a matter of
right before serving the defendant or before
5                   the defendant answers - the first prong of
Rule 15(a) (which refers to a deadline that
6                   is tolled by Rule 12(a)(4)(A)) becomes the
longer of the two prongs, and the extended
7                   deadline of Rule 12(a)(4) controls.

8   495 F.3d at 1379.

9         Relying on this Federal Circuit authority, Plaintiff

10  contends that UBS AG should have filed its Answer to the Third

11  Amended Complaint within 10 days from June 16, 2009, when UBS AG

12  was served with the Third Amended Complaint and that UBS AG's

13  failure to do so results in its default.

14        However, Plaintiff's motion to admit the Third Amended

15  Complaint prayed that "the attached Third Amended Complaint be

16  admitted on record upon receipt hereof."  In his motion to admit

17  the Third Amended Complaint, Plaintiff contended that he was in

18  full compliance with the Orders of the Court.  As UBS AG

19  contends, the Third Amended Complaint was not then an operative

20  pleading because the Court had not yet granted leave to Plaintiff

21  to file it.  When the Court directed the Clerk of the Court to

22  file the Third Amended Complaint on October 15, 2009, the ten-day

23  clock started to run and UBS AG's Answer was filed within that

24  ten-day period, excluding intervening Saturdays and Sundays

25  pursuant to Rule 6, Federal Rules of Civil Procedure.

26        Plaintiff replies that the Clerk of the Court did not comply

with Plaintiff's request in the motion to admit the Third Amended Complaint that the attached Third Amended Complaint be admitted on the record, but rather lodged the Third Amended Complaint. Plaintiff asserts that the lodging of the Third Amended Complaint by the Clerk was not in compliance with Local Rule 78-230(b), Local Rules of Practice (now Rule 230(b)):

> Motions defectively noticed shall be filed, but not set for hearing; the Clerk shall immediately notify the moving party of the defective notice and of the next available dates and times for proper notice, and the moving party shall file and serve a new notice of motion setting forth the proper time and date.

Plaintiff asserts that, pursuant to this local rule, the Clerk "has a duty to file the Third Amended Complaint, not merely lodged it" and, therefore, the Third Amended Complaint was operative as of June 15, 2009.

Plaintiff's position is without merit.  By Court Order, following the Local Rule, Plaintiff was advised that the motion to admit the Third Amended Complaint was defectively noticed and ordered to file a notice of motion setting it for hearing. Because the motion prayed that the Third Amended Complaint be "admitted," the Clerk could only lodge the proposed Third Amended Complaint pending a ruling by the Court on Plaintiff's motion.

Plaintiff further argues that he served a copy of the Third Amended Complaint on UBS AG on June 15, 2007, referring to Exhibit 1 to his motion for default.  Exhibit 1 is a certified receipt that Plaintiff mailed the "motion to admit 3rd Amended

1  Complaint with it attached" to UBS AG on June 15, 2009.  However,

2  until leave to "admit" the Third Amended Complaint was ordered by

3  the Court, the Third Amended Complaint was not served.

4      Furthermore, entry of default is governed by Rule 55,

5  Federal Rules of Civil Procedure.  Rule 55(a) provides:

6          When a party against whom a judgment for
           affirmative relief is sought has failed to
7          plead or otherwise defend, and that failure
           is shown by affidavit or otherwise, the clerk
8          must enter the party's default.

9  The fact that Rule 55(a) gives the clerk authority to enter a

10 default is not a limitation on the power of the court to do so.

11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d §

12 2682, p. 19.  Even if Plaintiff had established he is entitled to

13 entry of default against UBS AG, entry of default judgment

14 against UBS AG is governed by Rule 55(b)(2).  The Court may set

15 aside an entry of default for good cause, Rule 55(c), and has

16 discretion to decline to enter a default judgment.  Wright,

17 Miller & Kane, *id.*, § 2693.  Here, Plaintiff's inconsistent

18 positions, continued refusal to timely comply with Court Orders,

19 failure to comply with the Federal Rules of Civil Procedure and

20 the Local Rules of Practice, and taking appeals from non-

21 appealable orders caused or contributed to the present prolix

22 procedural posture of this action.  Plaintiff's erratic conduct

23 continues to delay the progress of this case.  Defaults and

24 default judgments are viewed with disfavor and UBS AG has

25 consistently opposed Plaintiff in this litigation.

26                          **CONCLUSION**

                              10

1    For the reasons stated, Plaintiff's motion to enter default

2    against UBS AG and UBS FS is DENIED.

3    IT IS SO ORDERED.

4    Dated:    June 9, 2010                    _____/s/ Oliver W. Wanger_____
                                               UNITED STATES DISTRICT JUDGE

11