IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL L. JIMENA, ) | No. CV-F-07-367 OWW/SKO |
| ) | |
| ) | MEMORANDUM DECISION AND |
| ) | ORDER DENYING PLAINTIFF'S |
| Plaintiff, ) | MOTION FOR RECONSIDERATION |
| ) | (Doc. 218) |
| vs. ) | |
| ) | |
| ) | |
| UBS AG BANK, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

On June 9, 2010, the Memorandum Decision and Order Denying Plaintiff's Motion to Enter Default Against UBS AG and UBS FS was filed.  (Doc. 214; June 9 Memorandum Decision).

On June 14, 2010, Plaintiff filed a motion for reconsideration of the June 9 Memorandum Decision.  (Doc. 218).

Because the June 9 Memorandum Decision is an interlocutory order, *see* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3914.5; *McGhee v. City of Los Angeles Department of Water and Power,* 1989 WL 61705 at *1 (9th Cir., June 6, 1989), discretion exists to reconsider.  *Kern-*

1

*Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal.1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir.1987), *cert. denied*, 486 U.S. 1015 (1988). "[T]his Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988). "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." *Kern-Tulare Water Dist., id.*. Pursuant to Rule 78-230(k)(3), Local Rules of Practice, the party seeking reconsideration has the duty to indicate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion,' and "why facts or circumstances were not shown at the time of the prior motion."

Plaintiff argues that he is entitled to reconsideration of denial of default against UBS AG, referring to the following discussion in the June 9 Memorandum Decision:

> Plaintiff further argues that he served a copy of the Third Amended Complaint on UBS AG on June 15, 2007, referring to Exhibit 1 to his motion for default. Exhibit 1 is a certified receipt that Plaintiff mailed the 'motion to admit 3rd Amended Complaint with it attached' to UBS AG on June 15, 2009. However, until leave to 'admit' the Third Amended Complaint was ordered by the Court,

1 the Third Amended Complaint was not served.

2 This is nothing new.  Plaintiff previously advanced this
3 contention.

4 Plaintiff contends that Exhibit 1 is not a certified receipt
5 that Plaintiff *mailed* the motion to admit the Third Amended
6 Complaint with the Third Amended Complaint attached to it;
7 rather, Exhibit 1 is a return receipt wherein UBS AG acknowledged
8 receipt of the motion to admit the Third Amended Complaint with
9 the Third Amended Complaint attached to it.  Plaintiff argues
10 that the Court's ruling that "until leave to 'admit' the Third
11 Amended Complaint was ordered by the Court, the Third Amended
12 Complaint was not served," is erroneous:

> The record will show that plaintiff made no
> service of the 3rd Amended Complaint after it
> was ordered by the Court on October 15, 2009
> but plaintiff relies on his service which was
> acknowledged received by UBS AG on June 15,
> 2009 ... Herein lies the error in the
> reasoning of the Court.  The word 'service'
> in Rule 15(a)(3) ... must be interpreted in
> its plain meaning.  It does not say the time
> for filing an answer is after filing is
> ordered by the Court.  The mistake of the
> defendants is they did not file their answer
> together with their opposition.  In
> defendants [sic] first motion to dismiss, it
> was filed at the same time with their answer.
> They should have done the same procedure in
> their answer to the amended complaint.

22 Here, Plaintiff filed a motion to "admit" the Third Amended
23 Complaint, that motion was argued and resolved on its merits.
24 Until that motion was resolved, UBS AG was not required to
25 respond to the Third Amended Complaint by filing an Answer.
26 Whether Plaintiff "served" the Third Amended Complaint on UBS AG

3

at the same time he served UBS AG with the motion to "admit" the Third Amended Complaint does not change this procedural background. Further, as the June 9 Memorandum Decision noted, even if Plaintiff were technically entitled to entry of default against UBS AG, the Court would have exercised its discretion and set aside that default by denying any motion for entry of default judgment.

Plaintiff moves for reconsideration of the denial of entry of default against UBS FS, asserting:

> [T]his Court already dismissed UBS FS, was appealed to the Court of Appeals, the issue of dismissal being already final was raised in the Supreme Court but not ruled upon. The current order of dismissal being a repetition of an order of dismissal previously made, is null and void.

The basis for Plaintiff's reconsideration is unclear. This Court has ruled that UBS FS was dismissed as a defendant in this action. Plaintiff's improper interlocutory appeal of that dismissal, rejected by the Ninth Circuit, does not change the fact that UBS FS is no longer a party to this action and, therefore, a default cannot be entered against it. Neither the Ninth Circuit nor the United States Supreme Court has ruled on the merits of the Court's dismissal of UBS FS, which means that the operative order of dismissal is the order issued by the District Court.

Plaintiff refers to UBS AG's Answer to the Third Amended Complaint wherein UBS AG "denies that UBS AG is the 'parent company' of the three listed branches, as none of the branches

4

are subsidiaries of UBS AG or corporations of any kind, but rather branch offices maintained by UBS AG or by UBS Financial Services Inc." Plaintiff asserts that "[i]t is very clear ... that the three listed branches are 'branch offices maintained by UBS AG' and therefore cannot be dismissed from this case because they are part of UBS AG" and "UBS AG will not maintain a branch that is not part of it." Plaintiff also refers to UBS AG's memorandum in support of its motion for summary judgment, (Doc. 188), and asserts that UBS AG "admitted Exhibit 3," when UBS AG argued:

> Plaintiff of course, knows what the real UBS web domain is, as he has attached numerous documents to his Complaint that are print-outs of pages from this actual UBS domain, ubs.com. *See* Original Complaint, Annexes 1-4.

Plaintiff contends: "In Exhibit 3, UBS AG admits UBS FS is its broker or agent, and therefore cannot be dismissed."

Plaintiff's argument concerning the effect of UBS AG's Answer to the Third Amended Complaint was not considered because it was raised for the first time at the hearing and cannot know form the basis for a motion for reconsideration. Further, as the June 9 Memorandum Decision ruled:

> Plaintiff's belated contention does not mandate entry of default against UBS FS pursuant to Plaintiff's motion. UBS FS has been dismissed from this case. Only if UBS FS is reinstated as a defendant in this action by Court order upon motion *and* fails to timely respond will a request for entry of default against UBS FS be entertained.

Plaintiff's lack of knowledge of the law and his persistent

**refusal to follow the rulings of the Court only continue to vexatiously multiply the proceedings in this case.**

<u>**CONCLUSION**</u>

**For the reasons stated, Plaintiff's motion for reconsideration is DENIED.**

IT IS SO ORDERED.

**Dated:   June 24, 2010**                               /s/ Oliver W. Wanger
                                                                  UNITED STATES DISTRICT JUDGE