SUSAN M. WALKER (State Bar. No. 130748)
FELIX T. WOO (State Bar No. 208107 -- *Admittance Pending*)
SONNENSCHEIN NATH & ROSENTHAL LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

Attorneys for Third Party
Yahoo! Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA,

FRESNO DIVISION

| | |
|---|---|
| CARL L. JIMENA,<br><br>            Plaintiff,<br><br>    v.<br><br>UBS AG (BANK, INC., ZURICH SWITZERLAND HEADQUARTERS); *et al.*,<br><br>            Defendants. | Case No. 07CV367<br><br>OPPOSITION TO MOTION TO COMPEL<br><br>The Honorable Oliver W. Wanger<br>Hearing Date: July 12, 2010<br>Time: 10:00 a.m. |

Yahoo! Inc. ("Yahoo!"), a non-party to this litigation, has been subpoenaed by the plaintiff, Mr. Carl L. Jimena, to produce certain customer records, including the contents of subscriber e-mail content associated with two e-mail addresses clive_standish@yahoo.com and customerservices@privateclientsubs.cjb.net.  As Yahoo! has informed Mr. Jimena on several occasions, Yahoo! conducted two thorough searches of its databases and did not find any records related to these alleged accounts.  Further, Mr. Jimena has not requested any other records.  Accordingly, Yahoo! believes that it has complied with Mr. Jimena's subpoena to the best of its ability.  Yahoo! cannot produce records that it does not have.

Additionally, even if Yahoo! was able to identify the above listed accounts, aside from other objections to jurisdiction and the legitimacy of process, it is prohibited from disclosing the requested contents of communications under the Stored Communications Act ("SCA").

Therefore, Yahoo! respectfully requests that Plaintiff's unfounded and unreasonable motion to compel be denied.

## FACTUAL BACKGROUND

On May 20, 2010, pro se plaintiff Carl L. Jimena served Yahoo! with a subpoena *duces tecum*. Mr. Jimena's subpoena demanded that Yahoo! produce electronically stored information related to two email addresses, clive_standish@yahoo.com and customerservices@privateclientsubs.cjb.net, including account information, usage logs, location data and email content. *See* Declaration of Mr. Doug Nolan ("Nolan Decl.") Ex. A. In response, Mr. Doug Nolan, a Yahoo! compliance paralegal sent a letter to Mr. Jimena on May 25, 2010, informing him that Yahoo! does not have any information pertaining to the Yahoo! subscriber IDs specified in the subpoena. *See* Nolan Decl., Ex. B. Additionally, Mr. Nolan explained that federal law, specifically the Stored Communications Act ("SCA") portion of the Electronic Communications Privacy Act, 18 U.S.C. § 2701, *et seq.*, prohibits a provider of electronic communication services such as Yahoo! from disclosing the contents of e-mail communications subject to very limited exceptions, none of which are applicable to his subpoena. *Id.*

Mr. Jimena then called Yahoo! on June 3, 2010, to inquire about the status of his subpoena. Nolan Decl. ¶ 9. Mr. Nolan again informed Mr. Jimena that Yahoo! had searched its systems and determined that Yahoo! did not have any record of the identified addresses. *Id.* However, Mr. Jimena was not satisfied by this response, and after berating Yahoo!'s employee he abruptly ended the phone call. *Id*.

Shortly thereafter on June 11, 2010, Yahoo! received a copy of Mr. Jimena's Motion to Compel in the mail. *Id*. at ¶ 10. After receiving this Motion, Yahoo! again searched its systems

and determined that no record of clive_standish@yahoo.com or customerservices@privateclientssubs.cjb.net exists, and attempted to contact Mr. Jimena by telephone. *Id.* at ¶ 11. Mr. Nolan was unable to reach Mr. Jimena directly, but he left him a voice message explaining that the Yahoo! subscriber IDs listed in his Motion to Compel are not valid accounts. *Id.* at ¶ 12. Mr. Jimena did not return Mr. Nolan's call. *Id.* at ¶ 14.

## I. ARGUMENT

### A. Yahoo! Does Not Have Any Records Pertaining to the Accounts Identified by Plaintiff

As Yahoo! has tried to explain to Mr. Jimena on numerous occasions, Yahoo! attempted to comply with his subpoena to this extent it was able. Yahoo! searched its databases and determined that the Yahoo IDs identified in the subpoena do not exist in its records. As such, even if this Court were to grant Mr. Jimena's motion, Yahoo! would not be able to produce any additional documents, but instead would only be able to perform the same fruitless search it has conducted twice before.

Accordingly, Yahoo! respectfully requests that the Court deny Mr. Jimena's motion to compel. Yahoo! has done its best to comply and to explain to Mr. Jimena that Yahoo! does not have any relevant information in its possession. Despite Mr. Jimena's assertion otherwise, there is no more that Yahoo! can do to respond.

