FELIX T. WOO (State Bar No. 208107)
SONNENSCHEIN NATH & ROSENTHAL LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

Attorneys for Third Party
Yahoo! Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA,

FRESNO DIVISION

| | |
|---|---|
| CARL L. JIMENA,<br><br>    Plaintiff,<br><br>  v.<br><br>UBS AG (BANK, INC., ZURICH SWITZERLAND HEADQUARTERS); *et al.*,<br><br>    Defendants. | Case No. 07CV367<br><br>**DECLARATION OF DOUG NOLAN**<br><br>The Honorable Oliver W. Wanger<br>Hearing Date: July 12, 2010 |

I, Doug Nolan under penalty of perjury, hereby declare and say:

  1.  I am over the age of nineteen (19) years and employed by Yahoo!, Inc. ("Yahoo!") as a compliance paralegal. I have worked for Yahoo! for over two and a half years. My duties include responding to legal process served on Yahoo! and testifying as a custodian of records.

  2.  Yahoo! received a Subpoena in this matter on May 20, 2010 from Carl L. Jimena ("Plaintiff"), seeking information related to two Yahoo! IDs, clive_standish@yahoo.com and *customerservices@privateclientsubs.cjb.net*.

3.    Attached hereto as Exhibit A, is a true and correct copy of the subpoena Yahoo! received from Plaintiff, Carl L. Jimena, on May 20, 2010.

4.    On May 25, 2010, I conducted a search of Yahoo!'s databases for records related to *clive_standish@yahoo.com, customerservices@privateclientsubs.cjb.net*, and *Clive Standish*.

5.    In reference to *clive_standish@yahoo.com,* Yahoo! has no records in its electronic user databases pertaining to this user.

6.    In reference to *customerservices@privateclientsubs.cjb.net,* Yahoo! has no records in its electronic user database pertaining to this user.

7.    In reference to *Clive Standish*, I was unable to find an associated Yahoo! ID with this name.

8.    Yahoo!'s systems generally and automatically delete records related to deactivated users and release the usernames for reuse by new users after the accounts have been deactivated for approximately 18 months, unless affirmative steps are taken to prevent this from occurring.  In this case, the two users whose information Plaintiff requested appear to have been deleted from Yahoo!'s computer systems.

9.    Attached hereto as Exhibit B, is a true and correct copy of the letter I sent to Mr. Jimena on May, 25, 2010, explaining that Yahoo! did not have any relevant records, and if there had been relevant records, Yahoo! would have been unable to produce the content of any communications.

10.    I received a phone call from Mr. Jimena on June 3, 2010, in which he inquired about the status of his subpoena.  During that phone call, I informed Mr. Jimena that Yahoo! had searched its systems and determined that Yahoo! did not have any record of the identified addresses.  Mr. Jimena was not satisfied with my answer, and he terminated the call after accusing me of "not being on his side" and "not being a neutral party."

11.    On June 11, 2010, I received a copy of Mr. Jimena's Motion to Compel.

Declaration of Doug Nolan

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

12.     After receiving Mr. Jimena's Motion, I again searched Yahoo's systems for any record of *clive_standish@yahoo.com* or *customerservices@privateclientssubs.cjb.net*, and confirmed that Yahoo! does not have any record of these email addresses.

13.     On June 15, 2010, I left a voicemail message for Mr. Jimena informing him that Yahoo! had complied with his subpoena to the extent possible and that regardless of the result of his Motion Yahoo! cannot produce any additional records because Yahoo! does not have any records associated with the email addresses identified in his motion.

14.     On June 22, 2010, I again left a message for Mr. Jimena regarding Yahoo!'s inability to comply with the subpoena.

15.     As of June 27, 2010, Mr. Jimena has not returned my phone call.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed this 28th day of June 2010:

Doug Nolan

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

# Exhibit A

RECEIVED MAY 20 2010

153531

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of California

CARL L. JIMENA )
*Plaintiff*

v.

