IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL L. JIMENA, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> UBS AG BANK, et al., ) <br> ) <br> ) <br> Defendants. ) <br> ) <br>_____ ) | No. CV-F-07-367 OWW/SKO <br><br> MEMORANDUM DECISION AND <br> ORDER DENYING PLAINTIFF'S <br> MOTION TO DISQUALIFY (Doc. <br> 219) |

On June 15, 2010, Plaintiff Carl L. Jimena, proceeding *in pro per*, filed a "Motion and Memorandum to Disqualify Judge Oliver W. Wanger," (Doc. 219), pursuant to 28 U.S.C. §§ 144 and 455(a) and (b)(1).[1]

Section 144 provides:

> Whenever a party to any proceeding in a

---

[1] Plaintiff noticed this motion for hearing before Chief Judge Ishii.  By Order filed on June 17, 2010, (Doc. 220), Judge Ishii denied the motion without prejudice on the ground that the motion should have been filed directly with Judge Wanger.  Thereafter, Plaintiff filed a request that Judge Wanger rule on the merits of the motion.  (Doc. 230).

1

        district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

        The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for the failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 455(a) provides in pertinent part:

    28 U.S.C. § 455 provides in pertinent part:

        (a) Any ... judge ... of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

        (b) He shall also disqualify himself in the following circumstances:

            (1) Where he has a personal bias or prejudice concerning a party ....

    Plaintiff asserts thirteen grounds in support of his motion to recuse:

        1.  Rejecting the decision of the California Supreme Court in *Johnson & Johnson v. Superior Court, (1985 38 Cal.3d 243, 250*, interpreting § 425.40 California Code of Civil Procedure that service of summons and complaint is complete on the date of mailing:

            [a] Service of the amended complaint by certified airmail on Jan. 31, 2007 to UBS FS, Weehauken, New Jersey Branch (proof of service, Doc. 8, Exh. C, Annex 3,) was complete on the date of

       mailing, not on the 10th day after mailing as held by the California Supreme Court in the case of *Johnson & Johnson v. Superior Court (1985) 38 Cal.3d 243, 250* which is binding on the District Court as held in the case of (*(Doe v. Otte, 248 F.3d 832, 839 (9th Cir. - 2001); West v. American Tel. & Tel. Co. 311 U.S. 233, 237 [1940]; Meier ex rel. Meier v. Sun Intern. Hotels, Ltd. 288 F.3d 1264, 1271 [11th Cir 2002)*] see Doc. 18, p.7, line 10-13;

   2. Rejecting the decision of the Superior Court of California that service on the P.O. Box of the summons and complaint on the alleged agent Corporation Service Company (CVS) was invalid. [Doc. 18, p.6, line 12-14, p. 7, line 1-3];

   3. Rejecting the application of the decision in *U.S. v. Toyota Motor Corp.*, infra, that the alter ego doctrine is satisfied by the 'marketing conduit' doctrine

       'Plaintiff cites *United States v. Toyota Motor Corp., 561 F.Supp. 354, 359 (C.D.Cal.1983)* as authority for imposition of alter ego liability on UBS FS for actions of UBS AG based on this assertion. Toyota Motor Corp. does not involve the issue of alter ego liability but, rather, in personum jurisdiction.' (Doc. 124, p. 11, line 15-20). The District Court was absolutely in error here. (See *Doe v. Unocal 248 F.3d 915, 926 (9th Cir.2001);*

   4. Ignoring the case of *FMC Financing Corp. v. Murphee*, infra, setting the elements to make a subsidiary liable for the fraud of the parent even assuming without admitting that UBS FS is a subsidiary advocated by defendanats [sic]. Plaintiff's position is UBS FS is an alter ego or agent. The District Court failed to rule on the liability of UBS FS on the basis of fraud of

3

the parent alone, disregarding alter ego and agency theory. This issue was raised in plaintiffs [sic] motion Doc. 68, as the first ground for liability of UBS FS amplified further in plaintiff's reply. Doc. 93. The point to be noticed is when plaintiff cites an authority applicable to his favor, Judge Wanger either ignores them, fails or refuse [sic] to apply them. Examples are the three cases cited above ... and more recently the case of *General Mills, Inc. v. Kraft Foods Global, Inc.,* 495F.3d [sic] 1378 (Fed.Cir.2007), the District Court failed to apply on the default of defendants in Doc. 214. Allegations of agency and alter ego are based on Exhibit 3. Striking out agency and alter ego allegations in the third amended complaint which Judge Wanger did over the objection of plaintiff is null and void because they are rooted in Exhibit 3. Unless defendants confirm that UBS FS Inc. is a branch of UBS AG, then the liability of UBS FS would be that of a branch or part of UBS AG. (Exhibit 3);

