GEORGE M. GARVEY (State Bar No. 089543)
JACOB S. KREILKAMP (State Bar No. 248210)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
*Jacob.Kreilkamp@mto.com*

Attorneys for Defendant
UBS AG

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| CARL L. JIMENA,<br><br>            Plaintiff,<br><br>    vs.<br><br>UBS AG BANK, INC., SWITZERLAND HEADQUARTERS; UBS AG BANK, INC., MANHATTAN, NEW YORK BRANCH; UBS FINANCIAL SERVICES, INC., BAKERSFIELD, CALIFORNIA BRANCH; AND UBS FINANCIAL SERVICES, INC., WEEHAWKEN, NEW JERSEY BRANCH; CLIVE STANDISH,<br><br>            Defendants. | CASE NO. 07-CV-00367-OWW-SKO<br><br>**UBS AG'S PORTIONS OF JOINT STATEMENTS FOR DISCOVERY MOTIONS (DOCKET NOS. 211 & 212)**<br><br>**Date: August 13, 2010<br>Time: 9:30 a.m.<br>Courtroom: The Honorable Sheila K. Oberto, Floor Six, Room 8, 2500 Tulare Street, Fresno, CA, 93721** |

1   Defendant UBS AG hereby submits its portions of the Joint Statements
2   for Plaintiff's Motion to Compel UBS AG To Give Its Consent For Yahoo! To
3   Disclose Clive Standish Two Email Addresses (Docket No. 211), attached hereto as
4   Exhibit 1, and for Plaintiff's Motion to Compel UBS AG For Production of Exhibit
5   15 & 16 (Docket No. 212), attached hereto as Exhibit 2.  Both of these motions are
6   set for hearing before Magistrate Judge Oberto on August 13, 2010.
7   Counsel for UBS AG forwarded these portions of the Joint Statements
8   to Plaintiff by his self-imposed deadline of Tuesday, August 3, 2010 (as detailed in
9   Plaintiff's portions of the Joint Statements), to include for filing, but Plaintiff then
10  informed counsel for UBS AG that Plaintiff had actually filed his portions of the
11  Joint Statements on August 2, 2010.

DATED:  August 3, 2010          MUNGER, TOLLES & OLSON LLP
                                GEORGE M. GARVEY
                                JACOB S. KREILKAMP


                                By:   /s/ Jacob S. Kreilkamp
                                      JACOB S. KREILKAMP

                                Attorneys for Defendant
                                UBS AG

11347444.1

# Exhibit 1

# Exhibit 1

UBS AG'S PORTION OF JOINT STATEMENT REGARDING PLAINTIFF'S MOTION TO COMPEL UBS AG TO GIVE CONSENT FOR YAHOO TO DISCLOSE YAHOO! EMAIL ADDRESSES (Docket No. 211)

1. Plaintiff has subpoenaed third-party Yahoo!, seeking information relating to two email addresses (only one of which is actually a Yahoo! address). Through this motion, Plaintiff seeks an order compelling Defendant UBS AG ("UBS") to "consent" to Yahoo producing documents responsive to this subpoena. UBS cannot be compelled to give such consent, but it further has no opposition to Yahoo! responding to the subpoena. Additionally, Yahoo! has already submitted pleadings in response to this motion, *see* Docket Nos. 226-231, indicating that it made a good faith effort to search for the information requested, and that it has no documents to produce.

**THE PARTIES' CONFERENCE**

2. UBS agrees with Plaintiff's summary of the parties' meet and confer conference on July 21, 2010.

**NATURE OF THE ACTION**

3. Plaintiff has apparently been defrauded in a variant on the notorious "Nigerian advance fee scam" by individuals who sent him crudely forged emails and other documents, some of which (falsely) purported to come from an officer of UBS in Zurich, Switzerland. For more than three years, Plaintiff has brought frivolous motion after frivolous motion, and even brought two improper appeals to the Ninth Circuit Court of Appeals, and sought a writ of mandamus from the United States Supreme Court. Indeed, Plaintiff has already brought no fewer than *six* motions for "default," and *five* motions for reconsideration of previously-denied motions – all of which have been denied as well. What Plaintiff has *not* done during that time is adduce any cognizable evidence to support his claims against UBS, a bank that Plaintiff falsely believes is in possession of an imaginary $19,000,000 windfall in his name. The only evidence in the record to support

Plaintiff's claims is a group of plainly inauthentic documents that he attached to his original complaint and subsequent filings, which he evidently received from the perpetrators of this common email fraud.  *See* Attachments to Complaint (Exhibit 1 to Defendants' Notice of Removal, filed March 6, 2007), and to Plaintiff's Second Amended Motion for Entry of Default, Docket No. 59.

