**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARL L. JIMENA, ) | NO. 1: 07-CV-0367-OWW-SKO |
| ) | |
| Plaintiff, ) | ORDER DENYING MOTION FOR |
| ) | RECONSIDERATION OF DISTRICT |
| v. ) | COURT JUDGE OLIVER W. |
| ) | WANGER'S ORDER DENYING |
| UBS AG (ZURICH SWITZERLAND ) | PLAINTIFF'S MOTION TO |
| HEADQUARTERS), et al., ) | DISQUALIFY |
| ) | |
| Defendants. ) | (Document #237) |

On June 15, 2010, Plaintiff filed a motion to disqualify District Court Judge Oliver W. Wanger. On June 17, 2010, the undersigned denied the motion without prejudice to Plaintiff re-noticing the motion before Judge Wanger. On July 1, 2010, Judge Wanger denied Plaintiff's motion to disqualify. On July 13, 2010, Plaintiff filed a motion for the undersigned to reconsider Judge Wanger's order denying Plaintiff's motion to disqualify. Plaintiff's motion is made pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455(a)(b).

Title 28 U.S.C. § 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for

    failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.  Under 28 U.S.C. § 455 a judge must be recused "in any proceeding in which his impartiality might reasonably be questioned." Liteky v. United States, 510 U.S. 540, 555 (1994) (citation omitted).  The substantive standard for recusal under 28 U.S.C. § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997).

    Generally, the alleged bias must stem from an "extrajudicial source." Liteky v. United States, 510 U.S. 540, 544-56 (1994).  In Liteky v. United States, the Supreme Court recognized that:

> The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a necessary condition for "bias or prejudice" recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice.

Liteky, 510 U.S. 540, 554.  However, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. Liteky, 510 U.S. at 555; Ortiz v. Stewart, 149 F.3d 923, 940 (9th Cir. 1998).  Judicial bias or prejudice formed during current or prior proceedings is sufficient for recusal only when the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555; Pesnell v. Arsenault, 543 F.3d 1038, 1044 (9th Cir. 2008).  However, "expressions of impatience, dissatisfaction, annoyance, and even anger" are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration. Liteky, 510 U.S. at 555-56; Pesnell, 543 F.3d at 1044.  Judicial rulings may support a motion for recusal only "in the rarest of circumstances." Liteky, 510 U.S. at 555; Chischilly, 30 F.3d at 1149.

    Plaintiff has filed a certificate that asserts his motion to disqualify Judge Wanger is made in good faith.  However, Plaintiff has failed to set forth a sufficient showing in his affidavit that

Judge Wanger has a personal bias or prejudice against him.  Plaintiff's position is that Judge Wanger has a "mindset" against him.  Plaintiff points to a quote in one of Judge Wanger's orders in which Judge Wanger stated that even if Plaintiff were technically entitled to entry of default against one Defendant, the court would exercise the court's discretion and deny any motion for default judgment.  See Doc. #225.  Plaintiff also points to another order in which Judge Wanger states that Plaintiff "appears to contend that he served Mr. Standish by sending an e-mail to the Yahoo email address used by the impersonators who defrauded plaintiff by pretending to be Mr. Standish."  Judge Wanger continues by finding that California does not allow for service by e-mail.

In this case, Plaintiff moves for recusal based on statements Judge Wanger has made in written orders in this action.  As such, they are not a proper reason for recusal without a showing of "deep-seated and unequivocal antagonism that would render fair judgment impossible."  Plaintiff has failed to show such deep-seated antagonism.  The orders cited to by Plaintiff contain Judge Wanger's attempts to educate a pro se plaintiff on appropriate motions to file and proper service methods.  Plaintiff has failed to provide evidence that Judge Wanger has a personal bias or prejudice against him.  Thus, Plaintiff's motions pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455 were correctly denied.

Accordingly, the undersigned ORDERS that Plaintiff's motion for reconsideration of Judge Wanger's order denying Plaintiff's motion to disqualify Judge Wanger is DENIED.

IT IS SO ORDERED.

Dated:   August 3, 2010

_____
CHIEF UNITED STATES DISTRICT JUDGE

3