

FILED
AUG 1 0 2010
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY J. HELLINGS
   DEPUTY CLERK

1  CARL L. JIMENA
2  14774 Desert View Ave.
3  North Edwards, California 93523
4  Tel. 661-406-1616
5
6  Plaintiff, In Propia Persona

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION
2500 Tulare St., Room 1501, Fresno, CA 93721

| | |
|---|---|
| CARL L. JIMENA<br>Plaintiff,<br><br>vs.<br><br><br><br><br><br>UBS AG ( ZURICH,<br>SWITZERLAND HEADQUARTERS);<br>et. al.,<br>Defendants. | Civ.Case . 1:07-CV-00367-OWW-SKO<br><br>Hon. Judge Sheila K. Oberto<br><br>Place:   Court Room 8<br>Hearing Date: Aug. 13, 2010<br>Time: 10:00 a.m. |

PLAINTIFF'S RESPONSES AND OBJECTIONS `TO DEFENDANTS JOINT STATEMENT TO PLAINTIFF'S DOC. 211 AND 212

PLAINTIFF, in propia persona, respectfully state:

1. Between June 19, 2007, and July 3, 2007, , plaintiff and defendants made exchanges of mandatory initial disclosures pursuant to Rule 26, FRCP after their meet and confer engagement on June 19, 2007. (Exhibit 73) Within that date, Defendant was first in furnishing plaintiff with only one copy of a fabricated fund transfer document of plaintiff's $51,000 from the Bank of New York to UBS AG, to Hongkong and Shanghai Bank in Hongkong, Cina.[i] In return plaintiff sent a copy of his mandatory disclosure documents to defendants Exhibits 22 to 75 (72 was apparently an error in Exhibit 73, plaintiff is still checking his record) Exhibit 73 was

1

1  admitted by defendants in their Responses and Objections to plaintiff's Request for
2  Admission, found page 32, line 7-8, Exhibit Four to Doc. 212.

3  2. On March 1, 2010, defendants filed a Motion for Summary judgment, Doc.
4  188, presenting in support thereof or in evidence, the declaration of Atty. Jacob S.
5  Kreilkamp, Exhibit 2 or Attachment 2, to Doc. 188, and offered his testimony to
6  support his motion Doc. 188. Atty. Jacob S. Kreilkamp made no disclosure that he
7  will testify in this case by declaration or oral testimony at the time he gave plaintiff
8  one document by way of mandatory initial disclosure in June 2007. On August 2,
9  2010, Doc. 241 defendants filed a Supplemental Brief or Supplemental Motion for
10 Summary Judgment supported by the declaration of Saumya Bhavsar and Patrick
11 Mathieu in Exhibit A of Doc. 242. The the latter two witnesses offered their
12 testimony in support thereof. UBS AG made no disclosure between June 19, 2007
13 and July 3, 2007 Saumya Bhavsar and Patrick Mathieu will be witnesses in this case,
14 by declaration or testimony at the time plaintiff and defendants made mandatory initial
15 disclosures as required by Rule 26(a), FRCP.

16 3. On August 3, 2010, defendants filed their separate Joint Statement to
17 plaintiff's Doc. 211 and 212. supported by the declaration of Saumya Bhavsar and
18 Patrick Mathieu in Exhibit A of Doc. 242.. UBS AG is using Saumya Bhavsar and
19 Patrick Mathieu as witnesses by declaration or oral testimony without disclosing them
20 at the time the plaintiff and defendants made mandatory initial disclosures between
21 June 19, 2007 and July 3, 2007, as required by Rule 26(a), FRCP. (Exhibit 73)

22 4. To the extent that Atty. Jacob S. Krielkamp is invoking his own declaration
23 in support of his motion for Summary Judgment in the instant proceedings on Doc.
24 211 and 212, Plaintiff reiterates his objection to the Declaration of Atty. Jacob S.
25 Kreilkamp on twelve (12) grounds stated in plaintiff's Opposition to defendants
26 motion for summary judgment, Doc. 195, pages 21 to 31 thereof, one of the twelve
27 grounds is objection no. 10 on line 7 to 12, page 30 of Doc. 195. It states Atty. Jacob
28 S. Kreilkamp did not make a disclosure at the time of mandatory initial disclosure

