, Set

1  CARL L. JIMENA
2  14774 Desert View Ave.
3  North Edwards, California 93523
4  Tel. 661-406-1616
5  Plaintiff, In Propia Persona

**FILED**

AUG 20 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

6        UNITED STATES DISTRICT COURT
7     EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION
8        2500 Tulare St., Room 1501, Fresno, CA 93721
9

10  CARL L. JIMENA
11          Plaintiff,                          Civ.Case . 1:07-CV-00367-OWW-SKO

12  vs.                                        Hon. Judge Sheila K. Oberto
13
14                                             Hearing Date: September 13, 2010
15                                             Place: Court Room 8
16  UBS AG (BANK, INC., ZURICH,                Time: 10:00 a.m.
17  SWITZERLAND HEADQUARTERS);
18  et. al.,
19          Defendants.              ;
20  x------------------------------------------------x
21

22      MOTION AND MEMORANDUM TO COMPEL PRODUCTION OF
23    DOCUMENTS AND TO COMPEL RESPONSES TO (1) INCOMPLETE
24  RESPONSES TO PLAINTIFF'S INTERROGATORIES AND (2) TO FALSE
25                            ANSWERS
26

27      PLAINTIFF, in propia persona, respectfully state:

28      1. On June 6, 2010 plaintiff served the defendants with Interrogatories, Set 1,
29  Demand for Production, Set 2, Request for Admission. Proof of Service is the
30  attached receipts of Pedex, which plaintiff beg leave to incorporate by reference and
31  forms an integral part of this motion, consisting of Exhibits 1,2,3,4 in turn attached to
32  Exhibit Two of Plaintiff's Joint Statement to Doc. 211 and 212 (Doc. 248) and
33  Plaintiff Exhibit Six (with attached Exhibit 1 of Exh. Six) of Joint Statement on Exh.
34  211 and 212. (Doc. 248)

35      2. Until Plaintiff obtains a finding, ruling, declaration or an acknowledgment
36  by the Court that Plaintiff's Request for Admission is deemed admitted by the

1

, Set

1   Defendants which will render moot all pending discovery motions, plaintiff will
2   pursue the above captioned motion or this motion without any waiver on the effect of
3   defendants failure to serve on time their responses and objections to Plaintiff's
4   Request for Admission.

5                                       INTERROGATORIES

6   3.  Interrogatory No. 24, Set 1 On August 10, 2010, plaintiff served the
7   defendants by certified mail under ,certified receipt no. 7009 0820 0001 4164 9461 a
8   request to complete their answer to Interrogatory No. 24, Set 1, to quote the latter
9   request:

10      "Subject to Plaintiff's objection that your answers to Interrogatories, Set 1, was
11  untimely, past the 33rd day you claim is the last day which falls on July 9, 2010 the
12  effect of the late answer being that all your objections are deemed waived under Rule
13  33(b)(4), FRCP, plaintiff hereby requests that you complete your incomplete answers
14  to plaintiff's Interrogatory, Set 1, question no. 24, to quote:

15      "24. IDENTIFY the person, Clive Standish, Former Chief Financial Officer of
16  UBS AG. (Refer to Definition "CC" above IDENTIFY A PERSON")

17      Definition "CC"" of Interrogatories, Set 1, states:

18      CC.  In any of the following interrogatories in which you are asked to
19  "IDENTIFY" a "PERSON", the word "person" shall be understood to refer equally to
20  natural person, corporations, partnerships, limited liability companies, firms, joint
21  ventures, associations or other entities. Further, a request to "identify" a "person"
22  shall be understood to include the period of time he was employed by UBS AG and to
23  include as well a request for the person's full name, present address including physical
24  office and home address, telephone number, fax number, email office and home
25  address, present or last known position and business affiliation, title, business
26  telephone number, and, if employed or  retained by you, each position he or she has
27  held during the period in question, a general description of the duties of each such
28  position, the specific period in which the position was held, and the office or location
29  where the positions was held." [The underlined portion was inserted as a correction of
30  error due notice of which was given to UBS AG by a notice of errata dated June 26,
31  2010 by certified mail under certified receipt no. 7008 1830 0005 0458 6872.

32      Your incomplete answer to plaintiff's Interrogatory 24 quoted above was as
33  follows:

34      "RESPONSE TO INTERROGATORY NO. 24:

35      Clive Standish is the former Chief Financial Officer of Defendant. The most
36  recent address Defendant possesses for Mr. Standish is New Street 225, 3186
37  Brighton, Australia."

2

One important information being elicited from Interrogatory No. 24 above is Clive Standish email office address and Clive Standish email home or personal address. during the "period of time he was employed by UBS AG" as underlined on definition "CC" above.

Please respond by completing your answer to plaintiff's Interrogatory, Set 1, Interrogatory No. 24 on or before August 16, 2010."

Up to the present time, Defendants have not completed their response to plaintiff's Interrogatory 24 using the above quoted definition "CC" of Plaintiff's Interrogatory. Plaintiff request for an order to compel defendants to complete their answer under Rule 37(a)(4), FRCP because it is a failure to answer under Rule 37(a)(3)(iii) providing, quote: [A copy of Plaintiff's Interrogatory, Set 1 is attached hereof as Exhibit One and a copy of Defendant UBS AG'S Responses and Objections to Plaintiff Carl L. Jimena's Interrogatories is also attached as Exhibit Two.]

**(4) Evasive or Incomplete Disclosure, Answer, or Response.**

For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.( (Rule 37(a)(4), FRCP))

"(iii) a party fails to answer an interrogatory submitted under Rule 33, or (Rule 37(a)(3)(iii, FRCP)

Plaintiff prays as an alternative that it be declared established that the two email address of Clive Standish are (1)"clive_standish@yahoo.com " , his personal or home email address and (2) customerservices@privateclientsubs.cjb.net, his office email address which is an appropriate sanction as explained in paragraph 6 below, page 14 hereof, regarding Plaintiff's Interrogatory No. 7, Set 1.

4. Interrogatory No. 1, Set 1, of Plaintiff. The latter asks

"1. IDENTIFY yourself which includes if telephone no. 41 1 2341111, fax no. 41 1 3553864, physical address Gessneralle 3, CH-8001, Zurich, Switzerland, belongs to UBS AG (Zurich, Switzerland Headquarters).(refer to definition "T" above."

3

1    Defendants response was, quote:

2        "RESPONSE TO INTERROGATORY NO. 1:

3        Defendant objects that this Request is directed in part to UBS Financial

4 Services, Inc. ("UBS FS"), which is no longer a party to this case, and Defendant will

5 not respond on UBS FS behalf. Subject to the foregoing objection, Defendant

6 responds that Defendant is a global firm providing financial services to private,

7 corporate and institutional clients, with an office at Gesneralle 3, CH-8001, Zurich,

8 Switzerland."

9        The answer is incomplete under Rule 37(a)(4), FRCP and is a failure to answer

10 under Rule 37(a)(3)(iii), FRCP because it did not state if the fax number and

11 telephone number belongs to UBS AG. Further it did not disclose the information

12 under definition "T" of Set No. 1, Plaintiff's Interrogatories providing as follows:

13        "T. YOU AND YOUR refer to UBS AG (Zurich Headquarters and Manhattan,
14 New York Branch) and UBS FS (Weehawken, New Jersey Main Branch and
15 Bakersfield, California Branch) The words YOU AND YOUR shall be taken to
16 include all officers, directors, agents, employees, attorneys, investigators,
17 consultants, and anyone else acting on your or their behalf."

18

19 Defendant's objection quoted above in its response to Interrogatory No. 1 is deemed

20 waived under Rule 33, (b)(4) when it served late its responses to plaintiff's

21 Interrogatories , Set 1. The tardiness of Defendant's service of its responses to

22 Plaintiff's Interrogatories, Set 1 is explained by the plaintiff in the Plaintiff's Joint

23 Statement on Doc. 212 (entered in the docket registry as Doc. 248 plaintiff requested

24 to correct the title of the pleading in Doc. 248 to Plaintiff's Joint Statement on Doc.

