1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| CARL L. JIMENA, | CASE NO. 1:07-cv-00367-OWW-SKO |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL** |
| v. | |
| UBS AG BANK, INC., SWITZERLAND HEADQUARTERS, et al., | **(Docket No. 258)** |
| Defendants. | |
| _____/ | |

## I. INTRODUCTION

Plaintiff Carl L. Jimena ("Plaintiff") filed this action on February 5, 2007.  Plaintiff alleges that he was defrauded in a variant of the "Nigerian advance fee scheme" by Clive Standish, the Chief Financial Officer ("CFO") of UBS AG Bank, Inc. ("UBS"), who sent Plaintiff an email from an email address identified as "clive_standish@yahoo.com." Via this email, Clive Standish allegedly offered to transfer $19 million to Plaintiff's bank account by convincing Plaintiff to wire $51,000 via Washington Mutual Bank, Bank of New York, and UBS to an account at a fourth bank, HSBC, to satisfy a purported "Anti-Drug/Terrorist Clearance" fee required for transfers from Nigeria. Plaintiff also asserts that he received electronic correspondences regarding this transaction from an email bearing the address of  "customerservices@privateclientsubs.cjb.net." Plaintiff alleges that he never received the $19 million.

1    On June 6, 2010, Plaintiff apparently delivered various discovery requests to UBS including

2  (1) Interrogatories, Set 1; (2) Request for Admissions, Set 1; and (3) Demand for Production of

3  Documents to a FedEx drop-off location. (*See* Doc. 248.)  No proof of service was provided with

4  the discovery requests, but the discovery requests themselves bear the date of June 6, 2010.  On July

5  12, 2010, UBS served responses to Plaintiff's discovery requests.  On August 20, 2010, Plaintiff filed

6  a Motion to Compel further production of documents and further responses to interrogatories from

7  UBS.  On September 10, 2010, the parties filed a Joint Statement re Discovery Dispute ("Joint

8  Statement") pursuant to Local Rule 251(c).

9    Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding

10  discovery may seek an order compelling disclosure when an opposing party has failed to respond

11  or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B).  The moving party

12  bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery.

13  *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted).

14  **1.    Timeliness of Discovery Responses.**

15    Plaintiff argues that UBS's discovery responses were due on Friday, July 9, 2010, but UBS

16  did not serve responses until Monday, July 12, 2010.  Plaintiff claims that UBS's responses are

17  untimely and that any objections UBS asserted in its responses are waived.  (Joint Statement at 7.)

18   UBS argues that Plaintiff failed to submit a proof of service with his discovery requests, and UBS

19  did its best to ascertain when the responses were due based on a lack of proof of service of the

20  requests.  UBS contends that, if its responses were served a day late, it is because Plaintiff failed to

21  properly issue a proof of service.

22    Apparently, on June 6, 2010, Plaintiff delivered various discovery requests he was attempting

23  to serve on UBS to an OfficeMax FedEx drop off location so that they could be shipped.  Plaintiff

24  did not complete a proof of service for these discovery requests.  Plaintiff did retain, however, a

25  receipt showing that he dropped a package off at FedEx on June 6, 2010, addressed to UBS's

26  counsel.

27    Pursuant to the Federal Rules of Civil Procedure, discovery responses must be served 30

28  days following service of the requests.  *See* Fed. R. Civ. P. 33(b)(2).  The deadline is extended by

2

an additional three days if the discovery was served by mail. *See* Fed. R. Civ. P. 6(d). Therefore, if the discovery was served on June 6, 2010, the deadline for serving a response was July 9, 2010.

UBS asserts that, without the benefit of a proof of service, it had to ascertain when service was completed by Plaintiff. UBS contends that, based on FedEx tracking information, the date of service appeared to be Monday, June 7, 2010, the date FedEx tracking records show that the package was shipped. Counting from June 7, 2010, the thirty-third day falls on Saturday, July 10, 2010. According to Fed. R. Civ. P. 6(a)(1)(C), UBS's responses were, therefore, due on Monday, July 12, 2010. UBS argues that, if it miscalculated the response deadline, it was due to Plaintiff's failure to include a proof of service.

