IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL L. JIMENA,<br><br>               Plaintiff,<br><br>     vs.<br><br>UBS AG BANK, et al.,<br><br>               Defendants. | No. CV-F-07-367 OWW/SKO<br><br>ORDER DEEMING PLAINTIFF'S OBJECTIONS FILED ON SEPTEMBER 18, 2010 (Doc. 264) TO BE REQUEST FOR RECONSIDERATION BY DISTRICT COURT OF MAGISTRATE JUDGE'S RULING AND DENYING IN PART AND GRANTING IN PART REQUEST FOR RECONSIDERATION AND REMANDING MOTION TO COMPEL PRODUCTION OF EXHIBIT 15 AND 16 TO MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS |

By Order filed on August 27, 2010, (Doc. 262), United States Magistrate Judge Oberto denied Plaintiff's "motion to compel UBS AG to give its consent for Yahoo Inc. to disclose Clive Standish two email addresses", (Doc. 211), and Plaintiff's "motion to compel UBS AG for production of Exhibit 15 and 16", (Doc. 212).

On September 8, 2010, Plaintiff, who is proceeding *in pro per*, filed "Objections to Doc. 262," wherein Plaintiff "registers

his objections to Doc. 262 for use in future proceedings."

The Magistrate Judge hears all discovery motions in civil cases, Rule 302(c)(1), Local Rules of Practice.  Discovery orders issued by the Magistrate Judge are final unless a party files a "Request for Reconsideration by the District Court of Magistrate Judge's Ruling."  Rule 303(b) & (c), Local Rules of Practice. Consequently, Plaintiff cannot "register his objections" to the Magistrate Judge's Order "for use in future proceedings" because the Order is final absent a request for reconsideration of the Order by the District Court.  Although misdesignated, the Court deems Plaintiff's objections to be a timely request for reconsideration.

"No oral argument shall be allowed in the usual civil action unless the assigned Judge specifically calendars such argument, either on request of a party or sua sponte."  Rule 303(e), Local Rules of Practice.  The standard of review is the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A).  Rule 303(f), Local Rules of Practice.

A.   <u>Motion to Compel UBS AG to Consent to Yahoo Inc.'s Disclosure</u>.

Plaintiff argues that the Magistrate Judge erred in denying Plaintiff's motion to compel UBS AG to give consent to Yahoo Inc.'s disclosure of Clive Standish's email addresses to the extent the Magistrate Judge deemed Plaintiff's motion to be one to enforce the subpoena Plaintiff issued to Yahoo Inc. pursuant to Rule 45, Federal Rules of Civil Procedure.  Plaintiff notes

that his motion was brought pursuant to Rule 34, Federal Rules of Civil Procedure.

On May 20, 2010, Plaintiff served a subpoena duces tecum on Yahoo, Inc.:

> The electronically stored information is to be produced out of the two email addresses of Clive Standish namely, clive_standish@yahoo.com and customerservices@privateclientsubs.cjb.net are as follows:
>
> 1. complete account information details from the time the two accounts were opened until they were closed such as for example, name, address, birthdate, home phone, work phone and other details identifying the account owner/user of the email address.
>
> 2. all changes in the entries of the two email accounts from the time they were opened until they were closed.
>
> 3. authorized users of the two email accounts or email address from the time opened until they were closed.
>
> 4. all exchanges of email messages on the two email address [sic] between Carl L. Jimena and Clive Standish from the time the same two email address [sic] was opened until closed.
>
> 5. all exchanges of email messages on the above two email addresses of Clive Standish between Atty. Ademola Adeshina and Clive Standish concerning transferring 19 million dollars in which Carl L. Jimena is the beneficiary, from UBS AG to Rabo Bank, Purmerend, Netherlands.
>
> 6. all exchanges of email messages on the above two email address [sic] of Clive Standish between Standard Trust Bank and Clive Standish concerning transfer of 19 million dollars from Standard Trust Bank to Carl L. Jimena or to Carl L. Jimena's account at Washington Mutual Bank located at

        California, USA, passing through UBS AG of Zurich, Switzerland.

