# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| CARL L. JIMENA, | CASE NO. 1:07-cv-00367-OWW-SKO |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS** |
| v. | |
| UBS AG BANK, INC., SWITZERLAND HEADQUARTERS, et. al., | (Docket No. 274) |
| Defendants. | |

## I.  INTRODUCTION

Plaintiff Carl L. Jimena ("Plaintiff") filed this action on February 5, 2007.  Plaintiff alleges that he was defrauded in a variant of the "Nigerian advance fee scheme" by Clive Standish, the Chief Financial Officer ("CFO") of UBS AG Bank, Inc. ("UBS"), who sent Plaintiff an email from an email address identified as "clive_standish@yahoo.com." Via this email, Clive Standish allegedly offered to transfer $19 million to Plaintiff's bank account by convincing Plaintiff to wire $51,000 via Washington Mutual Bank, Bank of New York, and UBS to an account at a fourth bank, HSBC, to satisfy a purported "Anti-Drug/Terrorist Clearance" fee required for transfers from Nigeria.  Plaintiff also asserts that he received electronic correspondences regarding this transaction from an email bearing the address of "customerservices@privateclientsubs.cjb.net." Plaintiff alleges that he never

1  received the $19 million.

## II.   DISCOVERY DISPUTE

In June 2010, Plaintiff propounded various discovery requests to UBS including (1) Interrogatories, Set 1; (2) Request for Admissions, Set 1; and (3) Demand for Production of Documents. UBS served responses to these discovery requests in July 2010. On August 20, 2010, Plaintiff filed a Motion to Compel further production of documents and further responses to interrogatories from UBS. (Doc. 258.) One of the interrogatories that Plaintiff desired to compel further responses from UBS included Interrogatory No. 24. Plaintiff argued that, pursuant to Interrogatory No. 24, UBS should have disclosed the period of time Clive Standish was employed by UBS as well as Clive Standish's email addresses.

Specifically, Plaintiff's Interrogatory and UBS's response are as follows:

**INTERROGATORY NO. 24**:

IDENTIFY the person, Clive Standish.

**RESPONSE TO INTERROGATORY NO. 24**:

Clive Standish is the former Chief Financial Officer of Defendant. The most recent address Defendant possesses for Mr. Standish is New Street 225, 3186 Brighton, Australia.

(Doc. 258, Ex. 2.)

The Interrogatories, Set 1 that contained Interrogatory No. 24 provided a definition of the term "IDENTIFY." Section Four ("Sec. 4") of the Interrogatories, entitled "Definitions," provided the following:

CC. In any of the following interrogatories in which you are asked to "IDENTIFY" A "PERSON[,]" the word "person" shall be understood to refer equally to natural person [sic], corporations, partnerships, limited liability companies, firms, joint ventures, associations or other entities. Further a request to "identify" a "person" shall be understood <u>to include the period of time he was employed by UBS AG</u> and to include as well a request for the person's full name, present address including physical office and home address, telephone number, fax number, **email office and home address**, present or last known position and business affiliation, title, business telephone number, and, if employed or retained by you, each position he or she has held during the period in question, a general description of the duties of each such position, the specific period in which the position was held, and the office or location

where the position was held.[1]

(Docs. 265, 3:17-28; 272 at 6 (emphasis added).)

On September 2, 2010, after the parties met and conferred regarding Plaintiff's motion to compel, UBS supplemented its response to Interrogatory No. 24, providing Clive Standish's birth date, positions he held prior to his tenure at UBS AG, the date he joined UBS AG and his positions within the company, his office address, and the date he retired. (Doc. 265, Ex. 1.) The supplemental response also stated that UBS's counsel expected "to supplement this letter shortly to provide the requested email, direct phone and fax information for Mr. Standish during his tenure at UBS AG." (Doc. 265, Ex. 1.)

On September 22, 2010, the Court issued an order regarding Plaintiff's August 20, 2010, Motion to Compel. (Doc. 267.) With regard to Interrogatory 24, the Court found that UBS had agreed to supplement its response, and, as such, the motion to compel a further response was denied. The Court ordered that UBS "make the supplemental response it agreed to provide on or before October 1, 2010." (Doc. 267, 7:11-12.)

On October 7, 2010, Plaintiff filed a "Motion and Memorandum to Sanction Disobedience to Court Order Doc. 267" ("Motion for Sanctions"). (Doc. 274.) Plaintiff reiterates the argument he made with regard to his motion to compel a supplemental response from UBS regarding Interrogatory No. 24:

> One important information [sic] being elicited from Interrogatory No. 24 above is Clive Standish email office address and Clive Standish email home or personal address, during the 'period of time he was employed by UBS AG' as underlined on definition 'CC' above.

Plaintiff then states in his Motion for Sanctions that "[o]n October 1, 2010, or thereafter, UBS AG failed to notify this Court of compliance with the Order in Doc. 267 quoted in paragraph 1 above." (Doc. 274, ¶3.)

---

[1] In Doc. Nos. 265 and 272, the definition provided contains a bracketed notation: "[The underlined portion was inserted as a correction of error due notice of which was given to UBS AG by a notice of errata dated June 26, 2010[,] by certified mail under certified receipt no. 7008 1830 0005 0458 6872.]" Apparently, then, Interrogatories, Set 1 filed with the Court is not an original copy of the Interrogatories initially propounded to UBS, but a corrected copy of the Interrogatories served.

3

1    On October 13, 2010, UBS filed an opposition to Plaintiff's Motion for Sanctions. (Doc.
2 275.) UBS states that it supplemented its response to Interrogatory No. 24 on September 8, 2010,
3 and UBS, therefore, "complied with both its agreement and the Order by the time the Order was
4 issued." (Doc. 275, 2:28-3:1-3.) Attached to its opposition, UBS provided a copy of its September
5 8, 2010, supplemental response. (Doc. 275, Ex. A.) The September 8, 2010, supplemental response
6 provides Mr. Standish's business mailing address, his telephone and facsimile number, and his
7 business email address during his tenure at UBS AG. (*Id*.) UBS also states that the Court's
8 September 22, 2010, order did not require UBS to notify the Court of compliance with its order.
9 Therefore, UBS asserts that there is no basis for sanctions.

10   On October 18, 2010, Plaintiff filed a reply to UBS's opposition. (Doc. 279.) Plaintiff argues
11 that UBS had failed to adequately supplement its response because it had failed to provide the
12 personal email address of Mr. Standish. (Doc. 279, 2:5-7 ("The latter information given by UBS AG
13 is still incomplete and not in compliance with the subject Order of the Court because it failed to
14 provide information on the personal email address of Clive Standish.").)

### III.   DISCUSSION

#### A.   Notice of Compliance with the Court's September 22, 2010, Order

17   To the extent that Plaintiff is asserting that UBS was in compliance with the Court's
18 September 22, 2010, order but failed to notify the Court of such compliance, this is not a basis for
19 sanctions. It appears that UBS provided the supplemental response it agreed to provide even before
20 the September 22, 2010, order to do so was in place. Thus, UBS did not fail to supplement its
21 responses. Further, the Court did not order UBS to file any notice of its compliance, so UBS did not
22 fail to comply with the Court's order in that regard.

#### B.   Substantive Compliance with the Court's September 22, 2010, Order

24   Plaintiff's motion references the fact that he received correspondence from two email
25 addresses: customerservices@privateclientsubs.cjb.net and clive_standish@yahoo.com, which he
26 believes are Clive Standish's personal and business email addresses. Plaintiff argues that UBS failed
27 to *adequately* supplement its answers to Interrogatory No. 24 – i.e., UBS failed to provide the
28 personal email address of Clive Standish during his tenure at UBS. (Doc. 279, 2:5-7.)

4

1  UBS's September 8, 2010, supplemental response provided a business email address
2  associated with Mr. Standish during his tenure with UBS. (Doc. 275, Ex. A.) The language
3  contained in the "Definitions" section of the Interrogatories requesting "email office and home
4  address" can be construed as requesting an office email address and a physical home address. Thus,
5  the request itself was inherently ambiguous.

6  More important, however, UBS's counsel stated at the hearing on October 21, 2010, that UBS
7  did not have Clive Standish's personal email address in its records; thus, it was not included in UBS's
8  responses to Plaintiff's interrogatory. As the Court has previously explained, UBS cannot be
9  compelled to provide information that it does not have. Further, UBS cannot be sanctioned for
10 failing to produce information that it does not have.

11  The Court finds that UBS has sufficiently responded to Interrogatory No. 24 by providing
12 two supplemental responses on September 2 and 8, 2010. UBS has stated that it has provided all the
13 information responsive to the Interrogatory, and there is nothing further to compel. Therefore, UBS's
14 response was in compliance with the Court's September 22, 2010, order.

15  **C.  Plaintiff's Request for Sanctions**

16  Plaintiff requests that UBS be sanctioned for failing to adequately comply with the Court's
17 September 22, 2010, order. Further, Plaintiff insists that the appropriate sanction is to "deem
18 established" the information he seeks from UBS.

19  First, as explained above, the Court finds that UBS did not fail to comply with the Court's
20 September 22, 2010, order by failing to notify the Court that it had served its supplemental response.
21 The Court did not order UBS to notify the Court of service of its supplemental response to Plaintiff.

22  Second, UBS did not fail to adequately supplement its response that was served on Plaintiff
23 on September 8, 2010. UBS's supplemental response provided Plaintiff with the information
24 responsive to Plaintiff's request, and UBS maintains that it has provided the email address in its
25 records that relates to Mr. Standish. Therefore, there is nothing further to compel.

26  To clarify whether either of the two e-mail addresses Plaintiff asserts belong to Clive
27 Standish are actually associated with Mr. Standish, the Court directed UBS to provide additional
28 information regarding whether Mr. Standish has ever been associated with these email addresses.

1  (*See* Doc. 281, Ex. C.) UBS has confirmed that Clive Standish "did not open, use or have any knowledge of the email accounts" that Plaintiff asserts belong to Mr. Standish. (Doc. 281, Ex. C.)

At the hearing, Plaintiff objected to the Court's order that UBS provide any statement further assuring Plaintiff of its diligence and good faith in responding to Plaintiff's request. The discovery rules were designed to provide the parties with tools to fully and fairly litigate cases on the merits. Fed. R. Civ. P. 1 ("[These Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). The Rules in place, and the various **discretionary** sanctions available to the Court to enforce the Rules, are meant to encourage fairness and to avoid obstructionism, gamesmanship, and tactical maneuvering intended to drive up the costs of litigation and unfairly harass the other party.

The Court has inherent discretion to allow UBS to provide a statement or other assurances of its diligence in responding to the discovery, especially when Plaintiff has repeatedly questioned the veracity of UBS's discovery responses in this matter. UBS's conduct in responding to and supplementing its responses to the discovery requests evidences UBS's good faith and continued attempts to work with Plaintiff.

The Court denies Plaintiff's request for sanctions against UBS for the alleged failure to comply with the Court's September 22, 2010, order. Sanctions are within the discretion of the Court under its inherent power to sanction a party who acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). Likewise, sanctions for discovery abuses pursuant to Fed. R. Civ. P. 37 are within the discretionary province of the Court to impose. This Court will neither impose sanctions against UBS nor recommend to the District Court the imposition of sanctions for discovery conduct on the part of UBS that, on the face of the record, has been diligent and forthright.

Accordingly, Plaintiff's "Motion and Memorandum to Sanction Disobedience to Court Order" is DENIED.

IT IS SO ORDERED.

**Dated:   October 25, 2010**                    /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE