IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARL L. JIMENA, | ) | No. CV-F-07-367 OWW/SKO |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| | ) | ORDER DENYING PLAINTIFF'S |
| Plaintiff, | ) | "OBJECTIONS TO DOC. 273, |
| | ) | WITH REQUEST TO *SUA SPONTE* |
| vs. | ) | MODIFY OR RECONSIDER IT" |
| | ) | (Doc. 282) AND VACATING ORAL |
| | ) | ARGUMENT SET FOR NOVEMBER 8, |
| UBS AG BANK, et al., | ) | 2010 RE DOCS. 161, 169 AND |
| | ) | 189 |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

    By Memorandum Decision and Order filed on October 12, 2010, (Doc. 273), Plaintiff's request for reconsideration by the District Court of the Magistrate Judge's Order Denying Plaintiff's Motion to Compel, (Doc. 270), was denied.

    On October 21, 2010, Plaintiff filed "Objections to Doc. 273, With Request to *Sua Sponte* Modify It or Reconsider It." (Doc. 282). The Court deems Plaintiff's pleading to be a motion for reconsideration of the Order denying Plaintiff's request for reconsideration of the Order denying Plaintiff's motion to

compel.

In his Request for Reconsideration, Plaintiff argued that the Magistrate Judge erred in ruling that UBS's responses to discovery were timely, even though they were not served until Monday, July 12, 2010. In denying Plaintiff's request for reconsideration, the Court ruled:

> The record establishes that Plaintiff dropped off his discovery requests addressed to UBS's counsel at an OfficeMax FedEx drop off location on Sunday, June 6, 2010. Plaintiff did not complete a proof of service for these discovery requests, but retained a receipt showing that he dropped the package off on June 6, 2010. The package was shipped to UBS's counsel by FedEx on Monday, June 7, 2010. Plaintiff refers to his Declaration, (Doc. 248, Exh. 5):
>
>> 2. On June 23, 2010, at about 3:15 p.m., I had a telephone conversation with Atty. Jacob S. Kreilkamp on the subject of when I served UBS AG with the Request for Admission, Interrogatories, Demand for Production of Documents, all Set No. 1. He asked me when I served UBS AG with the latter discovery papers, I answered him, it was on June 6, 2010, a Sunday, the day proceeding the hearing of the above entitled case on June 7, 2010. I recorded this conversation on the attached Exhibit 1, 'Notes on Conversation with Atty. Jacob S. Kreilkamp' which I hereby declare to be true and correct under penalty of perjury under federal law and California Laws.
>
> The Magistrate Judge ruled:
>
>> Pursuant to the Federal Rules of Civil Procedure, discovery responses must be served 30 days following service of the requests.

2

*See* Fed. R. Civ. P. 33(b)(2). The deadline is extended by an additional three days if the discovery was served by mail. *See* Fed. R. Civ. P. 6(d). Therefore, if the discovery was served on June 6, 2010, the deadline for serving a response was July 9, 2010.

UBS asserts that, without the benefit of a proof of service, it had to ascertain when service was completed by Plaintiff. UBS contends that, based on FedEx tracking information, the date of service appeared to be Monday, June 7, 2010, the date FedEx's tracking records show that the package was shipped. Counting from June 7, 2010, the thirty-third day falls on Saturday, July 10, 2010. According to Fed. R. Civ. P. 6(a)(1)(C), UBS's responses were, therefore, due on Monday, July 12, 2010. UBS argues that, if it miscalculated the response deadline, it was due to Plaintiff's failure to include a proof of service.

Plaintiff counters that pursuant to *Russell v. City of Milwaukee*, 338 F.3d 662, 665-67 (7th Cir.2003), 'the absence of a certificate [of service] does not require the invalidation of the paper' where actual service has been accomplished. (Joint Statement at 8.)

*Russell* supports the proposition that Plaintiff's discovery requests are not necessarily invalidated due to a lack of proof of service. In other words, UBS would not have been entitled to ignore the discovery requests based on this procedural error. Here, neither party disputes that the discovery requests were actually received by UBS - the question is *when* they were served for purposes of

triggering the response deadline. Because the discovery requests were actually served and received - a fact not in dispute - the Court will consider Plaintiff's motion to compel on its merits. *Cf. Willis v. Mullins*, ..., 2006 WL 2792857, at *2-3 (E.D.Cal.2006)(proof of service is largely irrelevant when service was completed in accord with Rule 5(b)).

Without a proof of service as to the date of mailing, however, the Court will not entertain Plaintiff's argument that UBS's responses to these discovery requests were one day late. It appears that UBS attempted, in the absence of a proof of service, to determine the deadline for responses to the discovery in good faith and did, in fact, serve discovery responses on the date that fell 33 days from the date it ascertained service of the requests was accomplished.

The Court acknowledges Plaintiff's argument that, despite the absence of a proof of service, he can show by other means that service was actually accomplished on June 6, 2010. Plaintiff points to a receipt indicating that he dropped off a package with FedEx on June 6, 2010, addressed to UBS's counsel and that the discovery itself is dated June 6, 2010. There is no dispute that Plaintiff served the discovery requests, and the Court is entertaining Plaintiff's motion on its merits. Nevertheless, this does not obviate the need for a proof of service if Plaintiff wishes to enforce the 33-day response deadline under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33(b)(2), 6(d). Plaintiff cannot use the Federal Rules of Civil Procedure as both a

4

>           sword and a shield against UBS by
>           demanding timely responses to
>           discovery requests that are not
>           accompanied by a proof of service
>           necessary to calculate the response
>           deadline.  Under the circumstances,
>           the Court cannot determine that
>           UBS's responses were one day late.

Plaintiff argues that he completed service of the discovery requests to UBS when he delivered the package to the FedEx drop off location on June 6, 2010, equating this delivery to depositing a document in the U.S. Mail. Therefore, Plaintiff contends, UBS incorrectly calculated the 33-day period as commencing on June 7, 2010, the date FedEx shipped the package.

Although not addressed by the parties, in the Ninth Circuit, service of documents by delivery to FedEx does not constitute service by mail within the meaning of Rule 5. *See Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1430-1431 (9th Cir.1996). Consequently, Plaintiff's contention that service was complete when he delivered the package to the FedEx drop off location, thereby starting the 33-day period, is incorrect as a matter of law. Here, Plaintiff's failure to serve his discovery requests by U.S. Mail as required by Rule 5 and his failure to include a proof of service lead to UBS's confusion about the time to respond to the discovery requests. UBS AG in good faith attempted to ascertain the date FedEx shipped the package and in good faith provided discovery responses within the appropriate time period. UBS was under no obligation to accept Plaintiff's statement that Plaintiff delivered the package to FedEx on June 6, 2010. As a party, Plaintiff is not authorized to serve discovery and FedEx did not commence its service until June 7, 2010.

Further, even if UBS's discovery responses were one day late, the Court would not exercise its discretion to sanction UBS by ruling that any objections to Plaintiff's discovery requests are waived and that Plaintiff's Request for Admission is deemed

> admitted. The record establishes that UBS attempted in good faith to timely respond to the discovery requests. Plaintiff has not demonstrated that the Magistrate Judge's ruling is clearly erroneous or contrary to law.

Plaintiff now argues that UBS did not have thirty-three days from the June 7, 2010 shipping date to respond to Plaintiff's discovery requests:

> The truth of the matter is UBS AG misled unknowingly or knowingly the Magistrate Judge, the District Court and the plaintiff that it had 33 days when in fact it had 30 days only within which to file its responses. UBS AG cannot legally add three more days under Rule 6(e), FRCP, the Rule which adds three days to computations of time where service is by mail because Fedex [sic] is not mail under Rule 4, 5(b) and 6(e) ....

Plaintiff cites *Magnuson v. Video Yesteryear*, *supra*, 85 F.3d at 1430-1431.

In *Magnuson*, the Ninth Circuit addressed whether a Rule 68 offer was defectively served, thereby precluding an award of attorney's fees or costs to Defendant. In a case involving a Rule 68 offer, service of process must comply with Rule 5(b). The Ninth Circuit ruled that the district court erred in holding that service of the Rule 68 offer by Federal Express was adequate:

> Under the Federal Rules of Civil Procedure, manner of service of process is addressed in both Rule 4 and Rule 5. Rule 4 addresses the procedure to be followed when serving a complaint. Rule 5 specifies the procedure to be followed when serving other papers, including offers of judgments. Both rules contain provisions for service by mail. However, Rule 4, unlike Rule 5, allows a

6

        litigant to opt for state law procedures in
serving a complaint instead of the federal
procedure ... The service-by-mail provisions
of Rule 4 are a relatively recent innovation,
adopted in a 1983 amendment.  In contrast,
Rule 5 has permitted service by mail since
its adoption, in 1937.

85 F.3d at 1430.  After noting a split of authority whether delivery by Federal Express is "mail" within the meaning of Rules 4 and 5, the Ninth Circuit concluded:

        If there is any question of whether the term
'mail' encompasses private delivery services
today, there is little doubt that 'mail'
meant 'U.S. mail' in 1937, when Rule 5 was
adopted.  The suggestion that in failing to
specify that mail must be 'first class,
postage prepaid' Rule 5 was intended to
authorize service by private delivery service
in an era that predates modern overnight
delivery services makes little sense ....

        Nor, on a practical level, does it make sense
to adopt an approach that interprets the term
'mail' differently for the purposes of
different rules within the Federal Rules of
Civil Procedure.  If we were to hold that
Federal Express is 'mail' for the purposes of
Rule 5 (even though it is not for Rule 4), we
would then have to address whether Federal
Express is 'mail' under Rule 6(e), which adds
three days to computations of time where
service is by mail.  Given that Federal
Express is generally used for overnight
delivery, one could argue that Congress did
not intend that Rule 6(e) apply to service by
Federal Express, *i.e.,* that Federal Express
is *not* mail under Rule 6.  It seems clear
that in interpreting the term 'mail'
differently for the purposes of different
rules within the Federal Rules of Civil
Procedure, courts are likely to cause great
confusion.  Thus, we hold that Federal
Express does not satisfy the requirements of
Rule 5(b).

*Id.* at 1430-1431.  Relying on this statement in *Magnuson*,

7

**Plaintiff contends:**

> **Applying the above ruling of *Magnuson case* to this case, and even following the incorrect argument of UBS AG that the 'ship date' on June 7, 2010 triggers the counting of the 30 days, not 33 days, the 30 days ended on Wednesday, July 7, 2010, making a total of five days tardiness, not just one day late because July 7, 2010 is a Wenesday [sic] so that Saturday July 10, and Sunday, July 11 neither of which is a last day, are counted on the tardiness. The question is a matter of computation of time and there is no good faith or bad faith in computing the time. With five days of tardiness, UBS AG cannot argue that it was late for lack of certificate of service, because the counting started on the day it wanted to be counted which is June 7, 2010, the 'ship date' of Fedex [sic]. Further since Fedex is not mail under Rule 5(b), a certificate of service is irrelevant.**

**As a result of UBS AG's failure to timely respond to Plaintiff's request for admission, Plaintiff asserts, UBS AG is deemed to have admitted it. Plaintiff contends that, because his request for admission is deemed admitted, Plaintiff**

> **is entitled to have his Motion to Withdraw Account Coded Escrow, Doc. 161, be [sic] granted immediately followed by either Summary Judgment or Judgment on the Pleadings Doc. 169, in favor of Plaintiff. This will enable the plaintiff to distribute immediately the funds to the ultimate benefactor, the citizens of the U.S.A., thereby creating jobs and income.**

Plaintiff's motion to compel, (Doc. 258), asserts that "[o]n June 6, 2010 plaintiff served the defendants with Interrogatories, Set 1, Demand for Production, Set 2, Request for Admission." However, Plaintiff's motion to compel only described various responses to the interrogatories and the demand for

production of documents; no description of the request for admission is given. Plaintiff submitted a copy of the discovery shipped to UBS AG on June 7, 2010 by exhibit filed on September 28, 2010, (Doc. 272); this discovery consists only of interrogatories.[1] However, Plaintiff filed a "Joint Statement" on August 3, 2010, (Doc. 248), in support of his motion to compel UBS AG to produce Exhibits 15 and 16, (Doc. 212). Attached as Exhibit One to Plaintiff's "Joint Statement," is a copy of Plaintiff's Request for Admissions dated June 6, 2010. Plaintiff's requests for admission also request UBS AG to admit that each original of 76 specifically described documents is "genuine."

Plaintiff's contention that, because service of the discovery requests by FedEx shipment is not service by mail, UBS AG only had 30 days from the shipping date of June 7, 2010 to respond to the discovery requests, does not have merit; absent application of the mail rules, service of these documents was completed upon actual delivery of the documents to UBS AG's attorney, which was on June 8, 2010. In any event, Plaintiff's contention that UBS AG acted in bad faith in asserting that it had 33 days within which to serve its discovery responses is not supported by the record. It is apparent that neither Plaintiff,

---

[1] Plaintiff's motion to compel, (Doc. 258), referred to Exhibit One thereto as the discovery requests at issue in the motion to compel. Plaintiff neglected to attach the exhibit to the motion and only filed it with the Court on September 28, 2010, after the Magistrate Judge noted its absence from the record.

UBS AG, or the Magistrate Judge were aware of the *Magnuson* case when addressing the timeliness of UBS AG's discovery responses. The record is clear that UBS AG attempted in good faith to timely respond to Plaintiff's discovery requests.  There is nothing before the Court that shows UBS AG ignored Plaintiff's discovery requests or deliberately failed to respond to them in a timely manner.

As to the requests for admission, Plaintiff is correct that Rule 36(a)(3), Federal Rules of Civil Procedure, provides:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.  A shorter or longer period for responding may be stipulated to under Rule 29 or be ordered by the court.

However, Rule 36(b) provides:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.  Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the prosecution of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

"Rule 36(b) is permissive, not mandatory, with respect to the withdrawal of admissions. *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir.2007).  'The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case.'" *Id.* at 622.  The party relying on the deemed admissions has the burden

10

of proving prejudice. *Id.* "The prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a person may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir.1995). "Reliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice." *Conlon*, *id.* at 624. However, even if the moving party satisfies the two-pronged test, the Court retains discretion to deny the motion. *Id.* at 624-625. "[I]n deciding whether to exercise its discretion when the moving party has met the two-pronged test of Rule 36(b), the district court may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." *Id.* at 625. Even if Plaintiff is correct that UBS AG's responses to his requests for admission were due on July 7 or July 8, 2010, the responses were submitted 4 or 5 days late. For the reasons previously stated, the Court would entertain a motion by UBS Ag to be relieved from the deemed admissions. UBS AG attempted in good faith to timely respond to Plaintiff's discovery requests; the confusion in this matter was caused in large part by Plaintiff's failure to serve the discovery requests by U.S. Mail accompanied by a proof of service. The deemed admissions would essentially

preclude UBS AG from defending this action in which Plaintiff seeks millions of dollars in damages based on alleged fraud.

However, in order to be relieved from the deemed admissions, UBS AG is required to file a motion.  Plaintiff filed a motion for order to allow Plaintiff to withdraw account coded escrow (Doc. 161) on October 15, 2009 and a motion for judgment on the pleadings (Doc. 169) on November 5, 2009, and that UBS AG filed a motion for summary judgment (Doc. 189) on March 1, 2010.  Hearing on these motions were continued so that Plaintiff could conduct discovery as to the Yahoo! account of Clive Standish.  These three motions are set for hearing on Monday, November 8, 2010. Plaintiff is attempting to use these deemed admissions made months after his dispositive motions were filed to compel the granting of his motions.  Because resolution of these dispositive motions will depend in part upon whether UBS AG's motion to be relieved from the deemed admissions, the Court vacates the hearing of these motions, (Docs. 161, 169 and 189), pending final resolution of UBS AG's motion to be so relieved.

Plaintiff objects to the Court's conclusion that "Plaintiff's failure to serve his discovery requests by U.S. Mail as required by Rule 5 and his failure to include a proof of service lead [sic] to UBS's confusion about the time to respond to the discovery requests."  Plaintiff argues that his failure to include a proof of service is "irrelevant" because service by FedEx is not service by mail within the meaning of Rule 5. Plaintiff's contention is incorrect.  Rule 135(c), Local Rules of

12

Practice, provides:

> When service of any pleading, notice, motion, or other document required to be served is made, proof of such service shall be endorsed upon or affixed to the original of the document when it is lodged or filed ... Proof of service shall be under penalty of perjury and shall include the date, manner and place of service.

Plaintiff further contends that his "failure to serve his discovery requests by U.S. Mail as required by Rule 5" should be excused because "about 93% of the total certificate of service of papers served by UBS AG to plaintiff are via Fedex [sic]." Plaintiff argues:

> Since, UBS AG serves its papers to the plaintiff via Fedex [sic], there is no reason why plaintiff could not use Fedex [sic] in serving its papers to UBS AG as he did in serving his discovery papers. Both UBS AG and the plaintiff have no objection of serving each other with documents via Fedex [sic] because this is the more efficient manner of getting papers served. In no instance did UBS AG object to being served by the plaintiff himself overcoming the Court's statement that 'As a party, Plaintiff is not authorized to serve discovery' ... which is deemed waived by UBS AG ... [I]f UBS AG serves about 97% of its papers by Fedex [sic], why can the plaintiff not use Fedex as the same medium for service? Consent of UBS AG to be served via Fedex [sic] is taken from UBS AG using Fedex [sic] as the manner of service to the plaintiff.

Plaintiff misunderstands the Court's ruling. Plaintiff's motion to compel sought to impose sanctions against UBS AG for its alleged failure to timely respond to Plaintiff's discovery requests. Plaintiff's position was that service of the discovery requests was complete when he delivered the package to FedEx for

13

delivery to UBS AG, relying on Rule 5.  This is the contention the Court addressed.  No where has the Court ruled that service of documents by FedEx is of itself improper under the Federal Rules of Civil Procedure.  Plaintiff's contention that UBS AG impliedly consented to service of the discovery package by FedEx by using FedEx itself does not compel reconsideration of the Court's ruling.  Rule 5(b)(2)(F) provides that a paper may be served under this rule by:

> delivering it by any other means that the person consented to in writing - in which event service is complete when the person making service delivers it to the agency designated for service.

Plaintiff makes no showing that UBS AG consented to service via FedEx in writing.

Plaintiff argues that his declaration quoted in the Order wherein Plaintiff avers that he told Mr. Kreilkamp on June 23, 2010 that Plaintiff had served the discovery requests on June 6, 2010, constitutes actual notice of the date of service.  In *Magnuson*, *supra*, 85 F.3d at 1431, the Ninth Circuit ruled:

> [T]he next question we must address is whether actual notice in this case suffices. We hold that it *does not*. In *Smiley*, the court stated that
>
> *actual notice by a means other than that authorized by Rule 5(b) does not constitute valid service and is not an exception to the rule.* Therefore, a party must advance some other compelling circumstances, in addition to actual notice in order to have the Court excuse noncompliance with Rule 5(b).

> 136 F.R.D. at 420.  In that case, the
> plaintiff alleged that service of a discovery
> request by fax was invalid ... The court
> found 'exceptional good cause' because the
> receiving party has explicitly consented to
> service of discovery requests by fax on
> several previous occasions ... We adopt the
> rule of *Smiley* and require that a party
> demonstrate exceptional good cause for
> failing to comply with Rule 5(b).
>
> Here, there is no indication of good cause.
> VY declined to address Magnuson's argument
> that the offer was not validly served, or
> alternatively, untimely, in either its
> opening or reply briefs.  It has not
> explained why it could not have served
> Magnuson personally and has not presented
> evidence that Magnuson consented to service
> by fax or by Federal Express.  Because VY did
> not serve its Rule 68 offer in compliance
> with Fed. R. Civ. P. 5(b) and did not offer
> good cause for its failure to validly serve
> the offer, we reverse the district court's
> award of costs to VY pursuant to Rule 68.

85 F.3d at 1431. [Emphasis added].  Relying on *Magnuson*, Plaintiff contends:

> The above actual notice to UBS AG as quoted
> by this Court puts on notice to UBS AG that
> service of the discovery papers including the
> Requests for Admission was made on June 6,
> 2010.  This actual notice taken together with
> the compelling circumstances consisting of
> about 97% of the certificate of service of
> papers served on the plaintiff by UBS AG
> appearing on the Docket Register Judicial
> Notice of which is hereby invited results in
> an effective and valid service excusing
> compliance with Rule 5(b) and making a
> certificate of service irrelevant.

Plaintiff's contention does not mandate reconsideration of the Court's Order.  As noted, Plaintiff presents no evidence that UBS AG consented in writing to service of any papers by FedEx. Further, as the Court has ruled, even if Plaintiff's position is

15

sustainable, in view of UBS AG's consistent denial of these facts, it is unreasonable to exercise discretion in favor of imposing sanctions on UBS AG for its alleged failure to timely respond to Plaintiff's discovery requests.  The record establishes that UBS AG in good faith attempted to timely respond to the discovery requests.

    Plaintiff seeks reconsideration of the Court's conclusion:

> Plaintiff objects that UBS cannot contend that the documents he produced in initial disclosure are fraudulent because UBS did not allege fraud with particularity as required by Rule 9(b), Federal Rules of Civil Procedure, in its Answer to the Third Amended Complaint.  Plaintiff cites no authority that Rule 9(b) has any application to a defense based on fraud or forgery.  Independent research indicates that Plaintiff's position is baseless. *See Eastover Corporation v. Rhodes,* 1992 WL 2455568 at *4-5 (E.D.La., Sept. 8, 1992).[1]
>
> [1]Rule 9(b) does apply to a defendant's counterclaim against a plaintiff. *See NCR Credit Corp. v. Reptron Electronics, Inc.*, 155 F.R.D. 690, 693 (M.D.Fla.1994).  Here, however, UBS has not alleged any counterclaims against Plaintiff.

    Plaintiff refers the Court to his "Objections to Allegations of Forgery and False Impersonation" filed on May 20, 2010. (Doc. 203).  Plaintiff asserts that he cited authorities in Doc. 203 to support his contention that fraud must be alleged with particularity even in a defense to a claim.  Doc. 203 quotes the Court's "Memorandum Decision and Order Denying Plaintiff's Motion for Remand and Motion to Strike; Granting Defendants' Motion to Dismiss with Leave to Amend" filed on June 8, 2007 (Doc. 18),

16

where the Court addressed Defendants' motion to dismiss:

> Rule 9(b) requires that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud so that they can defend against the charge and not just deny that they have done anything wrong. *Celado Int'l, Ltd. v. Walt Disney Co.,* 347 F.Supp.2d 846, 855 (C.D.Cal.2004); *see also Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir.1993)(internal quotations omitted). A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting the fraud so that the defendant can prepare an adequate answer from the allegations. *Neubronner,* 6 F.3d at 671. The complaint must specify such facts as the times, dates, places and other details of the alleged fraudulent activity. *Id.* It is established law in the Ninth Circuit and elsewhere, that Fed. R. Civ. P.'s particularity requirement applies to state-law causes of action. *Vess v. Ciba-Geigy Corp., USA,* 317 F.3d 1097, 1103 (9th Cir.2003). While a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstances of the fraud must be stated with particularity is a federally imposed rule. *Id.*

The Court's Order addressed the pleading requirements applicable to a plaintiff asserting a claim for fraud against a defendant. All of the cases cited in the Order involved such a scenario and do not constitute authority that Rule 9(b) has any application to a defense to an action based on the contentions that the documents upon which Plaintiff relies in seeking affirmative relief are false or fraudulent.

For the reasons stated:

1. Plaintiff's "Objections to Doc. 273, With Request to *Sua Sponte* Modify It or Reconsider It" are DENIED;

    2.   No further requests for reconsideration of the rulings in connection with Plaintiff's motion to compel, (Doc. 258), filed on August 20, 2010 will be entertained;

    3.   The hearing on Plaintiff's motion for order to allow Plaintiff to withdraw account coded escrow (Doc. 161), Plaintiff's motion for judgment on the pleadings (Doc. 169), and UBS AG's motion for summary judgment (Doc. 189), set for Monday, November 8, 2010 is VACATED pending resolution of UBS AG's motion to be relieved from deemed admissions. The parties shall re-notice the motions for hearing and, if necessary, submit supplemental briefs and/or declarations in support or opposition to these motions upon final resolution of the deemed admissions issues.

IT IS SO ORDERED.

**Dated:   November 3, 2010**　　　　　　　　　　/s/ Oliver W. Wanger
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE