IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARL L. JIMENA, | ) | No. CV-F-07-367 OWW/SKO |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| | ) | ORDER DENYING PLAINTIFF'S |
| Plaintiff, | ) | REQUESTS FOR RECONSIDERATION |
| | ) | BY DISTRICT COURT OF |
| vs. | ) | MAGISTRATE JUDGE'S RULING |
| | ) | (Docs. 285 and 286) |
| | ) | |
| UBS AG BANK, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On November 1, 2010, Plaintiff Carl L. Jimena, proceeding *in pro per*, filed two requests for reconsideration by the District Court of Magistrate Judge Oberto's Order Denying Plaintiff's Motion for Sanctions, (Doc. 284), filed on October 26, 2010.

On October 7, 2010, Plaintiff filed a motion "to sanction disobedience to Court Order Doc. 267." (Doc. 274). In his motion, Plaintiff argued that UBS AG should be sanctioned because of its alleged failure to comply with that portion of the Order Denying Plaintiff's Motion to Compel filed on September 22, 2010, (Doc. 267), addressing Plaintiff's Interrogatory No. 24, Set 1:

1

> In Interrogatory No. 24, Plaintiff seeks the following information:
>
> **INTERROGATORY NO. 24**:
>
> IDENTIFY the person, Clive Standish.
>
> **RESPONSE TO INTERROGATORY NO. 24**:
>
> Clive Standish is the former Chief Financial Officer of Defendant.  The most recent address Defendant possesses for Mr. Standish is New Street 225, 3186 Brighton, Australia.
>
> Plaintiff argues that the period of time Clive Standish was employed by UBS as well as his email addresses should have been disclosed in UBS's response.  Plaintiff seeks to compel UBS to supplement this answer.  On September 2, 2010, after the parties met and conferred regarding Plaintiff's motion to compel, UBS supplemented its response to Interrogatory No. 24, providing Clive Standish's birth date, positions he held prior to his tenure at UBS AG, the date he joined UBS AG and his positions within the company, his office address, and the date he retired.  (Doc. 265, Ex. 1.)  The supplemental response also provided that UBS's counsel expected 'to supplement this letter shortly to provide the requested email, direct phone and fax information for Mr. Standish during his tenure at UBS AG.'  (Doc. 265, Exhibit B.)  As Defendant has agreed to supplement its response, the motion to compel further answers is DENIED.  Defendant shall make the supplemental response it agreed to provide on or before October 1, 2010.

In his motion for sanctions, Plaintiff argued that UBS AG should be sanctioned because "[o]n October 1, 2010, or thereafter, UBS AG failed to notify this Court of compliance with the Order in Doc. 267 ...."  Plaintiff moved the Magistrate Judge to declare "established that the two email address [sic] of Clive Standish are (1) 'clive_standish@yahoo.com', his personal or home email

2

address and (2) customerservices@privateclientsubs.cjb.net, his office email address which is an appropriate sanction."

In denying Plaintiff's motion for sanctions, the Magistrate Judge ruled that UBS AG was not required to file any notice of its compliance with the Order with the Court. The Magistrate Judge further ruled:

> Plaintiff's motion references the fact that he received correspondence from two email addresses: customerservices@privateclientsubs.cjb.net and clive_standish@yahoo.com, which he believes are Clive Standish's personal and business email addresses. Plaintiff argues that UBS failed to *adequately* supplement its answers to Interrogatory No. 24 - i.e., UBS failed to provide the personal email address of Clive Standish during his tenure at UBS. (Doc. 279, 2:5-7.)
>
> UBS's September 8, 2010 supplemental response provided a business email address associated with Mr. Standish during his tenure with UBS. (Doc. 275, Ex. A.)[clive.standish@ubs.com] The language contained in the 'Definitions' section of the Interrogatories requesting email office and home address' can be construed as requesting an office email address and a physical home address. Thus, the request itself was inherently ambiguous.
>
> More important, however, UBS's counsel stated at the hearing on October 21, 2010, that UBS did not have Clive Standish's personal email address in its records; thus, it was not included in UBS's responses to Plaintiff's interrogatory. As the Court has previously explained, UBS cannot be compelled to provide information that it does not have. Further, UBS cannot be sanctioned for failing to produce information that it does not have.
>
> The Court finds that UBS has sufficiently responded to Interrogatory No. 24 by providing two supplemental responses on September 2 and 8, 2010. UBS has stated that

3

it has provided all the information responsive to the Interrogatory, and there is nothing further to compel. Therefore, UBS's response was in compliance with the Court's September 22, 2010, order.

...

Plaintiff requests that UBS be sanctioned for failing to adequately comply with the Court's September 22, 2010, order. Further, Plaintiff insists that the appropriate sanction is to 'deem established' the information he seeks from UBS.

First, as explained above, the Court finds that UBS did not fail to comply with the Court's September 22, 2010, order by failing to notify the Court that it had served its supplemental response. The Court did not order UBS to notify the Court of service of its supplemental response to Plaintiff.

Second, UBS did not fail to adequately supplement its response that was served on Plaintiff on September 8, 2010. UBS's supplemental response provided Plaintiff with the information responsive to Plaintiff's request, and UBS maintains that it has provided the email address in its records that relates to Mr. Standish. Therefore, there is nothing further to compel.

To clarify whether either of the two e-mail addresses Plaintiff asserts belong to Clive Standish are actually associated with Mr. Standish, the Court directed UBS to provide additional information regarding whether Mr. Standish has ever been associated with these email addresses. (*See* Doc. 281, Ex. C.) UBS has confirmed that Clive Standish 'did not open, use or have any knowledge of the email accounts' that Plaintiff asserts belong to Mr. Standish. (Doc. 281, Ex. C.)

At the hearing, Plaintiff objected to the Court's order that UBS provide any statement further assuring Plaintiff of its diligence and good faith in responding to Plaintiff's request. The discovery rules were designed to provide the parties with tools to fully

4

> and fairly litigate cases on the merits. Fed. R. Civ. P. 1 ('[These Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.'). The Rules in place, and the various discretionary sanctions available to the Court to enforce the Rule, are meant to encourage fairness and to avoid obstructionism, gamesmanship, and tactical maneuvering intended to drive up the costs of litigation and unfairly harass the other party.
>
> The Court has inherent discretion to allow UBS to provide a statement or other assurances of its diligence in responding to the discovery, especially when Plaintiff has repeatedly questioned the veracity of UBS's discovery responses in this matter. UBS's conduct in responding to and supplementing its responses to the discovery requests evidences UBS's good faith and continued attempts to work with Plaintiff.
>
> The Court denies Plaintiff's request for sanctions against UBS for the alleged failure to comply with the Court's September 22, 2010, order. Sanctions are within the discretion of the Court under its inherent power to sanction a party who acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.' *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 (1991). Likewise, sanctions for discovery abuses pursuant to Fed. R. Civ. P. 37 are within the discretionary province of the Court to impose. This Court will neither impose sanctions against UBS nor recommend to the District Court the imposition of sanctions for discovery conduct on the part of UBS that, on the face of the record, has been diligent and forthright.

The standard of review is the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). Rule 303(f), Local Rules of Practice. The "clearly erroneous" standard applies to a Magistrate Judge's findings of fact.

5

*Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993). "A findings is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* at 622. The "contrary to law" standard allows independent, plenary review of purely legal determinations by the Magistrate Judge. *FDIC v. Fidelity & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D.Cal.2000); *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3rd Cir.1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *DeFazio v. Wallis*, 459 F.Supp.2d 159, 163 (E.D.N.Y.2006).

Plaintiff asserts that he made an objection to Magistrate Judge Oberto during the October 21, 2010 hearing on his motion for sanctions that "the proceedings is [sic] already academic because Plaintiff on October 20, 2010 filed by U.S. Postal Express Mail Doc. 282 entitled 'OBJECTIONS TO DOC. 273 WITH A REQUEST TO *SUA SPONTE* MODIFY OR RECONSIDER IT.'" Plaintiff contends:

> Plaintiff during the hearing of October 21, 2010, entered an objection that plaintiff filed an objection to Doc. 273, now identified as Doc. 282 but at the time of the hearing of October 21, 2010 plaintiff does [sic] not have the docket number 282 yet because plaintiff mailed his objections to Doc. 273 on October 20, 2010. The objection and information given to the Magistrate Court at the hearing of October 21, 2010 is the fact that Plaintiff's Request for Admission was deemed admitted when UBS AG filed to respond timely by being late five days

>counted from July 7, the last day for filing of its responses to July 12, 2010 when the responses were actually served. Included in the Request for Admission is the above mentioned office/business email address and personal email address of Clive Standish, particularly in paragraph 2 above (See Request for Admission No. 1.1, Plaintiff's Request for Admission, attached as Exhibit ONE to Doc. 248 entitled 'JOINT STATEMENT ON Doc. 212') which are admitted and could be used, in fact were not used and ignored, in the Magistrate's [sic] Court making its decision on Doc. 284.

Plaintiff is referring to his "Objections to Doc. 273, With Request to *Sua Sponte* Modify It or Reconsider It" filed on October 21, 2010, the day of the hearing before the Magistrate Judge regarding Plaintiff's motion for sanctions against UBS. That motion is under submission to the District Court and seeks reconsideration by Plaintiff of this Court's Memorandum Decision and Order denying Plaintiff's request for reconsideration by the District Court of the Magistrate Judge's Order Denying Plaintiff's Motion to Compel (Docs. 270 & 273). To the extent that Plaintiff's request for reconsideration of the denial of his motion for sanctions is comprehensible, Plaintiff appears to be contending that the Magistrate Judge erred in resolving his motion for sanctions because he filed a subsequent motion seeking reconsideration of the denial of his request for reconsideration. This presents no basis for reconsideration of the denial of his motion for sanctions. If Plaintiff believed that his motion for reconsideration of the denial of his request for reconsideration mooted the motion for sanctions, Plaintiff could have withdrawn

1  the motion for sanctions.  Further, Plaintiff's motion for
2  sanctions sought to declare facts established merely because
3  Plaintiff erroneously asserted that UBS AG failed to comply with
4  the Magistrate Judge's Order and because Plaintiff believes that
5  UBS AG's responses to his discovery requests are untrue.  As the
6  Magistrate Judge correctly ruled, Plaintiff's motion for
7  sanctions on these grounds is without merit.

    In his request for reconsideration, Plaintiff asserts:

> Accompanying this motion for reconsideration of Doc. 284, is plaintiff [sic] OBJECTIONS TO DOC. 281 which is hereby incorporated by reference and forms an integral part of this motion for reconsideration of Doc. 284. Plaintiff request [sic] that Doc. 281 be considered in deciding this motion for reconsideration of Doc. 284.

Specifically, Plaintiff objects to Exhibit C to Doc. 281 on various grounds.

    Doc. 281, filed on October 22, 2010, is the "Declaration of Jacob S. Kreilkamp in Response to the Court's Request at the October 21, 2010 Hearing."  Mr. Kreilkamp avers:

> 4.  Attached hereto as Exhibit C is an email forwarded to me by Patrick Mathieu, a Director at UBS AG, dated April 5, 2007, in which Clive Standish confirms that he did not open, use or have any knowledge of the email accounts clive_standish@yahoo.com or customerservices@privateclientsubs.cjb.net. Although I did not personally receive this email, it was forwarded to me from Mr. Mathieu, who was one of the recipients, on April 5, 2007.

Exhibit C to Doc. 281 is a copy of an email:

> From: Standish, Clive

1           **Sent: Donnerstag 5 April 2007 09.55**

2           **To: Kurth, Christoph**

3           **Cc: Mathieu, Patrick**

4           **Subject: RE Carl L. Jimena vs UBS AG and Clive Standish**

5           **Dear Christoph**

6

7           **I confirm that I did not open, use or have any knowledge of the email accounts - clive standish@yahoo.com [sic] or customerservices@privateclientsubs.cjb.net.**

8

9      **On November 1, 2010, Plaintiff filed "Objections to Doc.**

10   **281", wherein Plaintiff asserts he did not receive a copy of Doc.**

11   **281 until October 25, 2010, the day before the Order Denying**

12   **Plaintiff's Motion for Sanctions was filed.**

13      **Plaintiff argues that Exhibit C, Patrick Mathieu and**

14   **Christoph Kurth were not disclosed as evidence or witnesses by**

15   **UBS AG at the mandatory initial disclosure held between June 19,**

16   **2007 and July 3, 2007 and is, therefore, subject to the rule of**

17   **preclusion under Rule 26(a)(1)(A), Federal Rules of Civil**

18   **Procedure.**

19      **Rule 26(a)(1)(A) sets forth categories of information that**

20   **must be disclosed by a party to other parties without awaiting a**

21   **discovery request, including:**

22           **(i) the name and, if known, the address and telephone number of each individual likely to**
23           **have discoverable information - along with the subjects of that information - that the**
24           **disclosing party may use to support its claims or defenses, unless the use would be**
25           **solely for impeachment;**

26           **(ii) a copy - or a description by category**

        **and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support the claims or defenses, unless the use would be solely for impeachment.**

**Rule 26(a)(1)(A)(i) & (ii).  Rule 26(a)(1)(C) and (E) provides:**

        **(C) A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan.  In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.**

        **...**

        **(E) A party must make its initial disclosures based on the information then reasonably available to it.  A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.**

**Rule 37(c)(1), Federal Rules of Civil Procedure, provides:**

        **If a party fails to provide information or identify a witness as required by Rule 26(a) ..., the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:**

        **(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;**

        **(B) may inform the jury of the party's failure; and**

```
            (C) may impose other appropriate sanctions,
            including any of the orders listed in Rule
            37(b)(3)(A)(i)-(vi).
```

Plaintiff cites *Salgado v. General Motors Corp.,* 150 F.3d 735 (7th Cir.1998). In *Salgado,* the Seventh Circuit affirmed the District Court's exclusion of plaintiff's expert witnesses and the granting of summary judgment for defendant. In so holding, the Seventh Circuit stated:

> Not only do we believe that the violation of
> Rule 26 is clearly established but we also
> believe that the district court acted well
> within its discretion when it decided to
> impose the sanction of precluding the
> witnesses from testifying. As we noted in
> *Finley v. Marathon Oil Co.,* 75 F.3d 1225,
> 1230 (7th Cir.1996), the sanction of
> exclusion is automatic and mandatory unless
> the sanctioned party can show that its
> violation of Rule 26(a) was either justified
> or harmless.

150 F.3d at 742. The Ninth Circuit in *Yeti by Molly Ltd. v. Deckers Outdoor Corporation*, 259 F.3d 1101, 1106-1107(9th Cir.2001), applied the same standard as well as holding that the party facing sanctions under Rule 37(c)(1) has the burden of establishing that the violation was either justified or harmless.

Here, the Court does not know exactly what or who was disclosed by UBS AG as its initial disclosures. Rule 26(e) provides:

> (1) A party who has made a disclosure under
> Rule 26(a) - or who has responded to an
> interrogatory, request for production, or
> request for admission - must supplement or
> correct its disclosure or response:
>
> (A) in a timely manner if the party learns
> that in some material respect the disclosure

11

> or response is incomplete or incorrect, and
> if the additional or corrective information
> has not otherwise been made known to the
> other parties during the discovery process or
> in writing; or
>
> (B) as ordered by the court.

The Court will not exclude Exhibit C, Mathieu or Kurth in this action absent an opportunity to UBS AG to address Plaintiff's objections on the merits.

Plaintiff further objects that Exhibit C "does not have the appearance and does not qualify to be an email." Relying on *United States v. Safavian*, 435 F.Supp.2d 36, 40 (D.D.C.2006), wherein the District Court, addressing authentication under Rule 901, Federal Rules of Evidence, stated:

> The e-mails in question have many distinctive
> characteristics, including the actual e-mail
> addresses containing the '@' symbol, which is
> widely known to be part of an e-mail address,
> and certainly a distinctive mark that
> identifies the document in question as an e-
> mail.

Plaintiff contends that, because Exhibit C does not set forth the "@" symbol, it is not an email:

> It is a simple letter that is so easily
> fabricated that it would require a
> handwritten signature of Clive Standish to be
> identified under oath. Exhibit C is not an
> authentic or unauthentic document. It has
> the appearance of an eleventh hour
> fabrication since it was not disclosed at the
> mandatory initial disclosure. In addition
> ..., it is inadmissible hearsay since Clive
> Standish and Christoph Kurth cannot be cross-
> examined and the best evidence would be their
> testimony if and only if their identity was
> disclosed at the mandatory initial
> disclosure. Since Exhibit C of Doc. 281 has
> no email address on 'From:' [sender] and

12

> 'To:' [recipient] it is impossible to send
> Exhibit C of Doc. 281 by email, an earmark of
> fabrication.  It is extremely unfair for the
> Magistrate Court to rely on Exhibit C of Doc.
> 281 in its decision while on the other hand
> ignoring Exhibit 32, paragraph 1 and 2
> thereof and ignoring the fact that the
> Request for Admission is already admitted
> ....

Again, the Court cannot address Plaintiff's objections to Exhibit C in the absence of a response by UBS AG.  However, it is noted that Exhibit C is a copy of an email to Patrick Mathieu purportedly sent by Clive Standish to Christoph Kurth.  Whether or not such a copy would have an "@" symbol attached to it is not known.  Further, Plaintiff provides no explanation why either Clive Standish or Christoph Kurth cannot be cross-examined. Clive Standish is a named defendant in this action, although Plaintiff has yet to effect service of process on him.

Plaintiff's contention that the Magistrate Judge should not have rendered the Order Denying the Motion for Sanctions without first giving Plaintiff the opportunity to object to Mr. Kreilkamp's declaration does not make the Order contrary to law or clearly erroneous under the circumstances of this action.  UBS AG has represented throughout this litigation that the email addresses for Clive Standish upon which Plaintiff's case largely hinges are false and fraudulent.  Discovery from Yahoo! substantiates this assertion.  Plaintiff has not demonstrated that these representations are false and that UBS AG in fact has evidence that will support Plaintiff's claims as to these email addresses.  Plaintiff was seeking sanctions against UBS AG for

its responses to Interrogatory No. 24.

Plaintiff argues that UBS AG is estopped to present "further evidence, such as Exhibit C of Doc. 281, that the office/business email address of Clive [sic] customerservices@privateclientsubs.cjb.net, and his personal email address 'clive_standish@yahoo.com' were never used by Clive Standish because both email addresses were already admitted by UBS AG to be the true office/business and personal email address [sic] of Clive Standish when UBS AG was late by five or six days in responding to plaintiff's Request for Admission."  Plaintiff asserts that further ground for estoppel "is the fact that in Exhibit 32, paragraph 1 and 2, Clive Standish already admitted that his personal email address 'clive_standish@yahoo.com' and his office/business email address customerservices@privateclientsubs.cjb.net, both belong to him or used both email addresses."

Plaintiff's List of Exhibits to the Third Amended Complaint is set forth in Doc. 49 filed in August 2007, i.e., his exhibits are not actually attached to the Third Amended Complaint. Exhibit 32 purports to be an email to Plaintiff from the clive_standish@yahoo.com email address.  It is materially disputed in this litigation whether this is a valid email address for Defendant Clive Standish, or whether it is an email address used by an imposter.  Whether or not UBS AG has admitted Plaintiff's Requests for Admission because of the untimely response to them is addressed in the "Memorandum Decision and

14

Order Denying Plaintiff's 'Objections to Doc. 273, With Request to *Sua Sponte* Modify or Reconsider it' (Doc. 282)", filed on November 3, 2010.  (Doc. 289).

Plaintiff also argues that the Magistrate Judge's minute order, (Doc. 280), directing UBS AG to file by October 26, 2010 "a declaration or supplemental discovery response addressing whether UBS AG possesses Mr. Clive Standish's personal email address in its records and/or whether any email address UBS has related to Mr. Clive Standish conforms to either of the two email addresses identified by Mr. Jimena in his Motion to Sanction Disobedience."  Plaintiff contends:

> This is an abuse of discretion considering the time for UBS AG to provide the same information closed after 30 days after service and the hearing of October 21, 2010 was for a sanction.  Nobody gets a sanction if the Magistrate Court extend [sic] the time to file responses on the day of the hearing of the sanction. Objection on this ground was also raised by plaintiff during the hearing.

Plaintiff's objection is without merit.  The Magistrate Judge has the discretion to issue such an order, especially when Plaintiff is seeking discovery sanctions based on UBS's response.  This discretion which was exercised to permit adjudication of this case on its merits was not abused.

For the reasons stated:

1.  Plaintiff's requests for reconsideration by the District Court of the Magistrate Judge's Order Denying Plaintiff's Motion for Sanctions, (Doc. 284), filed on October 26, 2010, are DENIED.

///

15

IT IS SO ORDERED.

**Dated:   November 5, 2010**               /s/ Oliver W. Wanger
                                              UNITED STATES DISTRICT JUDGE