### B. Even if the Accounts Existed, Under the SCA, a Civil Litigant, Such As Mr. Jimena, Cannot Obtain the Content of Communications Directly from an Electronic Communication Service Pursuant to a Subpoena *Duces Tecum* or a Court Order.

On its face, the SCA prohibits the disclosure of the e-mail content sought from Yahoo! in this matter. With regard to Internet providers, like Yahoo!, who offer e-mail and other communication services to the public, the SCA provides that:

> A person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage. . . .

-3-
Opposition to Motion to Compel

18 U.S.C. § 2702(a)(1).

The statute similarly prohibits the disclosure of the contents of stored files maintained on behalf of users, providing:

> [A] person or entity providing remote computing service to the public shall not knowingly divulge to any person or entity the contents of any communication which is carried or maintained on that service ─
>
> (A) on behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such service;
>
> (B) solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or computer processing.

18 U.S.C. § 2702(a)(2)-(a)(2)(B).

As a provider of these electronic communication and remote computing services to the public, the SCA regulates Yahoo!'s conduct and bars Yahoo! from divulging the contents of subscriber communications, in any form, pursuant to a subpoena. In *Theofel v. Farey-Jones*, 359 F.3d 1066 (9th Cir. 2004), the Ninth Circuit found a third-party internet service provider that provided a representative sample of communications in response to the defendant's civil subpoena, thereby violated the SCA and gave the defendant unauthorized access to communications in electronic storage.[1] *Id*. at 1074-75. *Theofel* is directly on point with this case, where Plaintiff has issued a subpoena *duces tecum* seeking an unlawful production of records. Consequently, Mr. Jimena cannot lawfully use a subpoena to compel Yahoo! to produce the content of stored communications.

---

[1] The Ninth Circuit has since affirmed and augmented *Theofel*'s holding regarding the status of stored electronic messages, holding that the text messages of subscribers to a stored communication service both qualify as "contents in electronic storage" under the SCA, and, moreover, that those subscribers have a "reasonable expectation of privacy" and thus a Fourth Amendment right "in their text messages stored on the service provider's network." *Quon v. Arch Wireless*, 529 F.3d 892, 902, 904 (9th Cir. 2008).

### C. No Exceptions to the SCA Allow Production of these Documents Pursuant to a Subpoena Duces Tecum Issued by a Civil Litigant.

The SCA provides eight exceptions to the bar on disclosure, but none are applicable to Mr. Jimena. In order, they are:

> (1) to an addressee or intended recipient of such communication or an agent of such addressee or intended recipient;
>
> (2) as otherwise authorized in section 2517, 2511(2)(a), or 2703 of this title;
>
> (3) with the lawful consent of the originator or an addressee or intended recipient of such communication, or the subscriber in the case of remote computing service;
>
> (4) to a person employed or authorized or whose facilities are used to forward such communication to its destination;
>
> (5) as may be necessarily incident to the rendition of the service or to the protection of the rights or property of the provider of that service;
>
> (6) to the National Center for Missing and Exploited Children, in connection with a report submitted thereto under section 2258A;
>
> (7) to a law enforcement agency . . . if the contents . . . were inadvertently obtained by the service provider and . . . appear to pertain to the commission of a crime; . . .
>
> (8) to a governmental entity, if the provider, in good faith, believes that an emergency involving danger of death or serious physical injury to any person requires disclosure without delay. . . .

*See* 18 U.S.C. § 2702(b)(1)-(8).

None of these exceptions provides a basis for the disclosure of contents of communications in response to a civil subpoena. In 2006, the Sixth District of the California Court of Appeal considered the applicability and exclusivity of the SCA exceptions. *O'Grady v. Super. Ct.*, 139 Cal. App. 4th 1423 (2006). The appellate court noted the SCA's lengthy list of exceptions and the canon of statutory construction known as *expresio unius exclusio alterius est*, "under which the enumeration of things to which a statute applies is presumed to exclude things not mentioned," the court concluded that the SCA contained no exception for civil discovery. *Id*. at 1442-47.

## II. CONCLUSION

For the foregoing reasons, Yahoo! respectfully requests that the Court deny Mr. Jimena's Motion to Compel, as it has searched its systems and the requested records do not exist.  Further, even if they did exist, the Stored Communications Act would prevent Yahoo! from providing the email content requested by Mr. Jimena.


Dated:  June 28, 2010                         SONNENSCHEIN NATH & ROSENTHAL LLP
                                              SUSAN M. WALKER
                                              FELIX T. WOO



                                              By:_____Susan M. Walker /s/_____
                                              Susan M. Walker

                                              Attorneys for Third Party
                                              Yahoo! Inc.