UBS AG ET. AL. )
*Defendant*

Civil Action No. 1:07-cv-00367-OWW-SKO

1:07-cv-00367-OWW-SKO
CT OF

(If the action is pending in another district, state where: )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: THE PRESIDENT, YAHOO INC.
701 FIRST AVENUE, SUNNYVALE, CA 94089

☐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: SEE ATTACHED PAGE 2

| Place: U.S. DISTRICT COURT CLERK OF COURT 2500 TULARE ST. ROOM-1501 FRESNO CA 93721 | Date and Time: JUNE 4, 2010, 10:00 A.M. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 5/13/10

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* CARL L. JIMENA
PLAINTIFF, PRO SE, 14774 DESERT , who issues or requests this subpoena, are:
VIEW AVE., NORTH EDWARDS, CA 93523
MINOCR6123@YAHOO.COM, 661-406-1616

1

ATTACH;MENT TO *"PRODUCTION"* ITEM OF "SUBPOENA TO PRODUCE XXX [ELECTRONICALLY STORED] INFORMATION XXXX IN CIVIL ACTION" (which is page two of the subpoena)

The electronically stored information is to be produced out of the two email addresses of Clive Standish namely, clive_standish@yahoo.com and customerservices@privateclientsubs.cjb.net are as follows:

1. complete account information details from the time the two accounts were opened until they were closed such as for example, name, address, birthdate, home phone, work phone and other details identifying the account owner/user of the email address.

2. all changes in the entries of the two email accounts from the time they were opened until they were closed

3. authorized users of the two email accounts or email address from the time opened until closed.

4. all exchanges of email messages on the above two email address of Clive Standish, between Carl L. Jimena and Clive Standish from the time the same two email address was opened until closed.

5. all exchanges of email messages on the above two email address of Clive Standish, between Atty. Ademola Adeshina and Clive Standish concerning transferring 19 million dollars in which Carl L. Jimena is the beneficiary, from UBS AG to Rabo Bank, Purmerend, Netherlands.

6. all exchanges of email messages on the above two email address of Clive Standish, between Standard Trust Bank and Clive Standish concerning transfer of 19 million dollars from Standard Trust Bank to Carl L.Jimena or to Carl L. Jimena's account at Washington Mutual Bank located at California, USA. passing through UBS AG of Zurich, Switzerland.

7. all exchanges of email messages on the above two email address of Clive Standish, between the Financial Action Task Force (FATF) and Clive Standish concerning transfer of 19 million dollars from Standard Trust Bank to Carl L.Jimena or to Carl L. Jimena's account at Washington Mutual Bank located at California, USA. passing through UBS AG of Zurich, Switzerland.

8. identity of the computer used by Clive Standish in sending emails, if retrievable from Yahoo's system.

9. location of the computer of Clive Stansih from where messages are being sent to Carl L. Jimena, if traceable by Yahoo in its system. This may require a backward trace of the connecting computers on which Clive Standish outgoing mail passes through..

Yahoo Inc. is to produce and submit its complete report in Microsoft Word format in three [3] sets of CD-Rom, one set at a minimum of one CD-Rom. The three sets are intended for distribution to the Court with one set, to the plaintiff with one set, to the defendants with one set.

As stated in Rule 45 of the Federal Rules of Civil Procedure, Yahoo Inc. need not be present at the place, date and time of production but instead may send by Federal Express or U.S. Postal Service Express mail on or before the date, time and place of production stated in this subpoena.

Inasmuch as it is not known how much is the cost of production of the electronically stored information, Yahoo Inc. is requested to attach in its report the cost of production.

If you have any question affecting your compliance, please call the Plaintiff, Carl L. Jimena at telephone no. 661-406-1616.

2

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1   CARL L. JIMENA
2   14774 Desert View Ave.
3   North Edwards, California 93523
4   Tel. 661-406-1616
5
6   Plaintiff, In Propia Persona
7
8
9              UNITED STATES DISTRICT COURT
10       EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION
11           2500 Tulare St., Room 1501, Fresno, CA 93721
12
13  CARL L. JIMENA
14          Plaintiff,                    Civil Case No.  07CV367

15  vs.                                   Place: Court Room 3
16                                        Hon. Oliver W. Wanger
17                                        Hearing Date: June 7, 2010
18
19  UBS AG (BANK, INC., ZURICH,           Time: 10:00 a.m.
20  SWITZERLAND HEADQUARTERS);
21  et. al.,                              CERTIFICATE OF SERVICE
22          Defendants.          ;        BY MAIL
23  x-----------------------------------------------x
24
25       I, Carl L. Jimena declare: I am not less than 18 years of age and a party to the
26  within case. My business address is 14774 Desert View Ave., North Edwards,
27  California. I served the  by Express Mail No. *EH 8183 75 853* United States
28  Postal Service mail, postage pre-paid at California City Post Office Plaintiff's
29  NOTICE TO ATTY. JACOB S. KREILKAMP, ATTY. FOR DEFENDANTS THAT
30  A SECOND SUBPOENA WILL BE SERVED TO YAHOO, INC. , on May 19,
31  2010, and addressed to the defendant UBS AG's and UBS FS attorney as follows:
32          Atty. Jacob S. Kreilkamp, Munger Tolles & Olson
33          355 South Grand Avenue, 35th Floor
34          Los Angeles, California 90071-1560
35       I declare under penalty of perjury under federal law that the foregoing is true
36  and correct.
37       Dated: May 19, 2010
38
39                                        Carl L. Jimena
40                                        Plaintiff, Pro Se
41

5
(2)

RECEIVED

MAY 20 2010

YAHOO INC.

X

**Exhibit B**

# YAHOO!®

May 25, 2010

*Via U.S. Mail*

Mr. Carl L. Jimena, Pro Se
14774 Desert View Avenue
North Edwards, CA 93523

> **Re:**   ***Carl L. Jimena v. UBS AG, et al.***
> **<u>United States District Court for the Eastern District of California,</u>**
> **<u>Case No. 1:07-CV-00367-OWW-SKO</u>**
> (Internal Reference Number: 153531)

Dear Mr. Jimena:

Yahoo! Inc. ("Yahoo!") has received your Subpoena for documents dated May 13, 2010 issued in the above-referenced matter. As we understand it, you are seeking documents relating to the identities of Yahoo! subscribers.

Please be advised that upon receipt of a subpoena or other legal process, Yahoo! preserves the requested information and sends notice to the subscribers indicating that the subpoena was issued requesting information regarding their accounts. It is Yahoo!'s policy that if a subscriber objects to the production of the requested information by filing a Motion to Quash (or other legally proper objection) with the Court, Yahoo! will not produce any responsive documents until the Court has ruled on the Motion.

At this time, Yahoo! does not have any information pertaining to the following Yahoo! subscriber ID specified in the Subpoena: clive_standish@yahoo.com. Therefore no responsive documents can be produced for clive_standish@yahoo.com.

Additionally, at this time, Yahoo! does not have any information pertaining to the following account specified in the Subpoena: customerservices@privateclientsubs.cjb.net. Therefore no responsive documents can be produced for customerservices@privateclientsubs.cjb.net.

Furthermore, we were unable to connect the following name to a specific Yahoo! subscriber: Clive Standish. A Yahoo! subscriber ID is required in order to search our systems accurately. Therefore no responsive documents can be produced for Clive Standish.

Please note that if a subpoena request for e-mail contents is served on Yahoo! regarding a valid subscriber ID, that pursuant to the Stored Communications Act ("SCA"), 18 U.S.C. §2701, *et seq.*, Yahoo! is prohibited from disclosing the contents of electronic communications absent certain exceptions. 18 U.S.C. § 2702(b). As courts have repeatedly recognized, this statute has no exception for civil discovery. *See, e.g., O'Grady v. Superior Court*, 2006 Cal. App. LEXIS 802, *2-3 (Ct. App. Cal. May 26, 2006) (no SCA exception for disclosure of communications pursuant to civil discovery subpoenas); *In re: Subpoena Duces Tecum to AOL, LLC*, 550 F.Supp.2d 606, 609-612 (E.D. Va. 2008).

The primary exception under which disclosure is permitted is subscriber consent. Accordingly, if you seek to compel lawful disclosure from Yahoo!, we suggest you obtain the consent of the subscriber associated with the valid subscriber ID in question. 18 U.S.C. § 2702(b)(3). Upon receipt of your



confirmation that some or all of the subscribers identified in your request will consent to Yahoo!'s disclosure of the email or other content stored in their accounts, Yahoo! will provide you with copies of its Consent to Search and Account Verification ("CSAV") form, which requires a subscriber to (1) provide information as verified by Yahoo! to verify his or her identity as the account holder; (2) identify the individual(s) to whom Yahoo! should send the requested documents after they have been collected and; (3) define the scope of Yahoo!'s disclosure. Yahoo! will accept subscribers' disclosure scope restrictions when they are limited to a clearly identified date range, for example: "produce all emails in my account from June 15, 2007 through December 31, 2009." Yahoo! expressly reserves its right to object to document production requests that include scope limitations based on other criteria.

Please note that with regard to email content, Yahoo! only maintains and has access to the contents a subscriber retains in his or her email account.

Furthermore, be advised that Yahoo! cannot review email communications in the manner requested by your Subpoena. That request in the subpoena is vague, overly broad, and unduly burdensome to a third party. As a third party, Yahoo! should not be placed in the position of discerning which emails are relevant to the above-referenced litigation. Yahoo! cannot and will not make such judgments about the email communications of its subscribers. Moreover, doing so would subject Yahoo! to significant burden and expense, and Yahoo! is protected from such by Federal law. See Fed. R. Civ. P. 45(c)(2)(B).

Accordingly, even if you believe that one of the above-mentioned exceptions to the statutory general prohibition on Yahoo!'s disclosure of email contents does in fact apply in your case, Yahoo! is unable to comply with the email request in the Subpoena as drafted. If you believe that you will be able to obtain the consent of some or all of the account-holders for valid subscriber IDs for disclosure of their email account contents, we request that the parties come to an agreement about to whom Yahoo! should produce those email contents, and we request that you issue a new subpoena that does not contain the subject-matter restrictions present in the May 13th Subpoena.

Finally, please be advised that if you wish to amend the Subpoena to request other data, or if you believe one of the above-mentioned exceptions to the general statutory prohibition on Yahoo!'s disclosure of email contents does in fact apply in your case, jurisdiction of your subpoena was improper.

As you may know, Yahoo! is a resident of California and the vast majority of documents and information regarding its business is retrievable from its headquarters in Sunnyvale, California. Our understanding of Rule 45 of the Federal Rules of Civil Procedure is that a subpoena for production of documents should be issued from the court in the district where the production is to be made. As such, your subpoena should be issued from the U.S. District Court for the Northern District of California.

Finally, subpoenas must be served personally upon Yahoo! or sent by certified mail or express delivery to Yahoo! at 701 First Avenue, Sunnyvale, California, 94089, or upon a CT Corporation agent in California, to the attention of the Yahoo! Custodian of Records.

At this time, therefore, Yahoo! does not intend to produce any documents in response to the Subpoena.

By this letter, Yahoo! does not waive any objection to further proceedings in this matter.

Please contact me if you have any questions.

Sincerely,

Doug Nolan
Compliance Paralegal II
(T) (408) 349-7312
(F) (408) 349-7941

Cc:  Clerk of the Court (Via U.S. Mail)

**YAHOO!**

701 First Avenue • Sunnyvale, CA 94089   **yahoo.com**

Clerk of the Court
Case No. 1:07-CV-003367-OWW-SKO
United States District Court
2500 Tulare Street, Room 1501
Fresno, CA 93721