5. Denying all motions of the plaintiff from the beginning up to the present time, without any exception, demonstrating bias, prejudice, partiality against the plaintiff and in favor of the defendants;

6. Ignoring the fact that UBS FS is an agent defeating UBS AG motion to dismiss. (Exh. 3);

7. Advancing reasons in behalf of defendants that were never raised or advocated by defendants themselves, thereby acting as counsel for defendants. Example: (This falls under Sec. 455(a) ...)The [sic] mischaracterization of the Joint Scheduling Report was a mere inadvertence. (Doc. 125, p.12, line 9-11). Defendants never advanced this argument;

8. Ignoring the procedural safeguards of due process of law by refusing to grant a hearing of plaintiff's Doc. 49 together with Doc. 80, 77, 79, (Doc. 49, was denied without setting it for hearing, none could be shown on the record.);

4

      9. Ordering the appearance of the plaintiff on a show cause order when there is no cause the fault being on the District Court in not reviewing the Joint Scheduling Report (Doc. 33) before ordering the plaintiff to appear from his experience that amendment of the complaint is a subject of the meet and confer between the parties;

      10. Ignoring the agreement of plaintiff and defendants that California law applies to the substantive claims of plaintiff. (Doc. 49, denied by Doc. 101, p.10, line 18-20);

      11. Insulting plaintiff by calling him 'ignorant of the law' (Doc. 18, p.12, line 19-20) which is an unnecessary comment in resolving issues in this case and an inappropriate conduct of a Judge when he already knew at the time of removal that plaintiff is a senior citizen on social security income. This is personal bias, prejudice against the plaintiff that calls for the automatic disqualification of Judge Wanger under the ruling ... of United States v. Alabama, 828 F.3d at 1540. This is a matter on record.

      12. In Doc. 18, page 1, line 19 to 22, the Court said: 'Plaintiff claims to have been defrauded by individuals who sent him forged emails that falsely purported to come from an officer of Defendant UBS AG.' There is no evidence on record to support this statement but it suggest it came from 'extrajudicial source' *Liteky v. U.S.* 510 U.S. 540, 551 [1994] and Judge Wanger prejudged the case already

      13. The Court continued its partiality in Doc. 214 in refusing to apply Rule 15(a)(3), FRCP and the case of General Mills, Inc. v. Kraft Foods Global, Inc., 495 F.3d 1378 (Fed.Cir.2007).

    A threshold issue is whether Plaintiff can proceed with this motion pursuant to Section 144. Plaintiff's motion is not accompanied by "a certificate of counsel of record stating that

5

it is made in good faith" as required by Section 144. Some courts have concluded that an individual proceeding *in pro per* cannot proceed under Section 144. *See United States v. Bennett*, 2008 WL 2025074 at *2 (C.D.Cal., May 5, 2008)*; Williams v. New York City Housing Authority*, 287 F.Supp.2d 247, 249 (S.D.N.Y.2003); *Mills v. City of New Orleans*, 2002 WL 31478223 at *2-3 (E.D.La., Nov. 2, 2002); *Robinson v. Gregory*, 929 F.Supp. 334, 337-338 (S.D.Ind.1996);. Other courts have ruled that the affidavit of any counsel who is a member of the bar may sign the certificate of good faith. *See United States v. Pungitore,* 2003 WL 22657087 at *2 (E.D.Pa., Oct. 24, 2003); *Thompson v. Mottleman, Greenberg, Schmerelson, Weinroth & Miller*, 1995 WL 318793 at *1 (E.D.Pa., May 25, 1995). Here, because Plaintiff is *in pro per* and because his motion is not accompanied by a certificate of good faith executed by an attorney a member of the bar of this Court, Plaintiff cannot proceed pursuant to Section 144.

Section 455(a) covers circumstances that appear to create a conflict of interest, whether or not there is actual bias. *Herrington v. Sonoma County*, 834 F.2d 1488, 1502 (9th Cir. 1987). The standard for judging the appearance of partiality requiring recusal under Section 455(a) is an objective one and involves ascertaining "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Clemens v. U.S. Dist. Court for Central Dist. of Cal.,* 428 F.3d 1175, 1178 (9th Cir.2005); *United*

*States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983).  "'Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits.' ... The 'reasonable person' in this context means a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'" *Clemens, id.* In *Liteky v. United States*, 510 U.S. 540 (1994), the Supreme Court held that recusal under Section 455(a) is subject to the limitation of "extrajudicial source" applicable to Section 144. The Supreme Court further held:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion ... In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved.  Almost invariably, they are proper grounds for appeal, not for recusal.  Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of current proceedings, or of prior proceedings, do not constitute a basis for bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

510 U.S. at 555.  The Supreme Court further explained:

> [J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.  They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgments

>  impossible. As example of the latter (and perhaps the former as well) is the statement that was alleged to have been made by the District Judge in *Berger v. United States*, 255 U.S. 22 (1921), a World War I espionage case against German-American defendants: 'One must have a very judicial mind, indeed, not [to be] prejudiced against the German-Americans' because their 'hearts are reeking with disloyalty.' ... *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration - even a stern and short-tempered judge's ordinary efforts at courtroom administration - remain immune.

*Id*. at 555-556. In *United States v. Conforte*, 624 F.2d 869 (9th Cir.), *cert. denied*, 449 U.S. 1012 (1980), the Ninth Circuit held that a judge's views on legal issues may not serve as the basis for motions to disqualify. *Id.* at 882. In explaining the type of bias or animus that is required to compel the recusal of a judge, the Ninth Circuit held:

> It is an animus more active and deep-rooted than an attitude of disapproval toward certain persons because of their known conduct, unless the attitude is somehow related to a suspect or invidious motive such as racial bias or a dangerous link such as a financial interest, and only the slightest indication of the appearance or fact of bias or prejudice arising from those sources would be sufficient to disqualify.

*Id*. at 881. In *Clemens,* the Ninth Circuit adopted a nonexhaustive list of various matters not ordinarily sufficient to require a § 455(a) recusal:

>  (1) Rumor, speculation, beliefs, conclusions,

8

> innuendo, suspicion, opinion, and similar non-factual matters; (2) the mere fact that a judge has previously expressed an opinion on a point of law or has expressed a dedication to upholding the law or a determination to impose severe punishment within the limits of the law upon those found guilty of a particular offense; (3) prior rulings in the proceeding, or another proceeding, solely because they were adverse; (4) mere familiarity with the defendant(s), or the type of charge, or kind of defense presented; (5) baseless personal attacks on or suits against the judge by a party; (6) reporters' personal opinions or characterizations appearing in the media, media notoriety, and reports in the media purporting to be factual, such as quotes attributed to the judge or others, but which are in fact false or materially inaccurate or misleading; and (7) threats or other attempts to intimidate the judge.

*Clemens, id.* at 1178-1179. The Ninth Circuit has ruled that Section 455(b)(1) simply provides a specific example of a situation in which a judge's impartiality might reasonably be questioned pursuant to Section 455(a). *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir.1980). Because Plaintiff has not alleged grounds for recusal other than those relating to bias or prejudice, the standards applicable to recusal pursuant to Section 455(a) apply to Section 455(b)(1). *Id.*

Here, to the extent Plaintiff's motion is based on his disagreement with various rulings made in this case, rulings in the action are not a basis for recusal but rather, for appeal at the appropriate time.

Plaintiff's motion is based on the statement in the "Memorandum Decision and Order Denying Plaintiff's Motion for

9

Remand and Motion to Strike; Granting Defendants' Motion to Dismiss with Leave to Amend" filed on June 8, 2007, (Doc. 18; "June 8, 2007 Memorandum"):

> Plaintiff is a resident of Bakersfield, California.  UBS AG is incorporated and has its principal place of business in Switzerland.  UBS FS is incorporated in Delaware and has its principal place of business in Weehawken, New Jersey.  (Doc. 11, King Declaration.)  UBS FS Bakersfield is not a separate corporation.  There is no such entity.  UBS FS Bakersfield is one of many satellite locations at which the Delaware/New Jersey corporation UBS FS does business. Plaintiff's ignorance of the law does not make it otherwise.  Removal in this action did not destroy diversity among the parties and was properly filed by Defendants.

(Doc. 18, 12:12-22).  However, as the authorities cited above establish, this statement does not compel recusal.

Plaintiff's assertion that the statement in the June 8, 2007 Memorandum of background facts that "Plaintiff has apparently been defrauded in a variant on the 'Nigerian advance fee scam' by individuals who sent him forged emails that falsely purported to come from an officer of UBS AG in Zurich, Switzerland," is unsupported by any evidence in the record and therefore came from an extrajudicial source is without merit.  This statement was made in then Defendant UBS FS's memorandum of points and authorities in support of its motion to dismiss.  *See* Doc. 6, 3:4-6.  There is no extrajudicial source for this statement.  All other grounds relate to legal rulings by the Court.

For the reasons stated, Plaintiff's Motion to Disqualify Judge Oliver W. Wanger is DENIED.

10

IT IS SO ORDERED.

**Dated:   July 1, 2010**                              **/s/ Oliver W. Wanger**
                                                                       UNITED STATES DISTRICT JUDGE