4.   UBS AG's Motion for Summary Judgment is currently pending before the District Court, and a hearing is set for August 30, 2010.  In the meantime, Plaintiff has subpoenaed Yahoo!, because many of the emails he received from individuals purporting to be the Chief Financial Officer of UBS came from a Yahoo! email account (clive_standish@yahoo.com).  Plaintiff apparently seeks evidence to prove that these emails (along with emails from a separate address that is *not* a Yahoo! address, but which he apparently believes is associated with the Yahoo! address, customerservices@privateclientssubs.cjb.net) did, in fact, originate from UBS.[1]  Yahoo! has submitted pleadings in response to this motion as well, indicating that it performed searches and has no documents to produce.  *See* Docket Nos. 226-231.  Instead of bringing a motion to compel Yahoo! to produce documents or conduct additional searches, Plaintiff instead has filed the instant motion, seeking a court order "compelling" UBS to "give its consent" for Yahoo! to disclose information.

**UBS'S CONTENTIONS**

5.   UBS AG has no opposition to Yahoo! producing any documents in its possession or control that are responsive to Plaintiff's subpoena.

6.   UBS disputes Plaintiff's contention that UBS has "control" over either of the email accounts in question, or that it could be compelled to "give

---

[1] For further detail regarding the likely origins of this second email account, *see* UBS AG's Memorandum in Support of Motion for Summary Judgment at 6-7, Docket No. 188; Declaration of Jacob S. Kreilkamp in Support of UBS AG's Motion for Summary Judgment, Docket No. 188-3; and UBS AG's Reply in Support of Motion for Summary Judgment at 5-7, Docket No. 204.  In brief, like the Yahoo! account, it did not originate with UBS, and Plaintiff has produced no evidence to suggest otherwise.

consent" to the release of information regarding those accounts.  Plaintiff relies on the principle that a party can be compelled to produce "electronic communications stored by a non-party service provider" if that party has admittedly subscribed to electronic communication services with that non-party.  *See Flagg v. City of Detroit*, 252 F.R.D. 346, 352-363 (E.D. Mich. 2008).  Without stating a view as to substance of this out-of-jurisdiction holding, *Flagg* is factually distinguishable here, as *there is no evidence that UBS, or any of its officers, subscribed to the Yahoo! services at issue*.  Indeed, this is exactly the evidence that Plaintiff is fruitlessly seeking to obtain via the subpoena to Yahoo![2]

7. Notwithstanding the above contentions, and as previously stated, UBS has no opposition to Yahoo! producing whatever documents its searches revealed.  However, UBS neither has the authority to order Yahoo! to conduct any additional expensive forensic searches, nor believes that such searches would be helpful here (or warrant the necessary time and expense).

8. UBS also notes that Plaintiff's portion of the Joint Statement sets forth numerous arguments that go well beyond the scope of the instant motion, which concerns only Plaintiff's efforts to receive documents or electronic information from Yahoo!

9. First, Plaintiff requests an order from this Court that numerous of the above-referenced emails and other documents "be admitted in evidence on the basis that they were all properly authenticated."  Plaintiff's Portion of Joint Statement, ¶ 2.1.  This request is both beyond the scope of the instant motion, and also seeks to circumvent the pending adjudication by the District Court of dispositive motions, brought by both parties, that directly address this issue (which is effectively dispositive of all of Plaintiff's claims).  Plaintiff's attempts to

---

[2] UBS hereby incorporates the arguments set forth in its pleadings in support of its pending Motion for Summary Judgment, at Docket Nos. 188 and 204, which describe in further detail UBS's position that the evidence Plaintiff relies upon is inauthentic, and unauthenticated.

3   UBS AG'S PORTION OF JOINT
STATEMENT RE: DOCKET NO. 211

11336168.1

1  circumvent that process by seeking an order from this Court that would resolve the
2  issues addressed in those motions should be ignored.
3         10.  Plaintiff also makes several arguments regarding UBS's responses
4  to Plaintiff First Set of Interrogatories, First Set of Requests for Admission, and
5  Second Set of Requests for Production.  Again, the instant motion has nothing to do
6  with these separate discovery requests and responses and, indeed, the parties have
7  not even met and conferred regarding those discovery requests and responses yet.
8  Therefore, all of Plaintiff's arguments and requests regarding those separate
9  discovery responses are not appropriately considered at this time.
10        11.  In short, although Plaintiff's portion of the Joint Statement seeks
11  rulings from this Court that would, in effect, resolve the entire case in his favor, the
12  instant motion has a much narrower scope.  As to the appropriate subject of this
13  motion, UBS repeats that it has no opposition to Yahoo! responding to Plaintiff's
14  subpoena, as it has already done, but UBS's position is that it cannot be compelled
15  to do anything further.
16        12.  Counsel for UBS AG requests the Court's permission to appear
17  telephonically at this hearing, to save the significant expense that would be required
18  to travel in person to defend against this meritless motion (as well as its equally
19  meritless companion motion, addressed in a separate Joint Statement filed
20  concurrently).

22  DATED:  August 3, 2010                MUNGER, TOLLES & OLSON LLP
                                          GEORGE M. GARVEY
23                                        JACOB S. KREILKAMP

25                                        By:   /s/ Jacob S. Kreilkamp
26                                                JACOB S. KREILKAMP

27                                        Attorneys for Defendant
                                          UBS AG

11336168.1

# Exhibit 2

# Exhibit 2

UBS AG'S PORTION OF JOINT STATEMENT REGARDING PLAINTIFF'S MOTION TO COMPEL UBS AG FOR PRODUCTION OF EXHIBITS 15 & 16 (Docket No. 212)

1. Plaintiff served a Request for Production of Documents on Defendant UBS AG ("UBS"), seeking production of two documents Plaintiff attached as Exhibits 15 & 16 to his original complaint, which purport to evidence an alleged $19 million transfer from a Nigerian individual to UBS in Plaintiff's name. This alleged transfer never happened, and UBS does not possess any copies of these documents (other than the copies it received from Plaintiff), and thus cannot produce them.

**THE PARTIES' CONFERENCE**

2. UBS agrees with Plaintiff's summary of the parties' meet and confer conference on July 21, 2010.

**NATURE OF THE ACTION**

3. Plaintiff has apparently been defrauded in a variant on the notorious "Nigerian advance fee scam" by individuals who sent him crudely forged emails and other documents, some of which (falsely) purported to come from an officer of UBS in Zurich, Switzerland. For more than three years, he has brought frivolous motion after frivolous motion, and even brought two improper appeals to the Ninth Circuit Court of Appeals, and sought a writ of mandamus from the United States Supreme Court. Indeed, Plaintiff has already brought no fewer than *six* motions for "default," and *five* motions for reconsideration of previously-denied motions – all of which have been denied as well. What Plaintiff has *not* done during that time is adduce any cognizable evidence to support his claims against UBS, a bank that Plaintiff falsely believes is in possession of an imaginary $19,000,000 windfall in his name. The only evidence in the record to support Plaintiff's claims is a group of plainly inauthentic documents that he attached to his original complaint and subsequent filings, which he evidently received from the perpetrators of this

common email fraud.  *See* Attachments to Complaint (Exhibit 1 to Defendants' Notice of Removal, filed March 6, 2007), and to Plaintiff's Second Amended Motion for Entry of Default, Docket No. 59.

4.      UBS AG's Motion for Summary Judgment is currently pending before the District Court, and a hearing is set for August 30, 2010.  Plaintiff brought the instant motion when UBS served a response to his First Set of Requests for Production stating that it had no documents responsive to the requests.

**UBS'S CONTENTIONS**

5.      Plaintiff's meandering arguments can be distilled to the following: UBS *must* have the documents in question in its possession, because numerous documents Plaintiff has produced (including his two barely-legible copies of Exhibits 15 & 16) indicate that UBS has them.  Of course, all of these documents (including Exhibits 15 & 16 themselves) are inauthentic.  UBS cannot be compelled to produce these documents, because it never had them.[1]

6.      After UBS's counsel met and conferred with Plaintiff, two employees of UBS performed additional searches to confirm that UBS does not possess the documents in question.  *See* Declaration of Saumya Bhavsar and Patrick Mathieu, dated July 30, 2010, ¶¶ 3-6, attached hereto as Exhibit A to UBS's portion of the Joint Statement.  The employees also performed searches confirming that the alleged $19 million deposit to Plaintiff never actually occurred.  *See id.*

7.      As with Plaintiff's pending Motion to Compel UBS AG to Give Consent For Yahoo! to Disclose Email Addresses, UBS notes that Plaintiff's portion of this Joint Statement sets forth numerous arguments that go well beyond the scope of the instant motion, which concerns only Plaintiff's efforts to obtain Exhibits 15 & 16 (as conceded by Plaintiff himself in his statement of the "Issue to

---

[1] UBS hereby incorporates the arguments set forth in its pleadings in support of its pending Motion for Summary Judgment, at Docket Nos. 188 and 204, which describe in further detail UBS's simple position that the evidence Plaintiff relies upon is inauthentic, and unauthenticated.

2        UBS AG'S PORTION OF JOINT
         STATEMENT RE: DOCKET NO. 212

11336663.1

be determined at the hearing: Whether or not UBS AG can be compelled to produce Exhibit 15 & 16," *see* Plaintiff's portion of Joint Statement, ¶ 2.5).

8. First, Plaintiff requests an order from this Court that "the fund transfer contract be declared established." Plaintiff's Portion of Joint Statement, ¶ 2.6. This request is both beyond the scope of the instant motion, and also seeks to circumvent the pending adjudication by the District Court of dispositive motions, brought by both parties, that directly address this issue (which is effectively dispositive of Plaintiff's claims). Plaintiff's attempts to circumvent that process by seeking an order from this Court that would resolve the issues addressed in those motions should be ignored.

9. Also as with the companion Joint Statement, Plaintiff again makes several arguments regarding UBS's responses to Plaintiff First Set of Interrogatories, First Set of Requests for Admission, and Second Set of Requests for Production. Again, the instant motion has nothing to do with these separate discovery requests and responses and, indeed, the parties have not even met and conferred regarding those discovery requests and responses yet. Therefore, all of Plaintiff's arguments and requests regarding those separate discovery responses are not appropriately considered at this time.

10. In short, although Plaintiff's portion of the Joint Statement seeks rulings from this Court that would, in effect, resolve the entire case in his favor, the instant motion has a much narrower scope. As to the appropriate subject of this motion, UBS has conducted searches and determined that it does not have copies of Exhibits 15 & 16, and it cannot be compelled to produce what it does not possess.

DATED: August 3, 2010

MUNGER, TOLLES & OLSON LLP
GEORGE M. GARVEY
JACOB S. KREILKAMP

By:  /s/ Jacob S. Kreilkamp
       JACOB S. KREILKAMP

Attorneys for Defendant
UBS AG

3   UBS AG'S PORTION OF JOINT
    STATEMENT RE: DOCKET NO. 212

11336663.1

# EXHIBIT A

# EXHIBIT A

## DECLARATION OF SAUMYA BHAVSAR AND PATRICK MATHIEU

We, Saumya Bhavsar and Patrick Mathieu, declare:

1. I, Saumya Bhavsar, am an Executive Director at UBS AG. I, Patrick Mathieu, am a Director at UBS AG.

2. We have personal knowledge of the matters set forth herein, and if called, could and would competently testify thereto, under oath.

3. We have reviewed Plaintiff's "Motion and Memorandum to Compel UBS AG For Production of Exhibit 15 and 16," as well as copies of the two documents labeled "Exhibit 15" and "Exhibit 16" that were attached to the Complaint of Carl L. Jimena and provided to us by UBS AG's United States attorneys.

4. Exhibits 15 and 16 (which are barely legible) do not appear to be forms used by UBS AG in Zurich.

5. We have also reviewed UBS AG's records in Zurich, and confirmed that there was never a deposit or transfer in the amount of US $19 million made to an account relationship in the name of or to the benefit of Mr. Jimena maintained with UBS AG in Zurich, at any time in April 2006, from a bank called "Standard Trust Bank PLC".

6. To the best of our knowledge and after the reasonable investigation described above, UBS AG in Zurich does not possess any copies of Exhibits 15 and 16 associated with an account relationship in the name of or to the benefit of Mr. Jimena maintained with UBS AG in Zurich other than those it has received from Mr. Jimena as attachments to his pleadings in this lawsuit.

We declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed this 30th day of July, 2010, at Zurich, Switzerland.

11228250.1

By: _____
Saumya Bhavsar

By: _____
Patrick Mathieu