1  between June 19, 2007 and July 3, 2007 that Atty. Jacob S. Kreilkamp himself is
2  going to be a witness by declaration or oral testimony in this case as required by Rule
3  26(a), FRCP. Therefore, the automatic and self-executing sanction of Rule 37(c)(1),
4  FRCP applies against Atty. Jacob S. Kreilkamp and his two additional witnesses
5  Saumya Bhavsar and Mathieu in Exhibit A of Doc. 242 that they be excluded from
6  making any declaration and testimony including their declarations and testimony
7  already made and submitted in support of defendants opposition to plaintiff's Doc.
8  211 and 212. In the absence of a ruling by the Ninth Circuit Court, plaintiff cites the
9  case decided by the 7th Circuit Court wherein it was held that the preclusion sanction
10 is automatic and mandatory unless sanctioned party can show that its violation of Rule
11 26(a) was either justified or harmless. To quote Salgado v. General Motors Corp. , 150
12 F. 3d 735, 742 (7th Cir. 1998):

13     "Not only do we believe that the violation of Rule 26 is clearly established but
14     we also believe that the district court acted well within its discretion when it
15     decided to impose the sanction of precluding the witnesses from testifying. As
16     we noted in Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir.1996), the
17     sanction of exclusion is automatic and mandatory unless the sanctioned party
18     can show that its violation of Rule 26(a) was either justified or harmless."
19
20     The above ruling of the 7th Circuit Court is in accord with the comments of the
21 Advisory Committee on Rule 37(c), FRCP in the year 1993, stating that the drafters
22 described the evidence preclusion sanction for a party's failure to make mandatory
23 disclosure as "self-executing" and "automatic" and the intent of the drafters appears to
24 have been that evidence preclusion sanctions are to be imposed without need of a
25 motion. (See Advisory Committee's comment on Rule 37(c). FRCP in 1993)  The
26 trend of lower courts is aligning to the above ruling of the 7th Circuit Court. Thus in
27 the case of Melczer v. Unum Life Ins. Co. of America, 2009 Lexis U.S. Dist. Lexis
28 82549 (D. Ariz., July 16, 2009) plaintiff successfully excluded under Rule 37(c)(1),
29 FRCP, 526 documents that were untimely disclosed. In the case of Gotlin v.
30 Lederman, 2009 .U.S.Dist. Lexis 78818 (E.D.N.Y.) plaintiff was precluded from

1   using Italian Medical Records because of failure to include the records at the
2   mandatory initial disclosure. In the case of Debose v. Broward Health, 2009 U.S. Dist.
3   Lexis 45546, (S.D. Fla, May 20, 2009) at page 7-8 , defendant brought a motion to
4   exclude plaintiff's late disclosed witness under Rule 26(a), FRCP which was granted.
5   In the case of Elion v. Jackson, Civil Action No. 05-992, 20006 WL 2583694 ,
6   D.D.C., September 8, 2006 the Court held that Rule 37(c)(1), FRCP is self-executing
7   sanction and the motive or reason for the failure is irrelevant.

8       5. Aside from the fact that Saumya Bhavsar and Patrick Mathieu in Exhibit A
9   of Doc. 242. are barred from making any declarataon or testifying in this case because
10  of failure of UBS AG to disclose them at the time plaintiff and defendants made
11  mandatory initial disclosure in between June 19, 2007, and July 3, 2007 the
12  declaration and testimony of Saumya Bhavsar and Patrick Mathieu  are subject to
13  plaintiff's objection as follows:

14      5.1   Best evidence.   The declaration of Saumya Bhavsar and Patrick
15  Mathieu  lacks foundation because it is not the best evidence.  The best evidence
16  would be the record of bank deposits on April 28, 2006  or for the month ending on
17  April , 2006 showing a deposit on account coded escrow of 19 million U.S. dollars
18  accompanied by an audit report from a reputable auditing firm in the U.S. showing the
19  actual status of deposits made for April 2006.  If the status of deposits made on April
20  2006 shows no deposit of 19 million dollars  was made, then UBS AG is obligated at
21  mandatory initial disclosure to produce a  copy of bank record deposits for April 2006
22  that no record of deposit of 19 million dollars was made on that date  to support its
23  defense of no money received by UBS AG on account coded escrow.. Despite this
24  fact, plaintiff demanded in his demand for production, which will be the subject of
25  another motion to compel,  from defendants to produce accounting records and
26  records of deposit relevant to the fund transfer made on April 28, 2006. Defendants
27  answer was negative and is deliberately false because it is contrary to the evidence
28  produced by plaintiff at mandatory initial disclosure authorized to be used in this

1  instant proceedings by the comments of the Advisory Committee cited in the first
2  paragraph of the instant motions Doc. 211 and 212. This renders the Declaration of
3  ZB and PM useless or hearsay.

4      5.2 Relevance: The declaration of Saumya Bhavsar and Patrick
5  Mathieu to support defendants opposition to plaintiff's motion in Doc. 211 and 212
6  lacks foundation because it is not relevant since they made a search in the year 2010
7  when they should have made the search in April 28, 2006 or reasonably close to that
8  time. It is speculative that what they found in their search in the year 2010 would be
9  the same that they could have found had they made a search on April 28, 2010 or
10 within a reasonable time after April 28, 2006.

11     5.3 Competence: The declaration of Saumya Bhavsar and Patrick
12 Mathieu lacks foundation because both are not competent to make a declaration on
13 the existence of 19million dollars in the Account Coded Escrow because they are not
14 the caretaker or custodian of the funds of UBS AG, a function that belongs to the
15 Corporate Treasurer of UBS AG. Even the Corporate Treasurer himself would not be
16 qualified to make a declaration because he stands outside the territorial jurisdiction of
17 U.S. Courts and if he commits perjury, the U.S. cannot extradite him because judicial
18 notice is invited to the fact that the U.S. have no extradition treaty with Switzerland, a
19 neutral country. Thus the temptation to commit perjury is at a probability of 100% to
20 happen. Therefore, the declaration must be made by a U.S. resident representative
21 here in the U.S., of the Corporate Treasurer who is in Switzerland. To be able to
22 testify, that U.S. resident witness should have been disclosed by UBS AG at the
23 mandatory initial disclosure on between Jun 19, 2007 and July 3, 2007. Under this
24 situation, the best candidate to make a declaration in this case would be an officer of
25 UBS AG branch in Manhattan, New York, a party to this case, who has complete
26 access to all data in Switzerland via computer. However, the U.S. resident
27 representative could no longer testify because he was not disclosed at the mandatory
28 initial disclosure. This is justified because if the authorized representative in the U.S.

1  justified because if the authorized representative in the U.S. of the Corporate Officer
2  holding office in Switzerland, commits perjury, he goes to jail.

3        5.4 <u>Hearsay.</u> The declaration of Saumya Bhavsar and Patrick Mathieu
4  lacks foundation because it is hearsay. Saumya Bhavsar and Patrick Mathieu in
5  Exhibit A of Doc. 242. have no personal knowledge of where the 19 million dollars is.
6  Both are neither chief of the accounting department nor chief of the auditing
7  department, nor are their duties related to accounting, auditing, caretaking or custody
8  of the funds which appropriately belongs to the Corporate Treasurer. Hence whatever
9  Saumya Bhavsar and Patrick Mathieu in Exhibit A of Doc. 242 says are hearsay
10 because they have no personal knowledge but are relying on second hand information.

11       5.5 <u>Estoppel</u>: This is one of the best plaintiff's weapon to stop UBS
12 AG from gaining by fraud the 19 million dollars even as UBS AG had gained by fraud
13 a big amount of money from many customers in the Southern District of New York.
14 (Exhibit 76) or worse around the world as the Court said. Plaintiff could now
15 rightfully and effectively invoke the rule of estoppel as alleged in plaintiff's Third
16 Amended Complaint, pages 59 to 61 thereof, to dispose of UB S AG's contention
17 that there is no money received by UBS AG in an account coded escrow as sworn to
18 by the automatically excluded witness from this case, Saumya Bhavsar and Patrick
19 Mathieu in Exhibit A of Doc. 242 after allegedly making a search in the year 2010
20 but there was no search made by an independent resident auditing firm from the U.S.
21 on April 28, 2006 or reasonably close thereafter. Needless to repeat and on account of
22 its length, plaintiff beg leave to incorporate by reference, as they are hereby
23 incorporated by reference as an integral part of this motion his allegations found in the
24 Third Amended Complaint, pages 59 to 61 thereof. Plaintiff said he can effectively
25 invoke the rule of estoppels because plaintiff's evidence Exhibit 1 to 75 were
26 authenticated as enumerated on pages 10 to 11 of plaintiff's Joint Statement on Doc.
27 212. In addition, on page 7, line 10 to 13 of plaintiff's motion for judgment on the
28 pleadings, Doc. 169.UBS AG, admitted the 19 million dollars is a special deposit. In a

1   special deposit, UBS AG as trustee cannot deny it never received the funds.(Footnote
2   10, page 12-13, Doc. 169)   Likewise a special deposit creates a relationship of
3   bailment. UBS AG is precluded from denying it does not have the subject of bailment.
4   .(Footnote 10, page 12-13, Doc. 169)

5          5.6   Reliability and trustworthiness:. Aside from the fact that Saumya
6   Bhavsar and Patrick Mathieu in Exhibit A of Doc. 242.are automatically excluded as
7   witness in this case as ruled by the Courts above, their declaration are unreliable and
8   untrustworthy.  With numerous fraud charges made against UBS AG in Exhibit 76
9   attached to the Third Amended Complaint, judicial notice to which is hereby invited,
10  the trustworthiness of the declaration of UBS AG's employees Saumya Bhavsar and
11  Patrick Mathieu are questionable.  A reasonable jury could infer that both are under
12  pressure to testify to save their job and they are not testifying to establish the truth but
13  for the self-serving interest of UBS AG.  Hence, the necessity of the testimony of an
14  independent resident auditing firm from the U.S. who should have examined the
15  books of UBS AG on April 28, 2006 and being a witness should have been disclosed
16  by UBS AG at the time of the mandatory initial disclosure in this case between June
17  19 and July 3, 2007.,

18         5.7   Authentication:  Aside from the fact that Saumya Bhavsar and
19  Patrick Mathieu in Exhibit A of Doc. 242. are automatically excluded as witness in
20  this case, their declaration are inadmissible for lack of authentication under Rule 901,
21  Federal Rules of Evidence  and other related laws and rules and lacks authentication
22  from the U.S. Consulate in Switzerland.

23         5.8   Sham and false declaration:  Aside from the fact that Saumya
24  Bhavsar and Patrick Mathieu in Exhibit A of Doc. 242. are automatically excluded as
25  witness in this case, for lack of disclosure at mandatory initial disclosure, the
26  declaration of Saumya Bhavsar and Patrick Mathieu in Exhibit A of Doc. 242 is
27  contrary to the weight of evidence already presented by plaintiff consisting of Exhibit
28  1 to 76, and as exhaustively  discussed in plaintiff's Affidavit, Exhibit I (Roman

1  Number Numeral) incorporated by reference to the Third Amended Complaint as an
2  integral part thereof, which is also the Affidavit filed in support of plaintiff's motion
3  for entry of default and default judgment in Doc. 49, paragraph 18 thereof.

4        5.9 <u>Deletion of files modus operandi</u>: With UBS AG's <u>modus operandi</u>
5  of deleting files in the two email accounts used by Clive Standish when he was Chief
6  Financial Officer – since no other would have the to delete them but UBS AG – so as
7  to enable UBS AG to set up the defense fraudulent impersonation defense, the same
8  <u>modus operandi</u> of deleting files could be among the basis for a reasonable jury to
9  conclude that all files in UBS AG's computer system related to the fund transfer
10  contract including Exhibit 15 and 16 and record of the account coded escrow or the 19
11  million dollar deposit were all deleted from UBS AG's computer system making it
12  ripe for searchers like Saumya Bhavsar and Patrick Mathieu in Exhibit A of Doc.
13  242.to find nothing because all files were already deleted. In matters concerning
14  records of money, it is the accounting and auditing personnel who should speak up. It
15  will be noted that none from the accounting and auditing staff would speak up as
16  witness because they don't want to lie.

17        6. <u>Falsus en uno falsus en omnibus.</u> A lie on one point is a lie on all
18  points. A lie on the $76,000 (see page 30, Third Amended Complaint) is a lie on the
19  19 million dollars.

20  WHEREFORE, it is respectfully prayed that the declaration and testimony of
21  Atty. Jacob S. Kreilkamp, the declaration and testimony of Saumya Bhavsar and
22  Patrick Mathieu in Exhibit A of Doc. 242. be ordered (a) excluded to support the
23  motion for summary judgment, supplemental summary judgment, opposition to
24  plaintiff's Doc. 211 and 212 and all three witnesses, Atty. Jacob S. Kreilkamp,

25
26
27

1  Saumya Bhavsar and Patrick Mathieu Saumya Bhavsar and Patrick Mathieu  be all
2  excluded from testifying in this case. Other equitable relief is prayed for.
3  Dated:   August 7, 2010

Carl L. Jimena
Plaintiff, Pro Se

1  CARL L. JIMENA
2  14774 Desert View Ave.
3  North Edwards, California 93523
4  Tel. 661-406-1616
5
6  Plaintiff, In Propia Persona
7
8
9           UNITED STATES DISTRICT COURT
10      EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION
11         2500 Tulare St., Room 1501, Fresno, CA 93721
12
13 CARL L. JIMENA
14         Plaintiff,                    Civ.Case. 1:07-CV-00367-OWW-SKO
15 vs.                                   Hon. Sheila K. Oberto
16                                       Place: Court Room 8
17
18                                       Hearing Date: Aug. 13, 2010
19                                       Time: 10:00 a.m.
20 SWITZERLAND HEADQUARTERS);
21 et. al.,                              CERTIFICATE OF SERVICE
22         Defendants.       ;           BY MAIL
23 x----------------------------------------x
24
25      I, Carl L. Jimena declare: I am not less than 18 years of age and a party to the
26 within case. My business address is 14774 Desert View Ave., North Edwards,
27 California. I served the PLAINTIFF'S RESPONSES AND OBJECTIONS 'TO
28 DEFENDANTS JOINT STATEMENT TO PLAINTIFF'S DOC. 211 AND 212
29 PLAINTIFF'S RESPONSES AND OBJECTIONS 'TO DEFENDANTS JOINT
30 STATEMENT TO PLAINTIFF'S DOC. 211 AND 212 by First Class United States
31 mail, postage pre-paid at California City Post Office on August 7, 2010 and addressed
32 to the defendant UBS AG's and UBS FS attorney as follows:
33         Atty. Jacob S. Kreilkamp, Munger Tolles & Olson
34         355 South Grand Avenue, 35th Floor
35         Los Angeles, California 90071-1560
36      I declare under penalty of perjury under Federal Law that the foregoing is true
37 and correct.
38      Dated: August 7, 2010
39
40                                       Carl L. Jimena
41                                       Plaintiff, Pro Se

1