25 211 and 212), to quote:

26        "Plaintiff hereby explains why UBS AG was late in serving its Responses and
27 Objections (Exhibit Four hereof) to plaintiff's Request for Admission resulting in the
28 admission of all the matters in plaintiff's request for admission, identified and marked
29 as Exhibit One to this Joint Statement to Doc. 212. Here again, UBS AG was in error
30 in computing the time, the same as they did commit an error in filing a late answer to
31 the Third Amended Complaint, resulting in UBS AG's default. Attached to this Joint

, Set

1 statement is Exhibit Two, plaintiff " CARL L. JIMENA'S DECLARATION IN
2 SUPPORT OF THE VALIDITY OF THE FIRST SERVICE OF DISCOVERY
3 PAPERS ON JUNE 6, 2010" with the attached Exhibit 1 to 4 to Exhibit Two. [Date
4 on the latter title of plaintiff's declaration was corrected from June 7, 2010 to June 6,
5 2010 as stated in Plaiantiff's Notice of Errata, Exhibit Three hereof] Plaintiff served
6 his Request for Admission, Exhibit One, to defendant UBS AG on June 6, 2010. In
7 Exhibit 1 of Exhibit One, it states at the top "Processed At June 06, 14:10". This was
8 the date and time plaintiff placed in the hands of FEDEX his Request for Admission,
9 Exhibit One, together with the rest of the discovery papers. [Service by mail is valid
10 when the papers to be served are placed in an envelope properly addressed to the last
11 known address of the party's attorney, Kim v. Commandant, Defense Language Inst.,
12 772 F.2d 521, 524 (9th Cir. 1985) hence answer was timely served on date of Foreign
13 Language Center mailing;  In Rivera v. M/T Fossarina, 840 F.2d 152, 155 (1st Cir
14 1988), it was held that motion was properly served when mailed to counsel's last
15 known address).June 6, 2010 triggers the start of the counting, which was a Sunday
16 but must be counted as the day of the act or event because under the new rules in Rule
17 6, FRCP, it defines the "last day" to exclude from the computation of time if it is a
18 Saturday, Sunday or Holiday. This does not apply on the "first day" which must be
19 counted as the day of the act or event even if it is a Sunday, Saturday or Holiday.
20 [Rule 6(a)(1)(A)(B) latter (B) requires to  "count every day," ] Hence, counting June
21 7, 2010 as the first day, after excluding the day of the act or event of placing in the
22 hands of FEDEX the envelope for mailing on June 6, 2010, starts the counting and
23 ends up on July 9, 2010 which is a Friday and is counted as the 33rd day. Hence, again
24 UBS AG is late in serving its responses and objections to plaintiff's Request for
25 Admission and is therefore deemed admitted under Rule 36(a)(3), FRCP.

26 UBS AG may argue that it relied on the Ship Date June 7, 2006 as the
27 date of mailing. This is wrong. UBS AG has a duty to investigate when the
28 discovery papers were actually placed in the hands of FEDEX and not rely on
29 the Ship Date because UBS AG is aware itself that mail could be placed in the
30 hands of FEDEX on a Saturday, Sunday or Holiday. In fact Attorney Krielkamp
31 is aware when he had a conversation with Plaintiff on June 23, 2010 that June
32 6, 2010 was the date Plaintiff actually mailed or placed in the hands of FEDEX
33 the discovery documents which includes the Request for Admission when he
34 asked the plaintiff for the date the above three discovery papers were served or
35 mailed and he was told that it was on a Sunday, June 6, 2010, the day before the
36 hearing on June 7, 2010 at Fresno ..U.S. District Court. Plaintiff's notes of the
37 latter conversation is as follows:

38 "6-23-10
39 3:15 p.m. – Talked to Atty. Kreilkamp said his message was for June 7,
40 2010 hearing. He thought I am not in Court. Asked if his answer to     ,
41 interrogatories, request for admission, demand for production would be
42 the same on demand for production of Exh. 15 & 16, said he had not

5

reviewed them, he has no answer. Said follow procedure on meet and confer. He asked when they [referring to three discovery papers] were served, I answered they were served Sunday, 6-6-10 by FEDEX." (Exhibit Five, Declaration of Carl L. Jimena in support of service of discovery papers including Request for Admission via FEDEX June 6, 2010, with attached Exhibit 1, copy of handwritten Notes on conversation with Atty. Jacob S. Kreilkamp on June 23, 2010)" (See pages 12-13, Plaintiff's Joint Statement on Doc. 211 and 212, Doc. 248)

5. Interrogatory No. 4, Set 1 of Plaintiff. The latter interrogatory asks, quote:

4. Where does the operating expenses and money paid as salaries to employees of UBS FS ultimately come from?

Defendants answer was, to quote:
"RESPONSE TO INTERROGATORY NO. 4
Defendant objects that this Interrogatory is vague and ambiguous in its entirety, and also overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objection, Defendant states that UBS FS's operating expenses, including salaries, are funded through UBS FS's business operations."

Defendant's answer to Plaintiff's Interrogatory No. 4, Set 1 is incomplete because it did not attach documentation to show that the response is true. For example, Defendants should attach a copy of the budget allocation for salaries and a copy of the financial statements submitted to the Internal Revenue Service in support of the tax declaration for the Tax Year 2009 on both companies, UBS FS and UBS AG. Defendant's objection quoted above in its response to Interrogatory No. 4 is deemed waived under Rule 33, (b)(4) when it served late its responses to plaintiff's Interrogatories , Set 1. The tardiness of Defendant's service of its responses to Plaintiff's Interrogatories, Set 1 is explained by the plaintiff above in paragraph "5. Interrogatory No. 4, Set 1 of Plaintiff." For the same reasons under the Federal Rules of Civil Procedure cited in paragraph 4 above, Defendants can be compelled to complete their answr.

6. Interrogatory No. 7, Set 1 of Plaintiff. The latter interrogatory asks, quote:

, Set

1 "7. On or about April 28, 2006 and continuing thereafter up to the present date, did
2 you discuss or engage in communications by electronic means, telex advise,
3 telephone, or email, including oral or written, with Standard Trust Bank PLC of
4 Lagos, Nigeria concerning a fund transfer to the plaintiff, Carl L. Jimena of 19 million
5 US dollars?"

6

7 Defendants answer to Interrogatory 7, Set 1 of Plaintiff is as follows:
8 "RESPONSE TO INTERROGATORY NO. 7:
9 No."

10 Plaintiff demands a true answer. The answer of the Defendants is false because it is
11 contrary to the whole evidence of the plaintiff produced at mandatory initial disclosure
12 which as commented by the Advisory Committee under Rule 26, FRCP could be used
13 "to support motions". It is contrary to Plaintiff's Exhibit 15 and 16 now established to
14 be the evidence of the fund transfer contract because the original copy of Exhibit 16
15 that printed out of UBS AG's computer and transmitted to Standard Trust Bank, now
16 submitted in this case as Exhibit 16, is being denied in bad faith by UBS AG in spite
17 of the fact that it is precluded by the rule of estoppel to deny the contract and the
18 receipt of the 19 million U.S. dollars as explained in Plaintiff's Third Amended
19 Complaint, pages 59 to 61 thereof. In addition, in Exh. 51.1, last paragraph, Clive
20 Standish for himself and in behalf of UBS AG, admitted liability to pay the 19 million
21 dollars but objects to payment of interest when he said: " Your demand for an interest
22 of 10% is not feasible as you already know that the US$19,0M is a special deposit that
23 cannot attract any interest" . In a special deposit, UBS AG as trustee cannot deny and
24 is precluded to deny it never received the funds.(Footnote 10, page 12-13, Doc. 169)
25 UBS AG is precluded from denying it does not have the subject of bailment. The
26 bailor's title (plaintiff herein) to the property is not divested either by bailee's (UBS
27 AG) wrongful conversion of the property to the bailee's own use or to that of another
28 (New Liverpool Salt Co. v. Western Salt Co., (1907) 151 Cal. 479, 483) Based on
29 the latter authority, the automatically excluded declarants Saumya Bhavsar and Patrick

7

● ●

1  Mathieu's Affidavit or Declaration fails to support any motion, hearing or trial in this
2  case.

3      Further, On May 2, 2006, in Exh. 25 another admission of liability, Clive
4  Standish for himself and in behalf of UBS AG, in his email of the same date
5  acknowledged receipt of the payment order for 19 million dollars, acknowledged that
6  plaintiff is the beneficiary and also an acknowledgement of receipt of the 19 million
7  dollars when he said (it must be noted that the credit remittance of 19 million dollars
8  is in Exh. 15):

9       "We wish to officially write to inform you that the Union Bank of
10      Switzerland has received instructions from the Standard Trust
11      Bank PLC.,, Lagos, AC Nigeria to credit without delay the sum
12      of US$19,000,000.....only to your account at the Washington
13      Mutual Bank.".
14

15      In Doc. 33, page 4, line 24, it states that "UBS AG contends it never received
16  such transfer" [of 19 million U.S. dollars from Standard Trust Bank for delivery to
17  Plaintiff.] From this contention of defendants, they could anticipate what witnesses
18  and documents they need to support their contention. Defendants are precluded from
19  saying later on that the witnesses they are presenting are not anticipated when the
20  issue is there right from the beginning which they have to support by evidence.
21  Defendants are required under Rule 26(a) FRCP, mandatory initial disclosure, to
22  disclose the names of witnesses they are to use by way of defense to forthcoming
23  motions, hearing and trial and likewise to disclose documents for their defense, the
24  best document being records of bank deposits for April 28, 2006 supported by an
25  Audit Report from a U.S. resident Auditing Firm located in the U.S.. Defendants
26  should have listed at the mandatory initial disclosure that Saumya Bhavsar and Patrick
27  Mathieu will be used as witnesses and Defendants failure to disclose them at
28  mandatory initial disclosure subjects them to the automatic, self-executing, mandatory
29  sanction of precluding them to be declarant or witnesses in support of any motion,

8

1  hearing or trial. (Rule 37(c)(1). FRCP. To quote Salgado v. General Motors Corp. ,
2  150 F. 3d 735, 742 (7th Cir. 1998):

3  "Not only do we believe that the violation of Rule 26 is clearly established but
4  we also believe that the district court acted well within its discretion when it
5  decided to impose the sanction of precluding the witnesses from testifying. As
6  we noted in Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir.1996), the
7  sanction of exclusion is automatic and mandatory unless the sanctioned party
8  can show that its violation of Rule 26(a) was either justified or harmless."
9
10  The above ruling of the 7th Circuit Court is in accord with the comments of the
11  Advisory Committee on Rule 37(c), FRCP in the year 1993, stating that the drafters
12  described the evidence preclusion sanction for a party's failure to make mandatory
13  disclosure as "self-executing" and "automatic" and the intent of the drafters appears to
14  have been that evidence preclusion sanctions are to be imposed without need of a
15  motion. (See Advisory Committee's comment on Rule 37(c). FRCP in 1993)  The
16  trend of lower courts is aligning to the above ruling of the 7th Circuit Court. Thus in
17  the case of Melczer v. Unum Life Ins. Co. of America, 2009 Lexis U.S. Dist. Lexis
18  82549 (D. Ariz., July 16, 2009)  plaintiff successfully  excluded under Rule 37(c)(1),
19  FRCP,   526 documents that were untimely disclosed. In the case of Gotlin v.
20  Lederman, 2009 .U.S.Dist. Lexis  78818 (E.D.N.Y.) plaintiff was precluded from
21  using Italian Medical Records because of failure to include the records at the
22  mandatory initial disclosure. In the case of Debose v. Broward Health, 2009 U.S. Dist.
23  Lexis 45546, (S.D. Fla, May 20, 2009) at page 7-8 , defendant brought a motion to
24  exclude plaintiff 's late disclosed witness under Rule 26(a),  FRCP which was granted.
25  In the case of Elion v. Jackson, Civil Action No. 05-992, 20006 WL 2583694 ,
26  D.D.C., September 8, 2006 the Court held that Rule 37(c)(1), FRCP is self-executing
27  sanction and the motive or reason for the failure is irrelevant.

28  From all emails of Clive Standish, Exhibit 25 to 58, below the salutation "Sir"
29  appears "Re:  Transfer of USD19,000,000.00 from Standard Trust Bank Plc." From
30  this it could be said that the account coded escrow was placed in the name of Standard

9

1   Trust Bank with Plaintiff named as beneficiary with instruction to deliver the 19
2   million dollars to Plaintiff. If plaintiff's name does not appear as beneficiary or the
3   account coded escrow does not have any instruction to deliver the 19 million dollars
4   to the plaintiff, then UBS AG did not perform its obligation under the contract Exhibit
5   15 and 16, now admissible beyond doubt as the evidence of the contract because of
6   the unavailability of UBS AG copy lodged in its computer due to a bad faith denial of
7   Exhibit 16. (Rule 1004, (1) originals could have been destroyed by deletion (2)
8   originals could not be obtained by motion to compel (3),From the time complaint was
9   filed, UBS AG is on notice that the original of Exhibit 16 would be the subject of
10  proof at any hearing and UBS AG did not produce the original of Exh. 16, lodged in
11  its computer on the day of the hearing of the motion to compel Doc. 211 and 212 and
12  even before during the proceedings on Doc. 49, all three subdivisions of Rule 1004,
13  FRE are applicable because of bad faith denial of the contract) Federal Rules of
14  Evidence

15          Plaintiff will not waive in any manner that Saumya Bhavsar and Patrick
16  Mathiew are barred from being declarant or witnesses in this case. Quoting the
17  declaration of the two automatically excluded witnesses, Saumya Bhavsar and Patrick
18  Mathieu, they state that "there was never a deposit or transfer in the amount of US$19
19  million made to an account relationship in the name of or to the benefit of Mr. Jimena
20  maintained with UBS AG IN Zurich, at anytime in April 2006, from a bank called
21  "Standard Trust Bank Plc". (underlining mine) As already stated above, the account
22  coded escrow could have been placed in the name of Standard Trust Bank, which is an
23  error because the account should be placed in the name of the Plaintiff as beneficiary
24  or the account should contain an instruction that it is for delivery to the named
25  beneficiary. The declaration of Saumya Bhavsar and Patrick Mathieu did not state
26  that they made a search for an account in the name of Standard Trust Bank for 19
27  million U.S. dollars . Hence, they could not find an account in the name of the
28  Plaintiff as beneficiary. They must first find the account in the name of Standard

10

1  Trust Bank, then find if Plaintiff is named as beneficiary. If still they do not find an

2  account in the name of Standard Trust Bank created on April 28, 2006 for 19 million

3  U.S. dollars with plaintiff as named beneficiary, then UBS AG failed to perform its

4  duty under the fund transfer contract Exhibit 15 and 16. UBS AG is obligated to place

5  the account coded escrow in Exhibit 16 in the name of the Plaintiff so that it could

6  comply with the fund transfer contract it accepted in Exhibit 16. This again is a

7  breach of fiduciary duty, because the account coded escrow as stated above is a

8  special deposit creating the relationship of trustee (UBS AG) and beneficiary

9  (Plaintiff). A breach of fiduciary duty is fraud. (Van de Camp v. Bank of America

10  [1988] 204 Cal. App. 3d 819, 858)

11  If a search in the account name of Standard Trust Bank for 19 million dollars

12  created or entered in the books of UBS AG on April 28, 2006 to the benefit of

13  plaintiff as beneficiary could not be found, then UBS AG again breached its fiduciary

14  duty to the beneficiary Plaintiff which is a fraud. (Van de Camp v. Bank of America,

15  supra)

16  Who knows if UBS AG had placed the account in its own name so that any

17  search in any other name, whether Standard Trust Bank or that of the Plaintiff would

18  result in nothing found. Who knows if the account coded escrow was totally deleted

19  from UBS AG's computer. Only the report of an independent auditing firm resident

20  and located in the U.S. who made an audit of the account for the month ending April

21  2006 could confirm the true status of the account coded escrow. Absent the latter

22  auditing report and absent an initial disclosure of the same auditing report at the

23  mandatory initial disclosure, UBS AG's defense must fail and could not be proven by

24  eleventh hour witnesses such as the automatically excluded declarant witnesses

25  Saumya Bhavsar and Patrick Mathieu whose declarations are totally sham and false.

26  So many things could have happened between 2006 and 2010 t on the account coded

27  escrow which may include deleting completely the account coded escrow, deleting the

28  name of the beneficiary from the account entered in the name of Standard Trust Bank,

11

1  changing the name in the account coded escrow to the name of UBS AG – these are
2  some of the possibilities.

3  Defendants answer to Plaintiff's Interrogatory No. 7 is false. It runs counter to
4  the total weight of Plaintiffs evidence consisting of Exhibits 25, to 58, 6,7,8,
5  12,13,19,20 all emails of Clive Standish; Exhibits 59–64, Exh. 11, 11a with its
6  attachment, Exhibit 15, 16, 59.1C, 59.1D, 15.1 and 16.1 (the latter two attached to
7  plaintiff's opposition to summary judgment) all emails of Standard Trust Bank;;
8  Exhibits 65, 66, 74 emails of Atty. Smith Coker;  Exhibits 9 and 10 emails of
9  APGML;  Exhibits 25.2, Exhibit 25.3 email of Atty. Ademola Adeshina. The emails
10 of the latter non-parties to this case contain a discussion of identifiable matter which is
11 the fund transfer of 19 million dollars authenticating themselves as to content and
12 substance. The email address of Atty. Smith Coker, barr_smith1980@yahoo.com
13 containing the "@" symbol widely known to be part of an e-mail address and certainly
14 a distinctive mark that identifies the document in question as an e-mail. In addition,
15 the e-mail of Atty. Smith Coker contain the name of the person connected to the
16 address which is "smith". Atty. Smith Coker e-mails contain his name as sender with
17 plaintiff's name as recipient. His e-mail contain his name at the signature block at the
18 end of the e-mail, in the headings "From;" it contains the name Smith Coker. The
19 contents of Atty. Smith Coker e-mails contain the identifiable matter of the fund
20 transfer of 19 million dollars. With respect to the emails of Atty. Ademola Adeshina,
21 it is authenticated in the same manner as Atty. Smith Coker e-mails. Atty. Ademola
22 Adeshina's email address moladeshina@yahoo.com contain the "@" symbol widely
23 known to be part of an e-mail address and certainly a distinctive mark that identifies
24 his emails. His email address contain the name of the person connected to the address
25 which is ""moladeshina". The headings "From:" contain 'ADEMOLA ADESHINA"
26 and his signature at the bottom states 'BARRISTER ADEMOLA ADESHINA". The
27 contents of Atty. Ademola Adeshina's email contain a discussion of identifiable
28 matter which is the transfer of 19 million dollars to Rabo Bank in Purmerend,

12

Holland. The email address of Standard Trust Bank, admin@ubaonline.info can be authenticated in the same manner as that of Atty. Smith Coker and Atty. Ademola Adeshina. Standard Trust Bank's e-mail address admin@ubaonline.info contains the "@" symbol widely known to be part of an e-mail address and certainly a distinctive mark that identifies the document in question as an e-mail. It contains the name of the bank with which Standard Trust Bank is affiliated which is UBA stamped at the top and at the bottom of Exhibit 15 and at the bottom of Exhibit 16. The email address contain the name of Standard Trust Bankat the end in the signature block bearing the signature of the manager. In the headings "From:" it bears the name of Standard Trust Bank and at the body contains the name of recipient Carl L. Jimena. The contents of the email contain a discussion of the identifiable matter of "RE: TRANSFER OF US$19,000,000.00 THROUGH THE UBS, ZURICH". With regards to the emails of Clive Standish, "clive_standish@yahoo.com" it contains the "@" symbol widely known to be part of an e-mail address and certainly a distinctive mark that identifies the document in question as an e-mail. In addition, the e-mail of Clive Standish contains the name of the person connected to the address which is "Clive Standish". Clive Standish e-mails contain his name as sender with plaintiff's name as recipient. His e-mail contain his name at the signature block at the end of the e-mail, in the headings "From;" it contains the name Clive Standish. The contents of Clive Standish e-mails contain the identifiable matter of the fund transfer of 19 million dollars.

The e-mails of Atty. Smith Coker, Atty. Ademola Adeshina, Clive Standish and the email Standard Trust Bank email are all authenticated in accordance with the method of authentication demonstrated in the case of U.S. v. Safavian, 435 F. Supp. 2d 36 at pp. 40-41, to reinforce and make clearer the authentication and in view of the attack by UBS AG in this discovery proceedings that they are not authenticated.

It is clear that UBS AG's response to Plaintiff's Interrogatory No. 7, Set 1 is false and therefore can be sanctioned by considering the fact sought in Interrogatory No. 7 and all questions tied up to the same Interrogatory No. 7 be deemed established.

1    (Anheuser-Busch, Inc. v. Natural Beverage Distrib., 69 F. 3d 337, 350-354 [9th Cir.

2    1995] holding that false answers was a sanctionable conduct). As held in the latter

3    case, a false answer amounts to nothing, is no answer and can be sanctioned. In the

4    *Anheuser-Busch, Inc. case* the District Court found falsity and based on the inherent

5    power of the Court in relation to Rule 37, the sanction imposed was dismissal of the

6    defendant's counterclaim, the most extreme. The 9th Circuit affirmed and said it

7    cannot impose any "alternative authority of Rule 37" (at page 348, *Anheuser-Busch,*

8    *Inc. case)*

9        Rule 26(e), FRCP provides as follows:

10   (e) SUPPLEMENTING DISCLOSURES AND RESPONSES.
11   (1) In General. A party who has made a disclosure under Rule
12   26(a) — or who has responded to an interrogatory, request for
13   production, or request for admission — must supplement or
14   correct its disclosure or response:
15   (A) in a timely manner if the party learns that in some
16   material respect the disclosure or response is incomplete
17   or incorrect, and if the additional or corrective information
18   has not otherwise been made known to the other parties
19   during the discovery process or in writing; or (underlining mine)
20
21       The sanction provided for failure to supplement or correct under Rule 26(e),

22   FRCP, is provided for in Rule 37(c)(1), FRCP, as follows:

23       **(c) Failure to Disclose; to Supplement an Earlier Response, or to Admit.**

24       **(1) Failure to Disclose or Supplement.**

25   If a party fails to provide information or identify a witness as required by Rule
26   26(a) or 26(e), the party is not allowed to use that information or witness to
27   supply evidence on a motion, at a hearing, or at a trial, unless the failure was
28   substantially justified or is harmless. In addition to or instead of this sanction,
29   the court, on motion and after giving an opportunity to be heard:

30   (A) may order payment of the reasonable expenses, including attorney's fees,
31   caused by the failure;

32   (B) may inform the jury of the party's failure; and

14

1    (C) may impose other appropriate sanctions, including any of the orders listed
2    in Rule 37(b)(2)(A)(i)-(vi).

3  Rule 37(b)(2)(A)(i) provides:

4    "(i) directing that the matters embraced in the order or other designated facts be
5    taken as established for purposes of the action, as the prevailing party claims;"
6
7    Plaintiff prays that the facts sought under Plaintiff's Interrogatory No. 7 and all

8  the questions related and referring to Interrogatory No. 7 be deemed established as a

9  sanction under Rule 37(b)(2)(A)(i) for failure of defendant to supplement or correct its

10  answer under Interrogatory No. 7.    This sanction is the same as Plaintiff's

11  Interrogatory No. 1 and 2, Set 1 when Defendants answered falsely they have no copy

12  of Exhibit 15 and 16.and therefore plaintiff prayed that the fund transfer contract as

13  evidenced by Exhibit 15 and 16 be deemed established .

14

15                    DEMAND FOR PRODUCTION OF DOCUMENTS

16    7. REQUEST FOR PRODUCTION NO. 5. The latter demands production of

17  the following: (Plaintiff's Demand for Production is attached as Exhibit Three)

18    "5. All correspondence, memos, messages, corporate minutes  (corporate
19  board of directors minutes), executive board of directors minutes , auditor's findings
20  and recommendations, Accounting Department entries and summaries on the escrow
21  account and fund transfer involved in this case or other written communications
22  concerning funds transfer to the plaintiff." (Note: "corporate board of directors
23  minutes" was inserted by Notice of Errata served on UBS AG on June 26, 2010 under
24  certified receipt no. 7008 1830 0005 6872)
25
26  Defendants response was, quote:
27  "RESPONSE TO REQUEST FOR PRODUCTION NO. 5
28    Defendant responds that it has no documents in its possession responsive to this
29  equest.
30
31                    7.1 Corporate minutes or Executive Board of Directors minutes
32
33    Defendants response to Plaintiff's Request for Production No. 5 is false

34  since it is contrary to Plaintiff's Exhibits 6, 7 and 8  produced at mandatory initial

1    disclosure which could be used as commented by the Advisory Committee to suppoRt

2    motions. Exhibits 6, 7, 8, shows that the Board of Directors, corporate or executive

3    board of directors are involved in making decisions concerning the fund transfer of the

4    19 milion dollars from Standard Trust Bank to Washington Mutual Bank, now Chase.

5    In Exhibit 6, same as Exhibit 53, in the 2nd paragraph, Clive Standish said::

6         "At the end of the several meetings held to resolve and conclude this
7    transaction it was decided that you have to pay the requested Marginal Fluctuation
8    Deficit of US$21,780.00 before the US$19 M will be credited to your account."
9
10        In Exhibit 7, same as Exhibit 52, paragraph 1-2, iClive Standish said:
11        Your messages are acknowledged and I wish to injform you that the UBS is
12   looking into them with a view to resolving the whole situation."
13        We shall be getting back to you as soon as the special meeting conveyed to
14   look into your request/messsagaes conclude their deliberations."
15
16        In Exhibit 8, same as Exhibit 46, paragraph 1, Clive Standish said:
17        "Your messages are acknowledged and I wish to inform you that the
18   Management and Board of the UBS is not happy with what is happening to this
19   transaction because the delay in concluding this transaction is kind of tarnishing the
20   image of the bank." (underlining mine)
21
22        Hence, there is a record of the minutes of the Board of Directors, Corporate or

23   Executive, that defendants have to produce.

24        7.2 Auditor's findings and recommendations:
25        In Exhibit 48.1, 17th line from the top, Clive Standish said:
26        "Several payments go through the UBS and the Auditors have
27   commenced full-scale investigation on the movement/whereabouts of the payment."
28   [of the $51,000]
29
30        In Exhibit 49.1, paragraph 1: Clive Standish stated:
31        "the Auditors used the information you provided to track the payment."
32   (refers to Exhibit 18) (A copy of Defendant's Responses and Objections to Plaintiff's
33   Demand for Production is attached as Exhibit Four)
34        In Exhibit 48.1, about 23rd line from the top, Clive Standish stated

35   another participation of Auditors in this transaction both on the $76,000 and the 19

36   million dollars:

"It will be wise to inform you that the Auditors here monitors all transaction."

All of the above quotations from the Exhibits show the Auditors have findings and recommendations that UBS AG must produce.

## CONCLUSION AND PRAYER

Plaintiff pray that a finding or ruling be made by the Magistrate Court that Plaintiff's Request for Admission is deemed admitted by the Defendants. This will render moot all pending discovery motions particularly Doc. 211, 212 and the above-captioned motion or this motion.

"Under Rule 36 of the Federal Rules of Civil Procedure, if a party does not timely respond to a request for admissions, the non-answering party has automatically admitted the truth of all matters contained in the request for admissions. [4] Fed. R. Civ. P. 36(a); *O'Campo v. Hardisty*, 262 F.2d 621, 623 (9th Cir. 1958). No motion to "establish the admissions is needed because Rule 36 is self-executing." *Cook v. Allstate Ins. Co.*, 337 F. Supp. 2d 1206, 1210 (C.D. Cal. 2004)." Switchmusic.com., Inc. v. U.S. Music Corp., 416 F. Supp. 2d 812, 817 (C.D. Cal. 2006)

Plaintiff further pray as follows:

## INTERROGATORIES

1. On Plaintiff's Interrogatory No. 24, Set 1 (par. 4 above) Defendants be ordered to complete their answer. Plaintiff prays as an alternative that it be declared established that the two email address of Clive Standish are (1)"clive_standish@yahoo.com " , his personal or home email address and (2) customerservices@privateclientsubs.cjb.net, his office email address which is an appropriate sanction as explained in paragraph 6 below, page 14 hereof, regarding Plaintiff's Interrogatory No. 7, Set 1. [Rule 37(b)(2)(A)(i), FRCP]

2. On Plaintiff's Interrogatory No. 1, Set 1, (par. 4 above) Defendants be ordered to complete their answer. [Rule 37(a)(4), FRCP and Rule 37(a)(3)(iii)]

3.  On Plaintiff's Interrogatory No. 4, Set 1 (par. 5 above) Defendants be ordered to complete their answer. [Rule 37(a)(4), FRCP and Rule 37(a)(3)(iii)]

4.  On Plaintiff's Interrogatory No. 7, Set 1, (par. 6 above) Defendants be ordered to make a true answer or the defendants be sanctioned for making a false answer by considering the facts sought in the answer and all Interrogatories referring to Interrogatory No. 7, be considered established under Rule 37(b)(2)(A)(i). FRCP.

## DEMAND FOR PRODUCTION

5.  On Request for Production No. 5:

7.1  At paragraph 7.1 above: Corporate Minutes or Executive Board of Directors Minutes – Defendants be ordered to produce the minutes related to Exhibit 6 or Exhibit 53, 2nd paragraph, Exhibit 7 or Exhibit 52, paragraph 1-2, Exhibit 8 or Exhibit 46, paragraph 1 and other corporate minutes or executive board of directors minutes related to the fund transfer contract evidenced by Exhibit 15 and 16. Alternatively, the answer being false, it be declared that the facts stated in Exhibits 6, 7, 8 be declared established and that Exhibits 6, 7, 8 are authentic. Rule 37(b)(2)(A)(i). FRCP.

7.2  At paragraph 7.2 above, Auditors findings and recommendations. Defendants be ordered to produce records of auditors findings and recommendations related to Exhibit 48.1, Exhibit 49.1. Alternatively, the answer being false, it be declared that the facts stated in Exhibits 48 and 49 be declared established and that Exhibits 48 and 49 are authentic. Other equitable relief is prayed for. Rule 37(b)(2)(A)(i). FRCP.

Dated: August 18, 2010.

Respectfully submitted,

CARL L. JIMENA
Plaintiff, Pro Se

18

1                   CERTIFICATE OF AN ATTEMPT TO MEET AND CONFER

2

3          Pursuant to Rule 37(a)(1), FRCP, Before filing the above-captioned motion and
4  in an effort to obtain the information without court action, I, CARL L. JIMENA do
5  hereby certify that I attempted in good faith to meet and confer with Atty. Jacob S.
6  Krielkamp, counsel for the defendants who failed to make the disclosure or discovery.
7  Plaintiff's attempt to meet and confer are detailed herein. Plaintiff manifests that
8  before filing this motion, on August 18, 2010, 9:02 a.m. plaintiff called Atty. Jacob S.
9  Krielkamp telephone no. 213 683 9260 but there was no answer. On the same day at
10  about 12:34 p.m., plaintiff left message on Atty. Krielkamp's answering machine to
11  meet and confer immediately on my motion to compel about to be filed. Plaintiff
12  called back at about 12:37 p.m., same day, Atty. Krielkamp's phone number. Ana
13  Velasquez his secretary answered who said Atty. Krielkamp is out of town and will be
14  back Friday, August 20, 2010. She does not know what time he will be back on
15  Friday. Plaintiff told Ana he will file his motion to compel and plaintiff will meet and

16

17

18  confer with Atty.Krielkamp as soon as he is available after plaintiff files his motion.
19  Plaintiff told Ana he is already short of time in filing his motion to compel.

20         I declare under penalty of perjury under federal law that the foregoing is true
21  and correct.

22

23                           CARL L. JIMENA,
24                           Plaintiff Pro Se

25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41

. Set

1   CARL L. JIMENA
2   14774 Desert View Ave.
3   North Edwards, California 93523
4   Tel. 661-406-1616
5
6   Plaintiff, In Propia Persona
7
8                  UNITED STATES DISTRICT COURT
9        EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION
10             2500 Tulare St., Room 1501, Fresno, CA 93721
11
12  CARL L. JIMENA
13           Plaintiff,                    | Civ.Case . 1:07-CV-00367-OWW-SKO
14                                          | Hon. Judge Sheila K. Oberto
15  vs.                                     | Place:        Court Room 8
16                                          | Hearing Date: Sept. 13, 2010
17  UBS AG ( ZURICH, SWITZERLAND           | Time:         10:00 am.
18  HEADQUARTERS);
19  et. al.,
20           Defendants
21  x------------------------------------------------x
22       NOTICE OF HEARING, MOTION AND MEMORANDUM TO COMPEL
23       PRODUCTION OF DOCUMENTS AND TO COMPEL RESPONSES TO (1)
24    INCOMPLETE RESPONSES TO PLAINTIFF'S INTERROGATORIES AND (2)
25                        TO FALSE ANSWERS
26  TO :  ATTY. JACOB S. KREILKAMP
27        MUNGER, TOLLES & OLSON
28        355 South Grand Avenue, 35th Floor
29        Los Angeles, CA 90071-1560
30
31       Notice is hereby given that on September 13, 2010, at 10:00: am. in the above
32  address of the U. S. District Court, plaintiff will, and hereby does move to TO
33  COMPEL PRODUCTION OF DOCUMENTS AND TO COMPEL RESPONSES TO
34  (1) INCOMPLETE RESPONSES TO PLAINTIFF'S INTERROGATORIES AND (2)
35  TO FALSE ANSWERSThe motion  will be made on the basis of Rule 37, FRCP and
36  other specific provisions of Rule 37 cited in the instant motion..
37       Dated: August 18, 2009

38                                           *Carl L. Jimena*
39                                           CARL L. JIMENA
40                                           Plaintiff, In Propia Persona

                              20

1  CARL L. JIMENA
2  14774 Desert View Ave.
3  North Edwards, California 93523
4  Tel. 661-406-1616
5
6  Plaintiff, In Propia Persona
7
8
9              UNITED STATES DISTRICT COURT
10     EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION
11           2500 Tulare St., Room 1501, Fresno, CA 93721
12
13  CARL L. JIMENA
14           Plaintiff,                    Civ.Case . 1:07–CV–00367–OWW–SKO

15  vs.                                     Hon. Judge Sheila K. Oberto
16
17                                          Hearing date: September 13, 2010
18                                          Place:   Court Room 8
19  UBS AG (ZURICH,                         Time:  10:00 a.m.
20  SWITZERLAND HEADQUARTERS);
21  et. al.,                                CERTIFICATE OF SERVICE
22           Defendants.          ;         BY MAIL
23  x----------------------------------------------x
24

25        I, Carl L. Jimena declare: I am not less than 18 years of age and a party to the
26  within case.   My business address is 14774 Desert View Ave., North Edwards,
27  California.   I served the Plaintiff's NOTICE OF HEARING, MOTION AND
28  MEMORANDUM TO COMPEL PRODUCTION OF DOCUMENTS AND TO
29  COMPEL RESPONSES TO (1) INCOMPLETE RESPONSES TO PLAINTIFF'S
30  INTERROGATORIES AND (2) TO FALSE ANSWERS by First Class United States
31  mail, postage pre-paid at California City Post Office on Aug. 19, 2010 and addressed
32  to the defendant UBS AG's and UBS FS attorney as follows:
33           Atty. Jacob S. Kreilkamp, Munger Tolles & Olson
34           355 South Grand Avenue, 35th Floor
35           Los Angeles, California 90071-1560
36
37        I declare under penalty of perjury under federal law that the foregoing is true
38  and correct.
39        Dated: Aug. 18, 2010
40
41                                          Carl L. Jimena, Pro Se

21

EXH. TWO

EXH. TWO

1   GEORGE M. GARVEY (State Bar No. 089543)
    JACOB S. KREILKAMP (State Bar No. 248210)
2   MUNGER, TOLLES & OLSON LLP
    355 South Grand Avenue
3   Thirty-Fifth Floor
    Los Ángeles, CA 90071-1560
4   Telephone: (213) 683-9100
    Facsimile: (213) 687-3702
5   *Jacob.Kreilkamp@mto.com*

6   Attorneys for Defendant
7   UBS AG

8

9               UNITED STATES DISTRICT COURT

10              EASTERN DISTRICT OF CALIFORNIA

11                    FRESNO DIVISION

12

| | |
|---|---|
| 13 CARL L. JIMENA, | CASE NO. 07-CV-00367-OWW-TAG |
| 14        Plaintiff, | |
| 15     vs. | **DEFENDANT UBS AG'S RESPONSES AND OBJECTIONS TO PLAINTIFF CARL L. JIMENA'S INTERROGATORIES** |
| 16 UBS AG BANK, INC., SWITZERLAND | |
| 17 HEADQUARTERS; UBS AG BANK, INC., MANHATTAN, | |
| 18 NEW YORK BRANCH; UBS FINANCIAL SERVICES, INC., | |
| 19 BAKERSFIELD, CALIFORNIA BRANCH; AND UBS FINANCIAL | |
| 20 SERVICES, INC., WEEHAWKEN, NEW JERSEY BRANCH; CLIVE | |
| 21 STANDISH, | |
| 22       Defendants. | |

23

24

25  PROPOUNDING PARTY:    CARL L. JIMENA

26  RESPONDING PARTY:     UBS AG

27  SET NO.:              ONE

28
                                    2

1      UBS AG ("Defendant") objects that these Interrogatories did not include a

2    proof of service. Defendant will nevertheless assume that they were served by mail

3    on June 7, 2010, meaning that Defendant's responses are due to be served by July

4    12, 2010 (pursuant to FRCP 6(a)(1)(C), the first non-weekend day following 30

5    days, pursuant to FRCP 33(b)(2), plus 3 days, pursuant to FRCP 6(d)).

6      Subject to the preceding general objection, Defendant responds:

7

8    **INTERROGATORY NO. 1:**

9      IDENTIFY yourself which includes if telephone no. 41 1 2341111, fax no.

10   41 1 3553864, physical address Gessneralle 3, CH-8001, Zurich, Switzerland,

11   belongs to UBS AG (Zurich, Switzerland Headquarters).

12   **RESPONSE TO INTERROGATORY NO. 1:**

13      Defendant objects that this Request is directed in part to UBS Financial

14   Services, Inc. ("UBS FS"), which is no longer a party to this case, and Defendant

15   will not respond on UBS FS's behalf. Subject to the foregoing objection,

16   Defendant responds that Defendant is a global firm providing financial services to

17   private, corporate and institutional clients, with an office at Gessneralle 3, CH-

18   8001, Zurich, Switzerland.

19

20   **INTERROGATORY NO. 2:**

21      IDENTIFY all persons who assisted in preparing responses to these

22   interrogatories.

23   **RESPONSE TO INTERROGATORY NO. 2:**

24      These responses were reviewed and verified by Saumya Bhavsar.

25

26

27

28

2

11047070.1

1  **INTERROGATORY NO. 3:**

2      In Exhibit 16 of the amended complaint, about 18 lines from the top on the

3  right side, the name Carl L. Jimena and his address appears.  Explain why the name

4  Carl L. Jimena and his address appears there.

5  **RESPONSE TO INTERROGATORY NO. 3:**

6      Defendant has no information as to why Mr. Jimena's name appears on this

7  document, as Defendant contests its authenticity.

8

9  **INTERROGATORY NO. 4:**

10      Where does the operating expenses and money paid as salaries to employees

11  of UBS FS ultimately come from?

12  **RESPONSE TO INTERROGATORY NO. 4:**

13      Defendant objects that this Interrogatory is vague and ambiguous in its

14  entirety, and also overbroad, irrelevant, and not reasonably calculated to lead to the

15  discovery of admissible evidence.  Without waiving the foregoing objection,

16  Defendant states that UBS FS's operating expenses, including salaries, are funded

17  through UBS FS's business operations.

18

19  **INTERROGATORY NO. 5:**

20      State the location of each unit of COMPUTER EQUIPMENT as part of your

21  computer system pinpointing the COMPUTER EQUIPMENT where the fund

22  transfer involved in Interrogatory 7 is recorded and located.

23  **RESPONSE TO INTERROGATORY NO. 5:**

24      Defendant responds that the "fund transfer involved in Interrogatory 7" never

25  occurred, and therefore that no aspects of its computer systems recorded any such

26  transfer.

27

28

3

11047070.1

1    **INTERROGATORY NO. 6:**

2         Describe fully or identify the OPERATING SYSTEM used for all

3    programmable EQUIPMENT identified in your answer to Interrogatories 5.

4    **RESPONSE TO INTERROGATORY NO. 6:**

5         Defendant responds that because no computer system recorded any such

6    transfer, no operating system was involved either.

7

8    **INTERROGATORY NO. 7:**

9         On or about April 28, 2006 and continuing thereafter up to the present date,

10   did you discuss or engage in communications by electronic means, telex advise,

11   telephone, or email, including oral or written, with Standard Trust Bank PLC of

12   Lagos, Nigeria concerning a fund transfer to the plaintiff, Carl L. Jimena of 19

13   million US dollars?

14   **RESPONSE TO INTERROGATORY NO. 7:**

15        No.

16

17   **INTERROGATORY NO. 8:**

18        If your answer to Interrogatory 7 is yes, describe fully the substance of each

19   non- privileged communication or discussion, email or telex advise.

20   **RESPONSE TO INTERROGATORY NO. 8:**

21        Not applicable.

22

23   **INTERROGATORY NO. 9:**

24        If your answer to Interrogatory 7 is yes, state the date, time, place, and form

25   of each such communication, discussion, email or telex advise?.

26   **RESPONSE TO INTERROGATORY NO. 9:**

27        Not applicable.

28

07-CV-00367-OWW-SKC
UBS AG'S RESPONSE TO
INTERROGATORIES

11047070.1

1   **INTERROGATORY NO. 10:**

2       If your answer to Interrogatory 7 is yes, IDENTIFY every person who was

3   present at each such communication, discussion , email, or telex advise including

4   the recipients and sender of the communication and any person to whom the

5   communication was directed; including names of auditors who made findings and

6   recommendations, executives, members of the board of directors, both corporate

7   and executive Board of Directors, who were consulted, participated, discussed,

8   made decisions concerning the fund transfer and account coded escrow involved in

9   this case,

10  **RESPONSE TO INTERROGATORY NO. 10:**

11      Not applicable.

12

13  **INTERROGATORY NO. 11:**

14      If your answer to Interrogatory 7 is yes, IDENTIFY all DOCUMENTS ,

15  including email, telex advise or electronic documents, that contain the

16  communications or discussions, further including findings and recommendations of

17  auditors on the fund transfer, Department of Accounting entries and summaries on

18  the fund transfer and account coded escrow, summary statement of the minutes of

19  the Board of Directors, corporate and/or executive, on the fund transfer.

20  **RESPONSE TO INTERROGATORY NO. 11:**

21      Not applicable.

22

23  **INTERROGATORY NO. 12:**

24      In your answer to interrogatory 11, is one of the documents a payment order

25  (identified in this case as Exhibit 15) for 19 million US dollars issued by and from

26  Standard Trust Bank PLC, naming plaintiff as beneficiary, naming UBS AG as

27  intermediary?

28

11047070.1

**RESPONSE TO INTERROGATORY NO. 12:**

   Not applicable.


**INTERROGATORY NO. 13:**

   If your answer to Interrogatory 12 is yes, did you accept the payment order (identified in this case as Exhibit 15) of Standard Trust Bank PLC and notified the latter company accordingly?

**RESPONSE TO INTERROGATORY NO. 13:**

   Not applicable.


**INTERROGATORY NO. 14:**

   If your answer to Interrogatory 13 is yes. IDENTIFY the DOCUMENTS (refer to definition G above) containing your acceptance, (identified in this case as Exhibit 16) of the payment order of Standard Trust Bank PLC.

**RESPONSE TO INTERROGATORY NO. 14:**

   Not applicable.


**INTERROGATORY NO. 15:**

   In Annex/Exhibit 16 of the 2nd and 3rd amended complaint, disclose/decode the bar code below the words "A/C & CO DED ESCROW", which is the account number of the account coded escrow, located at the left bottom side of the same Exhibit 16.

**RESPONSE TO INTERROGATORY NO. 15:**

   Defendant objects that this Interrogatory is vague and ambiguous as to "disclose/decode." Defendant further responds that "Annex/Exhibit 16" is not authentic and did not originate with Defendant, and that Defendant is unable to "disclose/decode" any part of that document.

6

11047070.1

1   **INTERROGATORY NO. 16:**

2        If your answer to interrogatory 13 is yes, did you receive the fund transfer of

3   19 million US dollars from Standard Trust Bank which is payment under the

4   payment order referred to in Interrogatory 12.

5   **RESPONSE TO INTERROGATORY NO. 16:**

6        Not applicable.

7

8   **INTERROGATORY NO. 17:**

9        If your answer to interrogatory 16 is yes, did you deposit into an escrow

10   account the 19 million US dollars you received from Standard Trust Bank PLC?

11   **RESPONSE TO INTERROGATORY NO. 17:**

12        Not applicable.

13

14   **INTERROGATORY NO. 18:**

15        State the details of the account coded escrow including the account number,

16   date it was set up, name of the account holder, the amount, a description as to when

17   it is to be delivered to the plaintiff, the beneficiary's bank where it is to be

18   delivered, the charges imposed such as the Anti-Drug/Terrorist Clearance

19   Certificate and Marginal Fluctuation Deficit.

20   **RESPONSE TO INTERROGATORY NO. 18:**

21        Defendant objects to that Interrogatory No. 18 is vague and ambiguous in its

22   entirety.  Assuming that Interrogatory No. 18 calls for information related to the

23   alleged $19 million transfer that is the subject of Plaintiff's other interrogatories,

24   Defendant can provide no response to Interrogatory No. 18, because no such

25   transfer ever occurred.

26

27

28

11047070.1

1    **INTERROGATORY NO. 19:**

2        State a minimum of ten fund transfers performed by UBS FS (Weehawken,

3    N.J. main office and Bakersfield, California Branch, five fund transfers for each) in

4    behalf of its customers from the bank of one State to the Bank of another State.

5    whether domestic or foreign bank.

6    **RESPONSE TO INTERROGATORY NO. 19:**

7        Defendant objects that this Interrogatory is directed at UBS FS, which is no

8    longer a party to this case. Defendant further objects on the grounds that the

9    Interrogatory is vague and ambiguous as to "state a minimum of ten fund transfers,"

10   calls for information that is neither admissible nor reasonably calculated to lead to

11   the discovery of admissible evidence, and further that it calls for information that

12   would violate the privacy of UBS FS customers.

13

14   **INTERROGATORY NO. 20:**

15       In Annex 16 of the amended complaint, about 11 lines from the top, the

16   words "Delivery Monitoring" appears and opposite on the same line at the right

17   side appears -Accepted". Is this the acceptance by UBS AG of the payment order

18   issued by Standard Trust Bank PLC, Annex 15 of the amended complaint?

19   **RESPONSE TO INTERROGATORY NO. 20:**

20       Defendant responds that "Annex/Exhibit 16" is inauthentic and did not

21   originate with Defendant, and that Defendant will not offer guesses as to the

22   meaning of its terms. Defendant further responds that it never accepted a payment

23   order issued by "Standard Trust Bank PLC" relating to a fund transfer to Plaintiff.

24

25   **INTERROGATORY NO. 21:**

26       Underline which of the following allegations apply to the relationship

27   between UBS AG and UBS Financial Services Inc.:

28

07-CV-00367-OWW-SKO
UBS AG'S RESPONSE TO
INTERROGATORIES

11047070.1

1        "UBS Financial Services Inc .is an alter ego of UBS AG due to the existence
2    of any or some of the following facts to be proven by discovery: UBS AG dictates
3    every facet of UBS Financial Services Inc. business from broad policy decisions to
4    routine matters of day to day operation including the fact that it is financially
5    dependent on UBS AG. The separateness between UBS AG and UBS Financial
6    Services Inc. had ceased since the latter is an agent of the former, there is
7    commingling of funds and other assets, UBS AG control the finances of UBS
8    Financial Services Inc.. failure to segregate funds of the separate entities,
9    unauthorized diversion of funds or assets to other than corporate uses, treatment by
10   an individual of the assets of the corporation as his own, failure to obtain authority
11   to issue stock or to subscribe to or issue the same, holding out of an individual that
12   he is personally liable for the debts of the corporation, the failure to maintain
13   minutes or adequate corporate records, confusion of the records of the separate
14   entities, identical equitable ownership in the two entities, identification of the
15   equitable owners thereof with the domination and control of the two entities,
16   identification of the directors and officers of the two entities in the responsible
17   supervision and management, sole ownership of all of the stock in a corporation by
18   one individual or the members of a family, the use of the same office or business
19   location, the employment of the same employees and/or attorney, the use of a
20   corporation as a mere shell, instrumentality or conduit for a single venture or the
21   business of an individual or another corporation, the concealment and
22   misrepresentation of the identity of the responsible ownership, management and
23   financial interest, or concealment of personal business activities, the disregard of
24   legal formalities and the failure to maintain arms-length relationships among related
25   entities, the use of the corporate entity to procure labor, services or merchandise for
26   another person or entity, the diversion of assets from a corporation by or to a
27   stockholder or other person or entity, to the detriment of creditors, or the
28   manipulation of assets and liabilities between entities so as to concentrate the assets

9                                            07-CV-00367-OWW-SKO
                                             UBS AG'S RESPONSE TO
                                             INTERROGATORIES

11047070.1

1    in one and the liabilities in another, the contracting with another with intent to
2    avoid performance by use of a corporate entity as a shield against personal liability
3    or the use of a - corporation as a subterfuge of illegal transactions, the formation
4    and use of a corporation to transfer to it the existing liability of another person or
5    entity."

6    **Response to Interrogatory No. 21:**

7        None of the listed allegations applies to the indicated relationship, although
8    Defendant notes that it and UBS FS employed the same counsel in this proceeding.

9

10   **INTERROGATORY NO. 22:**

11       Referring to what you have underlined in the preceding Interrogatory No. 21,
12   IDENTIFY THE DOCUMENTS that pertains to what you have underlined. (Refer
13   to Definition "G" above)

14   **RESPONSE TO INTERROGATORY NO. 22:**

15       Not applicable.

16

17   **INTERROGATORY NO. 23:**

18       In Annex 16 near the bottom, left side, the first line immediately below the
19   word "acknowledgment", the words "NETWORK RESPONSE TO ___280406
20   FMMRA3008083500" appears. Generally, to what does the latter number refer to?
21   Specifically, does the latter number refer to the payment order (identified in this
22   case as Exhibit 15) UBS AG accepted in Exhibit 16 in this case which number also
23   appears on the "Subject" of the emails of Clive Standish in Exhibits 6, 7. 8, 12, 13,
24   19, 20 of the 2nd and 3rd amended complaint [incorporated by reference and forms
25   an integral part of 3rd amended complaint] and all emails of Clive Standish in
26   Exhbits 25 to 58 copies of which were furnished to you in the initial disclosure?

27   **RESPONSE TO INTERROGATORY NO. 23:**

28       Defendant responds that "Annex/Exhibit 16" is not authentic and did not

10                          07-CV-00367-OWW-SKO
                            UBS AG'S RESPONSE TO
                            INTERROGATORIES

1    originate with Defendant, and that Defendant will not offer guesses as to the

2    meaning of its terms.

3

4    **INTERROGATORY NO. 24:**

5         IDENTIFY the person, Clive Standish.

6    **RESPONSE TO INTERROGATORY NO. 24:**

7         Clive Standish is the former Chief Financial Officer of Defendant.  The most

8    recent address Defendant possesses for Mr. Standish is New Street 225, 3186

9    Brighton, Australia.

10

11   **INTERROGATORY NO. 25:**

12        If your answer to Interrogatory 7 is yes, IDENTIFY all ACTS of Clive

13   Standish, with emphasis on his statements, whether by email or otherwise, and his

14   conduct from April 28, 2006 to the present time. in dealing with the fund transfer

15   referred to in Interrogatory 7.

16   **RESPONSE TO INTERROGATORY NO. 25:**

17        Not applicable.

18

19

20   DATED:  July 12, 2010                MUNGER, TOLLES & OLSON LLP
                                          GEORGE M. GARVEY
21                                        JACOB S. KREILKAMP

22

23                                        By: _____
24                                              JACOB S. KREILKAMP

25                                        Attorneys for Defendant
                                          UBS AG
26

27

28

                                          11            07-CV-00367-OWW-SKO
                                                         UBS AG'S RESPONSE TO
                                                         INTERROGATORIES

     11047070.1

## VERIFICATION

I, Saumya Bhavsar, am Executive Director, and I make this verification on behalf of UBS AG. I have read and know the contents of Responses to Plaintiff Carl Jimena's Interrogatories. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of Switzerland that the foregoing is true and correct.

Executed this 12 day of July, 2010 at Zürich, Switzerland.

Saumya Bhavsar, on behalf of UBS AG

EXH. THREE

EXH. THREE

CARL L. JIMENA
14774 Desert View Ave.
North Edwards, California 93523
Tel. 661-406-1616

Plaintiff, In Propia Persona

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION
2500 Tulare St., Room 1501, Fresno, CA 93721

| | |
|---|---|
| CARL L. JIMENA<br>         Plaintiff,<br><br>vs.<br><br>UBS AG (BANK, INC., ZURICH,<br>SWITZERLAND HEADQUARTERS),<br><br>         Defendants.         ; | Civil Case No.  07CV367<br><br>DEMAND FOR PRODUCTION<br>OF DOCUMENTS<br><br>Demanding Party:  Carl L. Jimena,<br>                 Plaintiff<br>Responding Party:  UBS AG<br>       (Zurich Headquarters and<br>       Manhattan Branch)<br>              Defendants<br>Set No. 1 |

x------------------------------------------x

[Notice:  by serving you this document and all discovery papers served on you including the first service of demand for production of Exhibit 15 and 16, plaintiff is not waiving the grounds for default.  Plaintiff is pursuing this discovery to prove that your Answer to 3rd Amended Complaint will not succeed  and therefore You or all defendants are in default.]

TO:  UBS AG (Zurich Headquarters and Manhattan Br.), and to  their attorney of
      record, Atty. George M. Garvey and Atty. Jacob S. Kreilkamp,  Munger Tolls
      and Olson, 355 South Grand Ave., 35th Floor,  Los Angeles, California 90071-
      1560

DEMAND FOR PRODUCTION OF DOCUMENTS

1      Plaintiff, Carl L. Jimena, in propia persona, demands that you produce and

2 permit the inspection and copying by plaintiff himself of the following documents:

3      1. The computer drive, flush drive, DVD Drive, CD-ROM dive, all file

4 storages used by Clive Standish in storing his email messages, communication data,

5 letter, generally. In particular, all of them that is related to the fund transfer

6      2. The names, address (home and office address), telephone number, email

7 address, fax number, of all the investigators you hired to investigate this case.

8      3. All materials in UBS AG's possession , no matter how labeled or where

9 located , that pertain to the escrow account and/or fund transfer in this case for

10 delivery to the plaintiff and the relevant period of time.

11      4. All materials in UBS AG's possession, no matter how labeled or where

12 located, related to the instant fund transfer.

13      5. All correspondence, memos, messages, corporate minutes (corporate board

14 of directors minutes), executive board of directors minutes , auditor's findings and

15 recommendations, Accounting Department entries and summaries on the escrow

16 account and fund transfer involved in this case or other written communications

17 concerning funds transfer to the plaintiff.

18      6. All computer print-outs and computer input information pertaining to the

19 escrow account and/or fund transfer for delivery to the plaintiff

20      7. All correspondence , email messages including all letters, notes, messages,

21 concerning the instant fund transfer., between defendant Clive Standish on the one

22 hand and plaintiff, Financial Action Task Force, Standard Trust Bank, Atty. Ademola

23 Adeshina on the other hand ,

24      8. All documents to or from Clive Standish and other employees of UBS AG

25 participating in the fund transfer to the plaintiff, and the management of UBS AG

26 relating to the instant fund transfer.

1    9. All documents that identify all persons who assisted in the instant fund
2    transfer.

3    10. All documents supporting an explanation of UBS AG' failure to transfer
4    the 19 million US dollars to plaintiff.

5    Plaintiff, Carl L. Jimena, in propia persona, demands that the above listed
6    documents be produced on July 9 (date) [anytime] (time) at the Los Angeles
7    County Law Library located at 301 West First Street, Los Angeles, California 90012
8    for the purpose of inspection and copying. With respect to the file storages
9    mentioned in paragraph 1 above, plaintiff request that it be deposited with the Clerk of
10   Court located at 2500 Tulare St., Room 1501, Fresno, California 93721 so that experts
11   may view them if files have been deleted and to reconstruct them, provided the cost is
12   affordable and if it can be done without time delay.

13   Dated: June 6, 2010

14
15
16                                      CARL L. JIMENA
17                                      Plaintiff, In Prop Persona
18

original sent by Fedex Tracking # 7987/3223/615
6-6-10

corrected by notice of errata on 626-10
certified receipt no. 7008 1830 0005 6872

DEMAND FOR PRODUCTION OF DOCUMENTS

3

EXH. FOUR

EXH. FOUR

JACOB S. KREILKAMP (State Bar No. 248210)
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
*Jacob.Kreilkamp@mto.com*

Attorneys for Defendant
UBS AG

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| CARL L. JIMENA, | CASE NO. 07-CV-00367-OWW-TAG |
| Plaintiff, | **DEFENDANT UBS AG'S RESPONSES AND OBJECTIONS TO PLAINTIFF CARL L. JIMENA'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| vs. | |
| UBS AG BANK, INC., SWITZERLAND HEADQUARTERS; UBS AG BANK, INC., MANHATTAN, NEW YORK BRANCH; UBS FINANCIAL SERVICES, INC., BAKERSFIELD, CALIFORNIA BRANCH; AND UBS FINANCIAL SERVICES, INC., WEEHAWKEN, NEW JERSEY BRANCH; CLIVE STANDISH, | |
| Defendants. | |

PROPOUNDING PARTY:  CARL L. JIMENA

RESPONDING PARTY:  UBS AG

SET NO.:  TWO

1    UBS AG ("Defendant") objects that these Requests did not include a
2  proof of service. Defendant will nevertheless assume that they were served by mail
3  on June 7, 2010, meaning that Defendant's responses are due to be served by July
4  12, 2010 (pursuant to FRCP 6(a)(1)(C), the first non-weekend day following 30
5  days, pursuant to FRCP 34(b)(2)(A), plus 3 days, pursuant to FRCP 6(d)).

6    Defendant also notes that these Requests had many typographical
7  errors, and that in repeating the Requests, Defendant has endeavored to correct
8  these errors where possible.

9    Defendant generally objects that the term "instant fund transfer" is
10  vague and ambiguous, but will interpret it to refer to the alleged $19 million
11  transfer that is the subject of Plaintiff's other discovery requests.

12    Subject to the preceding general objections, Defendant responds:

13

14  **REQUEST FOR PRODUCTION NO. 1:**

15    The computer drive, flash drive, DVD Drive, CD-ROM dive, all file storages
16  used by Clive Standish in storing his email messages, communication data, letters,
17  generally. In particular, all of them that are related to the fund transfer.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

19    Mr. Standish had no email messages, communication data, or letters,
20  with or relating to Plaintiff or the fund transfer, as defined above, and therefore
21  Defendant has no devices in its possession that are responsive to this Request. If
22  this request seeks devices that were *not* used for communications with Plaintiff or
23  relating to the fund transfer, Defendant objects on the grounds that the Request is
24  overbroad and unduly burdensome, and calls for documents and things that are
25  neither admissible nor reasonably calculated to lead to the discovery of admissible
26  evidence.

27

28

2

11046447.1

1 **REQUEST FOR PRODUCTION NO. 2:**

2         The names, address (home and office address), telephone number, email

3 address, fax number, of all the investigators you hired to investigate this case.

4 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

5         Defendant responds that no such documents exist, and further that

6 Defendant did not employ investigators in connection with this case.

7

8 **REQUEST FOR PRODUCTION NO. 3:**

9         All materials in UBS AG's possession, no matter how labeled or where

10 located, that pertain to the escrow account and/or fund transfer in this case for

11 delivery to the plaintiff and the relevant period of time.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

13         Defendant responds that it has no documents in its possession

14 responsive to this Request.

15

16 **REQUEST FOR PRODUCTION NO. 4:**

17         All materials in UBS AG's possession, no matter how labeled or where

18 located, related to the instant fund transfer.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

20         Defendant responds that it has no documents in its possession

21 responsive to this Request.

22

23 **REQUEST FOR PRODUCTION NO. 5:**

24         All correspondence, memos, messages, corporate minutes, auditor's findings

25 and recommendations, Accounting Department entries and summaries on the

26 escrow account and fund transfer involved in this case or other written

27 communications concerning funds transfer to the plaintiff.

28

07-CV-00367-OWW-SKO
UBS AG'S RESPONSE TO DEMAND
FOR PRODUCTION OF DOCUMENTS

11046447.1

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

2          Defendant responds that it has no documents in its possession

3   responsive to this Request.

4

5   **REQUEST FOR PRODUCTION NO. 6:**

6          All computer print-outs and computer input information pertaining to the

7   escrow account and/or fund transfer for delivery to the plaintiff.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

9          Defendant responds that it has no documents in its possession

10  responsive to this Request.

11

12  **REQUEST FOR PRODUCTION NO. 7:**

13         All correspondence, email messages including all letters, notes, messages,

14  concerning the instant fund transfer, between defendant Clive Standish on the one

15  hand and plaintiff, Financial Action Task Force, Standard Trust Bank, Atty.

16  Ademola Adeshina on the other hand.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

18         Defendant responds that it has no documents in its possession

19  responsive to this Request.

20

21  **REQUEST FOR PRODUCTION NO. 8:**

22         All documents to or from Clive Standish and other employees of UBS AG

23  participating in the fund transfer to the plaintiff, and the management of UBS AG

24  relating to the instant fund transfer.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

26         Defendant responds that it has no documents in its possession

27  responsive to this Request.

28

07-CV-00367-OWW-SKO
UBS AG'S RESPONSE TO DEMAND
FOR PRODUCTION OF DOCUMENTS

11046447.1

1  **REQUEST FOR PRODUCTION NO. 9:**

2        All documents that identify all persons who assisted in the instant fund

3  transfer.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

5        Defendant responds that it has no documents in its possession

6  responsive to this Request.

7

8  **REQUEST FOR PRODUCTION NO. 10:**

9        All documents supporting an explanation of UBS AG's failure to transfer the

10  19 million US dollars to plaintiff.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

12        Defendant responds that it has no documents in its possession

13  responsive to this Request.

14

15

16

17

18

19  DATED: July 12, 2010          MUNGER, TOLLES & OLSON LLP
                                   GEORGE M. GARVEY
20                                 JACOB S. KREILKAMP

21

22                         By: _____
23                                 JACOB S. KREILKAMP

24                             Attorneys for Defendant
                               UBS AG
25

26

27

28

                                    5                07-CV-00367-OWW-SKO
                                                     UBS AG'S RESPONSE TO DEMAND
                                                     FOR PRODUCTION OF DOCUMENTS
       11046447.1