Plaintiff counters that pursuant to *Russell v. City of Milwaukee*, 338 F.3d 662, 665-67 (7th Cir. 2003), "the absence of a certificate [of service] does not require the invalidation of the paper" where actual service has been accomplished. (Joint Statement at 8.)

*Russell* supports the proposition that Plaintiff's discovery requests are not necessarily invalidated due to a lack of proof of service. In other words, UBS would not have been entitled to ignore the discovery requests based on this procedural error. Here, neither party disputes that the discovery requests were actually received by UBS – the question is *when* they were served for purposes of triggering the response deadline. Because the discovery requests were actually served and received – a fact not in dispute – the Court will consider Plaintiff's motion to compel on its merits. *Cf. Willis v. Mullins*, No. CIV-F-04-6542 AWI LJO, 2006 WL 2792857, at * 2-3 (E.D. Cal. 2006) (proof of service is largely irrelevant when service was completed in accord with Rule 5(b)).

Without a proof of service as to the date of mailing, however, the Court will not entertain Plaintiff's argument that UBS's responses to those discovery requests were one day late. It appears that UBS attempted, in the absence of a proof of service, to determine the deadline for responses to the discovery in good faith and did, in fact, serve discovery responses on the date that fell 33 days from the date it ascertained service of the requests was accomplished.

The Court acknowledges Plaintiff's argument that, despite the absence of a proof of service, he can show by other means that service was actually accomplished on June 6, 2010. Plaintiff points to a receipt indicating that he dropped off a package with FedEx on June 6, 2010, addressed to

UBS's counsel and that the discovery itself is dated June 6, 2010.  There is no dispute that Plaintiff served the discovery requests, and the Court is entertaining Plaintiff's motion on its merits. Nevertheless, this does not obviate the need for a proof of service if Plaintiff wishes to enforce the 33-day response deadline under the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 33(b)(2), 6(d).  Plaintiff cannot use the Federal Rules of Civil Procedure as both a sword and shield against UBS by demanding timely responses to discovery requests that are not accompanied by a proof of service necessary to correctly calculate the response deadline.  Under the circumstances, the Court cannot determine that UBS's responses were one day late.

**2.      Specific Discovery Requests Plaintiff Wishes to Compel Further Responses**

**a.      Interrogatory No. 1, Set 1**

In Interrogatory 1, Set 1, Plaintiff requests the following:

**INTERROGATORY NO. 1:**

1.   IDENTIFY yourself which includes if telephone no. 4112341111, fax no. 4113553864, physical address Gessneralle 3, CH-8001, Zurich, Switzerland, belongs to UBS AG (Zurich, Switzerland Headquarters).

UBS responded as follows:

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects that this Request is directed in part to UBS Financial Services, Inc. ("UBS FS"), which is no longer a party to this case, and Defendant will not respond on UBS FS's behalf.  Subject to the foregoing objection, Defendant responds that Defendant is a global firm providing financial services to private, corporate and institutional clients, with an office at Gessneralle 3, CH-8001, Zurich, Switzerland.

(Doc. 258, Ex. 2.)

Plaintiff states UBS's response is inadequate because it does not confirm whether the phone number and facsimile number listed in the interrogatory are correct.  UBS agreed to supplement its answer, and on September 2, 2010, did so by providing the address, phone number, and facsimile number associated with both UBS and UBS FS, despite its objection with regard to UBS FS.  As Defendant supplemented this response,  Plaintiff's motion to compel further responses is DENIED.

**b.      Interrogatory No. 4, Set 1**

Plaintiff seeks a supplemental response to the following Interrogatory:

4

**INTERROGATORY NO. 4:**

Where does the operating expenses and money paid as salaries to employees of UBS FS ultimately come from?

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects that this Interrogatory is vague and ambiguous in its entirety, and also overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving the foregoing objection, Defendant states that UBS FS's operating expenses, including salaries, are funded through UBS FS's business operations.

(Doc. 258, Ex. 2.)

Plaintiff claims that UBS must submit a copy of the budget allocation for salaries and a copy of financial statements submitted to the Internal Revenue Service for the 2009 tax year as to both UBS FS and UBS AG.  UBS objects to the request on grounds that the information is not relevant to Plaintiff's claims which only involve UBS AG and its prior CFO.  UBS argues that UBS FS has been dismissed from this action.  Further, UBS states that it is under no obligation to produce documents responsive to an interrogatory.

First, UBS cannot be compelled to produce documents in response to an interrogatory.  The proper procedure is to serve a Rule 34 request for production of documents concurrently with the interrogatories, asking for production of any documents identified in the interrogatory answers. *See* Fed. R. Civ. P. 33, 34; *see also* Judge William W. Schwarzer, Judge A. Wallace Tashima, and James M. Wagstaffe, Federal Civil Procedure Before Trial § 11:1683 (Hon. Gerald E. Rosen, et al., eds., 2010).  Second, UBS FS's financial and tax information is irrelevant since that party was dismissed from this lawsuit.  Plaintiff's motion to compel document production in response to this interrogatory is DENIED.

      c.     **Interrogatory No. 7.**

Plaintiff requested the following in Interrogatory No. 7:

**INTERROGATORY NO. 7:**

On or about April 28, 2006[,] and continuing thereafter up to the present date, did you discuss or engage in communications by electronic means, telex advise, telephone, or email, including oral or written, with Standard Trust Bank PLC of Lagos, Nigeria concerning a fund transfer to the plaintiff, Carl L. Jimena of 19 million US dollars?

**RESPONSE TO INTERROGATORY NO. 7:**

No.

Plaintiff argues that this answer is false, and UBS should be sanctioned for failing to answer truthfully.  Plaintiff points to the many emails that he purportedly received from UBS's former CFO, Clive Standish, showing that there were communications between UBS and Standard Trust Bank regarding the alleged $19 million transfer of funds to Plaintiff.  However, none of these documents are conclusive to establish that Defendant has falsified its response.

UBS has always maintained that the documents that Plaintiff received via email are fraudulent, and UBS never had communication with Standard Trust Bank regarding a $19 million transfer to Plaintiff.  There is simply no evidence that UBS is not being forthright.  Although Plaintiff may be convinced that the emails he received show evidence of communication between UBS and Standard Trust Bank regarding a $19 million dollar transfer of funds to him, this belief does not make it true or establish that UBS's response is false.  Plaintiff's motion for sanctions against UBS is DENIED.

> **d.      Interrogatory No. 24, Set 1**

In Interrogatory No. 24, Plaintiff seeks the following information:

**INTERROGATORY NO. 24:**

IDENTIFY the person, Clive Standish.[1]

**RESPONSE TO INTERROGATORY NO. 24**:

Clive Standish is the former Chief Financial Officer of Defendant.  The most recent address Defendant possesses for Mr. Standish is New Street 225, 3186 Brighton, Australia.

---

[1]A copy of the interrogatories that were served on UBS is not included in the papers filed in support of Plaintiff's motion.  Plaintiff instead attached a copy of UBS's responses to the interrogatories.  It appears that Plaintiff defined what it meant to "IDENTIFY" a "PERSON" in the definition section of his interrogatories.  Plaintiff provided that the word "person" "shall be understood to refer equally to natural person, corporations, partnerships, limited liability companies, firms, joint ventures, associations or other entities.  Further a request to 'identify' a 'person' shall be understood to include the period of time he was employed by UBS AG and to include as well a request for the person's full name, present address including physical address, present or last known position and business affiliation, title, business telephone number and, if employed or retained by you, each position he or she has held during the period in question, a general description of the duties of such position, the specific period in which the position was held, and the office or location where the position was held."  (*See* Doc. 258.)

Plaintiff argues that the period of time Clive Standish was employed by UBS as well as his email addresses should have been disclosed in UBS's response. Plaintiff seeks to compel UBS to supplement this answer. On September 2, 2010, after the parties met and conferred regarding Plaintiff's motion to compel, UBS supplemented its response to Interrogatory No. 24, providing Clive Standish's birth date, positions he held prior to his tenure at UBS AG, the date he joined UBS AG and his positions within the company, his office address, and the date he retired. (Doc. 265, Ex. 1.) The supplemental response also provided that UBS's counsel expected "to supplement this letter shortly to provide the requested email, direct phone and fax information for Mr. Standish during his tenure at UBS AG." (Doc. 265, Exhibit B.) As Defendant has agreed to supplement its response, the motion to compel further answers is DENIED. **Defendant shall make the supplemental response it agreed to provide on or before October 1, 2010.**

   e.  **Request for Production No. 5.**

Plaintiff served the following demand for production:

> All correspondence, memos, messages, corporate minutes (corporate board of directors minutes), executive board of directors minutes, and auditor's findings and recommendations, Accounting Department entries and summaries on the escrow account and fund transfer involved in this case or other written communications concerning funds transfer to the plaintiff.

UBS responded that "it has no documents in its possession responsive to this request." (Doc. 258.) Plaintiff argues that this response is false because he has documents that were emailed to him that purport to show a fund transfer between Standard Trust Bank and UBS. As explained above, Plaintiff's possession of those documents does not prove that they are actually authentic bank documents of either UBS or Standard Trust Bank, or that UBS is perpetrating a fraud by asserting that it does not have documents responsive to this request. UBS cannot be sanctioned for a false response based on Plaintiff's assertion that it is false. Further, the documents Plaintiff received by email do not establish that UBS has responded falsely, especially since UBS contends the documents Plaintiff received via email are fraudulent. There is simply no evidence that UBS has failed to produce documents that it has in its possession that are responsive to Plaintiff's request. UBS cannot produce documents that it does not have. Plaintiff's motion to compel further documents responsive

7

1  to this request is DENIED WITH PREJUDICE.

2        **3.      Plaintiff's Request for Miscellaneous Relief**

3        Plaintiff has added a section to the Joint Statement that requesting that the Court impose

4  sanctions against UBS for responding late to the discovery and for providing what Plaintiff deems

5  to be false responses to interrogatories.  He requests that the Court order that certain information be

6  "declared established."  Plaintiff requests that two email addresses "be declared established" as

7  authentic email addresses of Clive Standish.  Plaintiff also requests that various other facts be

8  "declared established" due to UBS's allegedly "false" responses to discovery requests.

9        First, while there are several sanctions a court may impose for a failure to respond fully to

10  interrogatories, none includes "declaring established" various information selected by the

11  propounding party.  *See* Fed. R. Civ. P. 37.  Second, UBS's responses will not be deemed untimely

12  because of Plaintiff's failure to submit a proof of service with the requests.

13        Finally, Plaintiff urges the Court to sanction UBS due to false responses to various

14  interrogatories that were predicated on the allegedly false response that UBS provided to

15  Interrogatory No. 7.  Interrogatory No. 7, as set forth above, asked whether, on April 28, 2006, UBS

16  discussed or engaged in communications by various means with Standard Trust Bank concerning

17  a fund transfer to Plaintiff.  UBS responded that it had not.  Plaintiff argues as follows with regard

18  to Interrogatories 11, 12, 13, 14, 15, 16, 17, 18, 20, and 23:

19        It is clear that UBS AG's response to Plaintiff's Interrogatory No. 7, Set 1 is false and
      therefore can be sanctioned by considering the fact sought in Interrogatory No. 7 and
20        all questions tied up to the same Interrogatory No. 7 be deemed established.

21  (Doc. 265.)

22        The Court cannot deem facts established as a discovery sanction in the manner Plaintiff

23  requests.  Plaintiff has not established that UBS's response to Interrogatory No. 7 was false.  Thus,

24  none of UBS's responses to Interrogatories Nos. 11-18, 20, and 23 that built upon its response to

25  Interrogatory No. 7 is necessarily inaccurate for that reason.  Plaintiff's request to deem various facts

26  established as a sanction against UBS is DENIED.

27  ///

28

1     For all the reasons stated above, IT IS HEREBY ORDERED THAT Plaintiff's Motion to
2  Compel is DENIED.
3
4  IT IS SO ORDERED.
5  **Dated:      September 22, 2010**                    **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28