        7. all exchanges of email messages on the above to email address [sic] of Clive Standish, between the Financial Action Task Force (FATF) and Clive Standish concerning transfer of 19 million dollars from Standard Trust Bank to Carl L. Jimena or to Carl L. Jimena's account at Washington Mutual Bank located at California, USA, passing through UBS AG of Zurich, Switzerland.

        8. identity of the computer used by Clive Standish in sending emails, if retrievable from Yahoo's system.

        9. location of the computer of Clive Standish from where messages are being sent to Carl L. Jimena, if traceable by Yahoo in its system.  This may require a backward trace of the connecting computers on which Clive Standish [sic] outgoing mail passes through.

(Doc. 227, Exh. A).  By letter dated May 25, 2010 to Plaintiff, Yahoo, Inc. advised Plaintiff in relevant part:

        At this time, Yahoo! does not have any information pertaining to the ... Yahoo! subscriber ID specified in the Subpoena: clive_standish@yahoo.com".  Therefore no responsive documents can be produced ...."

        Additionally, at this time, Yahoo! does not have any information pertaining to the following account specified in the Subpoena: customerservices@privateclientsubs.cjb.net.

        Furthermore, we were unable to connect the following name to a specific Yahoo! subscriber: Clive Standish.  A Yahoo! subscriber ID is required in order to search our systems accurately.  Therefore no responsive documents can be produced for Clive Standish.

(Doc. 227, Exh. B).  Yahoo Inc. advised Plaintiff that, if a subpoena is served on Yahoo! regarding a valid subscriber ID, it

is precluded by the Stored Communications Act, 18 U.S.C. §§ 2701 *et seq.* from disclosing the contents of electronic communications, with certain exceptions, and that the primary exception for which disclosure is permitted is subscriber consent. (Doc. 227, Exh. B). On June 6, 2010, Plaintiff filed his "motion to compel UBS AG to give its consent for Yahoo Inc. to disclose Clive Standish two email addresses," in which he moved pursuant to Rule 34, Federal Rules of Civil Procedure, to compel UBS AG to give its consent for Yahoo! to release the information described in the subpoena duces tecum issued to Yahoo! (Doc. 211). Plaintiff asserted in his motion:

> 4. UBS AG can be compelled to give its consent because under Rule 34, FRCP, UBS AG is now and before in 'control' of ex-Chief Financial Officer Clive Standish's office email address customerservices@privateclientsubs.cjb.net which is linked to his home email address clive_standish@yahoo.com also used by Clive Standish in UBS AG's business ... Plaintiff's authority that UBS AG can be compelled to give its consent for Yahoo Inc. to disclose information out of Clive Standish [sic] two email address is Flagg v. City of Detroit, 252 F.R.D. 346 (E.D.Mich.2008) ... wherein the Court held that 'control' under Rule 34, FRCP, include the legal right to obtain documents on demand' and also a party's 'affirmative duty to seek that information reasonably available to him from his employees, agents or others subject to its control',id at p.353. It is admitted that Clive Standish was the Chief Financial Officer of UBS AG, an employee of UBS AG during the time Clive Standish was using the above two email address [sic] so that UBS AG has the legal right to obtain documents on demand from Clive Standish out of the above office email address including the home email address of Clive Standish being used for UBS

>         AG's business.
>
>         5.   The Court's authority now is established
>         to order UBS AG to give its consent for Yahoo
>         Inc. to disclose the information ... and
>         likewise Yahoo Inc. be ordered to produce the
>         documents ... which was formerly served to
>         Yahoo Inc. by subpoena.  In order for the
>         Court to verify Yahoo Inc. disclosure, the
>         latter must activate or reopen Clive Standish
>         two email accounts and provide the court with
>         a password to those two email accounts.

Yahoo! responded to the motion to compel, asserting that Yahoo! does not have any records responsive to Plaintiff's subpoena. (Docs. 226-229, 256).  UBS AG responded that it "has no opposition to Yahoo! producing any documents in its possession or control that are responsive to Plaintiff's subpoena."

In the Order, the Magistrate Judge ruled that the May 2010 subpoena was not enforceable under Rule 45, and that, even if it could be enforced, Yahoo! has not found any responsive documents. The Magistrate Judge then ruled:

>         To the extent that Plaintiff is seeking to
>         compel UBS's consent for Yahoo to disclose
>         electronic records and information related to
>         the subscriber IDs identified by Plaintiff in
>         his subpoena to Yahoo, the Court denies the
>         motion as moot.  UBS has stated that it will
>         consent to disclosure by Yahoo of any
>         responsive electronic correspondence relevant
>         to the subscriber IDs identified by
>         Plaintiff.[2]  Therefore, Plaintiff has
>         received everything that he seeks from UBS
>         regarding its consent to disclosure.  Whether
>         UBS's consent is operative under the SCA is a
>         separate question.  The Court expressly
>         declines to decide whether any consent on the
>         part of UBS is effective to allow disclosure
>         of electronic communications under the SCA
>         related to the subscriber IDs identified by
>         Plaintiff.  The parties did not brief the
>         issue and, as there are no documents

>responsive to the subpoena in any case, the Court's decision in this regard would amount to nothing more than obiter dictum.
>
>[2]The Court notes, without deciding, that it is unlikely that UBS's consent is effective for purposes of an exemption to disclosure under the SCA for the subscriber IDs that are at issue in the subpoena to Yahoo; in order words, it is not clear that UBS has any authority to consent to disclosure of the communications related to the subscriber IDs identified by Plaintiff.

In his deemed request for reconsideration, Plaintiff asserts that the Magistrate Judge's ruling "denying enforcement of a subpoena did not resolve at all the grounds and the relief of the motion in Doc. 211 with the result that Doc. 211 remains undecided under Rule 34, FRCP, and is still pending."

Plaintiff's contention is without merit. UBS AG agreed to give its consent to Yahoo! to disclose the documents requested by the subpoena. As the Magistrate Judge noted, however, granting Plaintiff's motion to compel is moot because Yahoo! has established that it does not have any documents responsive to the subpoena.

Plaintiff has not established that the Magistrate Judge's ruling was clearly erroneous or contrary to law.

B.   <u>Motion to Compel Production of Exhibits 15 and 16</u>.

In his deemed request for reconsideration, Plaintiff argues that the Magistrate Judge erred in denying his motion to compel production of Exhibit 15 and 16.

Plaintiff served a Demand for Production of Documents dated May 3, 2010, on UBS AG, demanding production on June 4, 2010 of:

7

> 1. The original copy or copy of the document received by UBS AG (Zurich, Switzerland Headquarters) of the payment order/slip for 19 million US dollars, dated April 28, 2006 issued in favor of the plaintiff as beneficiary and sent to UBS AG (Zurich, Switzerland Headquarters) on the same date for acceptance, and deliver of the funds to the plaintiff. Plaintiff's copy is attached by incorporation as Exhibit 15 of the Third Amended Complaint but is not a well readable copy. Plaintiff request [sic] that you admit the genuineness of a copy of this document obtained from you.
>
> 2. The original copy or copy of the document from UBS AG computer of the UBS AG's acceptance of the payment order specified in paragraph 1 above. UBS AG in its document of acceptance dated April 28, 2006 had obligated itself to deliver to plaintiff the 19 million US dollars after 96 sleep hours. A copy of the UBS AG acceptance as received by Standard Trust Bank PLC is attached by incorporation to the Third Amended Complaint as Exhibit 16 but is not a well readable copy. Plaintiff needs a readable copy to be read by the Court. Plaintiff request [sic] that you admit the genuineness of this acceptance document obtained from you.

On May 11, 2010, counsel for UBS AG served its response to the Demand for Production, responding to both requests: "UBS AG has no documents in its possession responsive to this request, and further denies the genuineness of the 'copy' referenced above." (Doc. 204, Exh. A).

In the motion to compel, Plaintiff argued that UBS AG's responses to the Demand for Production were given in bad faith because the record in this case proves that UBS AG is in possession of the originals. Plaintiff's motion to compel referred to Rule 26(a)(1)(A), Federal Rules of Civil Procedure,

1  pertaining to initial disclosures, and cited *In re Homestore.com,*
2  *Inc. Securities Litigation*, 347 F.Supp.2d 769, 781
3  (C.D.Cal.2004), holding that documents produced during discovery
4  by a party-opponent are deemed authentic.[1]  Plaintiff argued that
5  "Exhibits 25, to 58, 6, 7, 8, 12, 13, 19, 20 all emails of Clive
6  Standish are admissions of a party opponent ... and a vicarious
7  admission of UBS AG under Rule 801(d)(2)(D), Federal Rules of
8  Evidence."  Plaintiff argued:

> 2. ... Exhibit 16 is an automatic response of UBS AG's computer, not a declaration of a person (not hearsay).  Exhibit 16 below 'Acknowledgment' states 'network response to SW 280406 FMMRA' which is readable by the naked eye and the rest of the numbers are made clear by Clive Standish emails Exhibits 25 t0 58 when all of them stating in the subject matter at the top 'RE: Swift Message dated 28/04-06 under FMMRA3008083500 kindly refers".  Defendants cannot contest Exhibit 25 to 58 to support this motion based on plaintiff's explanation in paragraph 1 above.  The same subject matter is the subject of all emails of the following: Exhibits 25, to 58, 6,7,8, 12, 13, 19, 20 all emails of Clive Standish; Exhibits 59-64, Exh. 11, 11a with its attachment, Exhibit 15, 16, 59.1C, 59.1D, 15.1 and 16.1 (the latter two attached to plaintiff's opposition to summary judgment) all emails of Standard Trust Bank; Exhibits 65, 66, 74 emails of Atty. Smith Coker; Exhibits 9 and 10 emails of APGML; Exhibits 25.2, Exhibit 25.3 email of Atty. Ademola Adeshina.  The emails of the latter non-parties to this case contain a discussion of identifiable matter which is the fund transfer of 19 million dollars authorizing themselves as to content and substance.
>
> 3.  All the preceding documents militate

---

[1] Plaintiff's motion to compel actually cited the case as 347 F.Supp.2d 769, n.20.  There is no such footnote in the opinion.

> against defendants [sic] denial that they [sic] don't have a copy of Exhibit 15 1n6 16. All the emails of the nonparties to this case contain the identifiable subject matter of the fund transfer of the 19 million dollars in the Account Coded Escrow in Exhibit 16 authenticating Exhibit 16 and mutually authenticating each other. As already explained in paragraph 1 above, defendants [sic] cannot contest the exhibits supporting this motion and are bound to produce Exhibit 15 and 16 as demanded by plaintiff.

UBS AG responded to the motion to compel, submitting the Declaration of Sauyma Bhavsar and Patrick Mathieu, an Executive Director and Director, respectively, of UBS AG. They aver that they have reviewed Plaintiff's motion to compel and the copies of Exhibits 15 and 16 attached as exhibits to Plaintiff's Third Amended Complaint:

> 4.  Exhibits 15 and 16 (which are barely legible) do not appear to be forms used by UBS AG in Zurich.
>
> 5.  We have also reviewed UBS AG's records in Zurich, and confirmed that there was never a deposit or transfer in the amount of US $19 million made to an account relationship in the name of or to the benefit of Mr. Jimena maintained with UBS AG in Zurich, at any time in April 2006, from a bank called 'Standard Trust Bank PLC.'
>
> 6.  To the best of our knowledge and after the reasonable investigation described above, UBS AG in Zurich does not possess any copies of Exhibits 15 and 16 associated with an account relationship in the name of or to the benefit of Mr. Jimena maintained with UBS AG in Zurich other than those it has received from Mr. Jimena as attachments to his pleadings in this lawsuit.

In denying Plaintiff's motion to compel, the Magistrate Judge ruled that Plaintiff appeared to be arguing that, because

10

Plaintiff has copies of these documents, UBS AG must have the original documents but failed to produce them voluntarily under Rule 26(a):

> UBS AG ... maintains that it does not have these documents in its possession. To support this, UBS filed the joint declaration of Sauyma Bhavsar and Patrick Mathieu, employees of UBS AG. Plaintiff filed objections to the declaration. Among other arguments, Plaintiff challenges the joint declaration ... on the basis that these witnesses were not disclosed to him by UBS voluntarily as required by Federal Rule of Civil Procedure 26(a). Plaintiff argues that UBS is precluded from submitting declarations from witnesses not initially disclosed to him.
>
> First, Rule 26(a) requires the disclosing party to provide information and identify witnesses, among other things, that it may use to support its claims or defenses ... Even assuming that UBS has the originals of Exhibits 15 and 16, it was not required to disclose these documents voluntarily unless it planned to use them to support its claims or defenses ... The exhibits were not the types of documents that would have been subject to voluntary disclosure by UBS in the first place. This is not a situation where UBS is attempting to introduce Exhibits 15 and 16 as evidence in support of its claims or defenses without ever having disclosed its possession of these documents to Plaintiff.
>
> Second, Plaintiff does not reference a particular discovery request to which UBS has refused to respond or produce documents. (*See* Doc. 212). In Plaintiff's motion, he states that he served a demand for production of Exhibits 15 and 16 and states that the copy of this request for production is attached to his motion as Exhibit 1. (Doc. 212 at ¶ 2). There is no exhibit attached to Plaintiff's motion. Further, it appears that there are several outstanding discovery requests about which the parties have not yet met and conferred and are not the subject of

>          this motion to compel.  It appears that
>          Plaintiff's reference to a 'Demand for
>          Production' is not one of the outstanding
>          discovery requests in Plaintiff's June 7,
>          2010 Motion to Compel that is presently
>          before the Court.  Other than the required
>          initial disclosures under Rule 26(a), UBS has
>          no duty to produce documents absent a
>          specific discovery request by Plaintiff.
>
>          The Court finds no evidence that UBS violated
>          its initial disclosure obligations by failing
>          to produce the originals of Exhibits 15 and
>          16.  The Court also finds no evidence that
>          UBS has wrongfully failed or refused to
>          produce Exhibits 15 and 16 pursuant to a
>          specific discovery request.

Plaintiff did not attach as an exhibit to the motion to compel a copy of the Demand for Production.  However, on June 23, 2010, Plaintiff filed a "Notice of Errata in Doc. 212", (Doc. 221), to which he attached a copy of the Demand for Production "with the request to the Deputy Clerk to attach the same Exhibit 1 to Doc. 212."  It is apparent that the Notice of Errata was not brought to the Magistrate Judge's attention before the ruling on the motion to compel.  Although it is a party's obligation to ascertain that the Court is fully briefed on a pending motion, it is also clear that the basic premise for the denial of the motion to compel is not supported by the actual record in the action.

Consequently, that portion of the Magistrate Judge's Order denying the motion to compel production of Exhibits 15 and 16 is **VACATED**.  The motion to compel production of Exhibits 15 and 16 is remanded to the Magistrate Judge for ruling on the merits of Plaintiff's motion, including Plaintiff's evidentiary objections to the Declaration of Sauyma Bhavsar and Patrick Mathieu.

IT IS SO ORDERED.

**Dated:   September 23, 2010**          /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE