UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL. L. JIMENA,<br><br>Plaintiff,<br><br>v.<br><br>UBS AG BANK, INC., SWITZERLAND HEADQUARTERS; UBS AG BANK, INC., MANHATTAN, NEW YORK BRANCH; UBS FINANCIAL SERVICES, INC., BAKERSFIELD, CALIFORNIA BRANCH; AND UBS FINANCIAL SERVICES, INC., WEEHAWKEN, NEW JERSEY BRANCH; CLIVE STANDISH,<br><br>Defendants. | 1:07-cv-00367 OWW SKO<br><br>MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION TO VACATE, PLAINTIFF'S MOTION IN LIMINE, AND DEFENDANT UBS AG'S MOTION FOR SUMMARY JUDGMENT<br><br>(DOC. 304, 305, 311) |

I. INTRODUCTION

Plaintiff Carl L. Jimena ("Plaintiff") proceeds with this action for fraud, violation of state and federal commercial codes, and intentional tort.

Before the court is Defendant UBS AG's ("UBS") renewed motion for summary judgment (Doc. 311). Plaintiff filed an opposition, to which UBS replied (Doc. 314). The motion was heard June 20, 2011.

Also before the court are two motions taken under submission without hearing: (1) Plaintiff's motion to vacate (Doc. 304), and (2) Plaintiff's motion in limine (Doc. 305). UBS filed oppositions to both motions (Docs. 309, 310).

## II. FACTUAL BACKGROUND

Plaintiff alleges that he was defrauded in a variant of the "Nigerian advance fee scheme" by Clive Standish[1], then Chief Financial Officer of UBS, who allegedly sent Plaintiff e-mails from clive_standish@yahoo.com and customerservices@privatelcientsubs.cjb.net. From these two e-mails, Clive Standish allegedly offered to transfer $19 million to Plaintiff's bank account by convincing Plaintiff to wire $51,000 via Washington Mutual Bank, Bank of New York, and UBS to an account at a fourth bank, HSBC, allegedly to satisfy a non-existent "Anti Drug/Terrorist Clearance" fee required for money transfers from Nigeria. Plaintiff alleges he wired $51,000 to the banks. Plaintiff never received the $19 million. Plaintiff alleges that UBS is in possession of his $51,000 and the $19 million allegedly wired to UBS by an alleged Nigerian bank, Standard Trust Bank PLC.

## III. MOTION FOR SUMMARY JUDGMENT

### A. Introduction

UBS moves for summary judgment on all of Plaintiff's remaining claims. Doc. 311. UBS contends that Plaintiff has not adduced any cognizable evidence to support his claims, and cannot meet his burden under Rule 56. Plaintiff filed an opposition (Doc. 313), which incorporates by reference: (1) Plaintiff's

[1] Clive Standish was named as a Defendant in this lawsuit, but has never been served with a summons and complaint.

motion in limine (Doc. 305); (2) motion to vacate (Doc. 304); (3) opposition to UBS's motion for summary judgment (Doc. 195); (4) opposition to UBS's supplemental brief in support of motion for summary judgment (Doc. 253); (5) amended opposition to UBS's supplemental brief in support of summary judgment (Doc. 261); and (6) third supplemental brief to Plaintiff's opposition to UBS's motion for summary judgment (Doc. 288).[2] UBS filed a reply. Doc. 314.

B. Disputed Facts

UBS contends that any individual can sign up for a Yahoo.com email account bearing the name [FIRST NAME]_[LAST NAME]@yahoo.com without providing any evidence that he or she is the person whose name is used in the email address, and without providing any evidence that the person whose name is used has consented to the

[2] This court's Standing Order provides:

> Unless prior leave of court seven days before the filing date is obtained, all briefs or memoranda in civil cases shall not exceed 25 pages . . .. Reply briefs filed by moving parties shall not exceed 10 pages.

Doc. 3, 6. Plaintiff's opposition, including all six incorporated documents, *far* exceeds the allowable 25-page limit. Although Plaintiff is appearing in propria persona, Plaintiff is expected to familiarize himself with, and adhere to, all applicable rules, including the Local Rules and Standing Order. Plaintiff has been cautioned before and continues to disregard the rules. If Plaintiff exceeds the permissible page limits without timely prior leave, the court will disregard Plaintiff's brief or memorandum to the extent it exceeds the permissible page limit.

use of the name. UBS also asserts that if a user types privateclientsubs.cjb.net into a web browser, the user is directed to the home page for www.cjb.net, a service that offers subscribers the ability to (a) create email addresses that read [NAME]@[ENTITY].cjb.net, and (b) create "alias" domain names that read [ENTITY].cjb.net that redirect a web browser to some other, unrelated internet domain. Plaintiff disputes the bases for UBS's contentions, i.e., the declaration of its counsel, Jacob Kreilkamp.

UBS contends that all of Plaintiff's allegations regarding the representations of UBS are based on unauthenticated and hearsay emails Plaintiff received bearing the addresses clive_standish@yahoo.com and customerservices@privateclient subs.cjb.net. UBS further contends that no admissible evidence has been offered to support a finding that $19,000,000 was wired from Standard Trust Bank PLC to UBS AG as is alleged in the Third Amended Complaint, or to support a finding that UBS holds any funds belonging to Plaintiff. Finally, UBS asserts no person in his right mind could reasonably expect to receive $19 million in return for a $51,000 fee payment, and the inherent implausibility of the scheme should have put Plaintiff on notice that the scheme was a fraud.

C. <u>Legal Standard</u>

Summary judgment is proper if "the pleadings, the discovery

**and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.**

**The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."** ***Celotex Corp. v. Catrett*****, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986) (internal quotation marks omitted). A fact is material if it could affect the outcome of the suit under the governing substantive law; "irrelevant" or "unnecessary" factual disputes are not considered.** ***Anderson v. Liberty Lobby, Inc.*****, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986).**

**If the moving party would bear the burden of proof on an issue at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party."** ***Soremekun v. Thrifty Payless, Inc.*****, 509 F.3d 978, 984 (9th Cir. 2007). In contrast, if the non-moving party bears the burden of proof on an issue, the moving party can prevail by "merely pointing out that there is an absence of evidence" to support the non-moving party's case.** ***Id.***

**When the moving party meets its burden, the "adverse party**

may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In ruling on a motion for summary judgment, a court does not make credibility determinations or weigh evidence. *See Anderson*, 477 U.S. at 255. Rather, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* Only admissible evidence is considered in deciding a motion for summary judgment. *Soremekun*, 509 F.3d at 984. "Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." *Id.*

D. <u>Discussion</u>

UBS moves for summary judgment based on the contention that Plaintiff has not produced any admissible evidence.

1. <u>Clive Standish E-mails</u>

Plaintiff's claims against UBS rest primarily on e-mails purportedly sent by "Clive Standish" from two e-mail addresses: clive_standish@yahoo.com and customerservices@privatelcientsubs.cjb.net. *See* Plaintiff's Exhibits 6-8, 12-13, 19-20, 25-58 (together, "Standish E-mails").

a) <u>Authenticity</u>

Only admissible evidence is considered on a motion for

summary judgment. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002); *see* Fed. R. Civ. P. 56(e). Authentication is a "condition precedent to admissibility," and can by satisfied "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). At the summary judgment stage, the focus is not on the admissibility of the evidence's form, but on the admissibility of its contents. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).

A party seeking admission of evidence need only make a prima facie showing of authenticity. *E.W. French & Sons, Inc. v. Gen'l Portland Inc.*, 885 F.2d 1392, 1398 (9th Cir. 1989). "The issue for the trial judge in determining whether the required foundation for the introduction of the evidence has been established is whether the proof is such that the jury, acting as reasonable [persons], could find its authorship as claimed by the proponent." *United States v. Smith*, 609 F.2d 1294, 1301 (9th Cir. 1979) (quoting *Carbo v. United States*, 314 F.2d 718 (9th Cir. 1963)). "It then remains for the trier of facts to make its own determination of the authenticity of the admitted evidence and the weight which it feels the evidence should be given." *Alexander Dawson, Inc. v. N.L.R.B.*, 586 F.2d 1300, 1301 (9th Cir. 1978).

A proper foundation may be established through any manner permitted by Federal Rule of Evidence 901(b) or 902. *Orr*, 285

**F.3d at 774.**

**(1) Rule 902**

**Rule 902 lists twelve items that do not require extrinsic evidence of authenticity and are self-authenticating. Fed. R. Evid. 902 (public documents, certified copies of public records, official publications, newspapers and periodicals, acknowledged documents, commercial paper, presumptions under Acts of Congress, certified records of regularly conducted activity). Plaintiff does not contend that Rule 902 is applicable to authenticate any of his documents. There are no guarantees of trustworthiness to the two e-mail addresses which are generic addresses that can be personalized by anyone. There is nothing self-authenticating about the e-mail addresses.**

**(2) Rule 901(b)(1)**

**Rule 901(b)(1) permits authentication through the testimony of a witness with personal knowledge. Fed. R. Evid. 901(b)(1). In a motion for summary judgment, documents authenticated through personal knowledge under Rule 901(b)(1) must be "attached to an affidavit that meets the requirements of [Rule] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence."** ***Id.*** **(quoting** ***Canada v. Blain's Helicopters, Inc.*****, 831 F.2d 920, 925 (9th Cir. 1987)).**

**Here, Plaintiff provides an affidavit declaring that he received the Standish E-mails.** ***See*** **Doc. 78. Plaintiff's affidavit states:**

> With the exception of some documents manually obtained or in some other way, I keep and compile these emails in electronic storage at my email address mindoro123@yahoo.com. I had this email address for over three years now and I am the custodian of these email records. All my emails are automatically recorded at or near the time of the transaction, that is from the date and time the email is sent to me and received by me at my In Box of my email address with Yahoo, Inc. The date of each email appears at the top of the letter/message. I have personal knowledge of these emails since I read them immediately after I receive them. Since the wire transfer transaction is important to me I take care that records of email are not deleted from the time they were sent to me up to the present time. Yahoo, Inc. has a very reliable electronic storage and equipment, where all my emails are received, and Yahoo Inc. has a good reputation around the world for trustworthiness and reliability of their equipment. My email address with Yahoo is password protected. I copied all my emails with Yahoo particularly with the wire transfer transaction to my notebook computer using Kinko's Copy Store internet connection. My notebook computer is password protected. From my notebook computer I printed the emails. Most of the emails were printed before filing this case.

Doc. 78, ¶ 1. Plaintiff's affidavit, by itself, is not sufficient authentication of the Standish E-mails. It does not provide any foundation that Plaintiff knows or had any prior communication with Clive Standish. There are no identifying characteristics that provide any foundation for linking the e-mails to Clive Standish. Plaintiff does not include an affidavit or deposition testimony from the purported author, Clive Standish, stating that he wrote the e-mails. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002) (concluding that letters and memoranda were not authenticated because Plaintiff did not submit an affidavit from the author stating that he wrote the letters and memoranda). Plaintiff also does not declare that he witnessed the

writing of the Standish E-mails, only that he received them. *See id.* ("Mirch's affidavit does not lay a foundation for Exhibit C. Mirch neither wrote the memo nor witnessed Geerhart do so, and he is not familiar with Geerhart's signature."). The Standish E-mails are not authenticated through personal knowledge under Rule 901(b)(1).

(3) <u>Rule 901(b)(4)</u>

E-mails and other electronic records are most frequently authenticated under Rule 901(b)(4), which permits authentication by "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances." *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 546 (D. Md. 2007). The Advisory Committee Notes to Rule 901(b)(4) observe:

> The characteristics of the offered item itself, considered in the light of circumstances, afford authentication techniques in great variety. Thus a document or telephone conversation may be shown to have emanated from a particular person by virtue of its disclosing knowledge of facts known peculiarly to him; similarly, a letter may be authenticated by content and circumstances indicating it was in reply to a duly authenticated one. Language patterns may indicate authenticity or its opposite.

Fed. R. Evid. 901(b)(4), Advisory Committee Notes (1972) (citations omitted). Here, there are no unique circumstances that link the printed e-mails to Clive Standish.

Citing *In re Homestore.com, Inc. Sec. Litig.*, 347 F.Supp.2d 769, 781 (C.D. Cal. 2004), Plaintiff contends that because his

exhibits were "produced during discovery," they are presumptively authenticated. *Homestore.com* applied the rule set forth in *Orr*, 285 F.3d at 777, i.e., that documents produced by a party in discovery are deemed authentic when offered by the party-opponent. *In re Homestore.com*, 347 F.Supp.2d at 781. Here, neither UBS nor Clive Standish produced Plaintiff's exhibits during discovery; rather, Plaintiff produced them. No party-opponent offered these documents in discovery so as to permit attribution of the identity and authenticity of the e-mails to Clive Standish or UBS. *Homestore.com* and *Orr* are inapplicable.

Plaintiff further argues that a proper foundation has been laid for the Standish E-mails because: (1) they include UBS's phone number and address, which have been conclusively connected to Clive Standish; and (2) the e-mail addresses from the sender in the Standish E-mails, clive standish@yahoo.com and customerservices@privatelcientsubs.cjb.net, authenticate the e-mails. Plaintiff cites *United States v. Safavian*, 435 F.Supp.2d 36, 40-41 (D.D.C. 2006), in support of his argument:

> Exhibit 100 is also an e-mail sent from that address, but the signature within the e-mail gives the defendant's name and the name of his business, Janus-Merritt Strategies, L.L.C., located in Washington, D.C. (as well as other information, such as the business' address, telephone and fax numbers), thereby connecting the defendant to that e-mail address . . ..
>
> . . .
>
> The e-mails in question have many distinctive characteristics, including the actual e-mail addresses

> containing the "@" symbol, widely known to be part of an e-mail address, and certainly a distinctive mark that identifies the document in question as an e-mail. *See United States v. Siddiqui*, 235 F.3d 1318, 1322 (11th Cir. 2000). In addition, most of the e-mail addresses themselves contain the name of the person connected to the address, such as "abramoffj@gtlaw.com," "David.Safavian@ mail.house.gov," or "david.safavian @gsa.gov." See, e.g., Exhibits 101, 105, 106. Frequently these e-mails contain the name of the sender or recipient in the bodies of the e-mail, in the signature blocks at the end of the e-mail, in the "To:" and "From:" headings, and by signature of the sender.

A district court decision is not binding on other district courts. *Hart v. Massanari*, 266 F.3d 1155, 1163 (9th Cir. 2001) (explaining that no trial court decisions are precedential).

"When a letter, signed with the purported signature of X, is received 'out of the blue,' with no previous correspondence, the traditional 'show me' skepticism of the common law prevails, and the purported signature is not sufficient as authentication, unless authenticity is confirmed by additional facts." 2 KENNETH S. BROUN, MCCORMICK ON EVIDENCE § 224 (6th ed. 2006). The same rule applies to self-identification by a speaker in an unsolicited telephone call. Fed. R. Evid. 901 Adv. Comm. Note (b), Ex. 6 ("The cases are in agreement that a mere assertion of his identity by a person talking on the telephone is not sufficient evidence of the authenticity of the conversation and that additional evidence of his identity is required."); *United States v. Puerta Restrepo*, 814 F.2d 1236, 1239 (7th Cir. 1987); *United States v. Pool*, 660 F.2d 547, 560 (5th Cir. 1981). Likewise, "[w]hen the recipient of an e-mail attempts to prove that the

message was authored by a particular individual whose name appears in the header, such self-identification by designated sender is insufficient to establish authorship." PAUL R. RICE, ELECTRONIC EVIDENCE: LAW & EVIDENCE 348 (2d ed. 2008). Self-identification in an unsolicited e-mail supports authenticity, but is not, by itself, considered sufficient. *Id.* Here there is no signature of Clive Standish which any person with familiarity with the signature purports to identify.

The Standish E-mails begin with the following address block:

CUSTOMER SERVICES DEPARTMENT
UBS, ZURICH
GESSNERALLE 3
CH- 8001 ZURICHWEBSITE: www.ubs.com
EMAIL: customerservices@privateclientsubs.cjb.net
clive_standish@yahoo.com
Tel: 411234111
Fax: 4113553864

They are all signed in type:

CLIVE STANDISH
UBS, ZURICH

Although the address and telephone number of UBS could assist authentication, all this information is publicly available information, which could be provided by anyone.

The e-mail addresses used by the author of the Standish E-mails, clive_standish@yahoo.com and customerservices@privateclientsubs.cjb.net, are also self-serving. In contrast to the e-mails discussed in *Safavian*, 435 F.Supp.2d at 40-41, the e-mail addresses here are not work e-mail

**addresses which are issued by an employer and include the employee's name in the e-mail address. Rather, they are from publicly available e-mail providers, available to and sendable by anyone.**

**The substance of the Standish E-mails does not support authenticity. Plaintiff argues that because one of the Standish E-mails uses the word "enquiry," an English spelling of the American "inquiry," it "could only be attributed to Clive Standish, an Englishman" (Doc. 194, 9); this argument is unconvincing as it is unsupported by any identifying information about Clive Standish. Plaintiff also contends that the Standish E-mails are authenticated because they contain discussions of identifiable matters, including: diverting $19 million dollars from UBS to Rabo Bank in Holland; demanding an Anti-Drug/Terrorist Clearance Certificate Fee; and promising to transfer $19 million to Washington Mutual Bank after payment of $51,000. There is no evidence outside the Standish E-mails, however, that Clive Standish had any knowledge of or participated in any of the subject matter.**

**Considering the totality of the characteristics, Plaintiff has not laid a sufficient foundation nor evidentiary reliability to justify admission of the Standish E-mails. The Standish E-mails were unsolicited, contain only publicly available, self-serving information, and do not contain any substantive or unique**

**information that supports authenticity.**

**b) <u>Hearsay</u>**

**Hearsay is generally not admissible. Fed. R. Evid. 802. "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c). A "statement" includes a written assertion. Fed. R. Evid. 801(a). The Standish E-mails, which are out of court written statements offered to prove the truth of the matter asserted, are hearsay, and are inadmissible unless they fit within a hearsay exception.**

**Citing *In re Homestore.com, Inc. Securities Litigation*, 347 F.Supp.2d 769, 781 (C.D. Cal. 2004), Plaintiff contends that the Standish E-mails are not hearsay because they are admissions of a party opponent.**

**Federal Rule of Evidence 801(d)(2) provides that a statement is not hearsay if it is offered against a party and is "the party's own statement, in either an individual or representative capacity", Fed. R. Evid. 801(d)(2)(A), or "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship," Fed. R. Evid. 801(d)(2)(D).**

**Here, Clive Standish is a Defendant and was an employee of UBS during the period the Standish E-mails were written. However, there is inadequate foundation to support Plaintiff's contention**

that Clive Standish authored the Standish E-mails. Only statements made by and attributable to Clive Standish could constitute admissions of a party-opponent.

2. Other E-mails

Plaintiff also submits other e-mails, including e-mails from "Chika Umeh" at "Standard Trust Bank," and "Attorney Smith Coker." Plaintiff advances the same arguments for authentication, e.g., that the e-mails are authenticated by the "@" symbol, and by the person's name in the e-mail address. For the reasons above, this self-serving information is not sufficient to lay the foundation for these documents. These e-mails are also inadmissible hearsay under Federal Rules of Evidence 801 and 802.

3. Exhibits 15 and 16

UBS attacks Exhibits 15 and 16. Plaintiff labels Exhibit 15 as a "Standard Trust Bank PLC as original sender issued payment order/slip" and Exhibit 16 as an "UBS AG Bank acceptance of the payment order for wire transfer to beneficiary plaintiff." Document 305, 100. Exhibits 15 and 16 are completely illegible photocopies. As they cannot be read, it cannot be determined whether they can be authenticated under Federal Rules of Evidence 901 and 902 and whether they are relevant under Federal Rules of Evidence 401 and 402. *See, e.g., Curtis v. Clarian Health-Indiana Neurology Clinic*, 2011 U.S. Dist. LEXIS 18753, *15 n.2 ("[T]he Court will not consider illegible portions of the exhibits."); *Morrison v. Jordan*, 2010 U.S. Dist. LEXIS 103226, *10-11

(disregarding illegible drawing). The Exhibits are also inadmissible hearsay; as they cannot be read, it cannot be determined whether they fit into a hearsay exception. *See United States v. Pintado-Isiordia*, 448 F.3d 1155, 1157 (9th Cir. 2006).

E. Conclusion

There is an absence of admissible evidence to create a triable issue of material fact as to UBS's liability.

UBS's motion for summary judgment is GRANTED.

## IV. MOTION IN LIMINE

Plaintiff moves in limine to admit Plaintiff's exhibits (Doc. 77) and exclude UBS's evidence.

UBS contends that Plaintiff's motion is premature, as no scheduling order has been issued and the initial scheduling conference is scheduled for August 26, 2011. UBS cites three unpublished, non-citable district court cases: *Harper v. Harmon*, 2007 WL 4219434, *1 (E.D. Cal. 2007) ("Motions in limine must be filed seven days prior to the trial. This motion will be denied without prejudice to its renewal closer to trial."); *Rodriguez v. Merez*, 2007 WL 954758, *1 (E.D. Cal. 2007) (motion in limine filed before court had issued scheduling order with dates for motions in limine is premature); *Reed v. Edmonds*, 2006 WL 435453 (S.D.N.Y. 2006) ("Discovery is not yet complete and dispositive motions have not yet been made. In view of the fact that so little is currently known about what the trial will ultimately

look like, I conclude that consideration of plaintiff's motion in limine is premature at this time.").

To the extent that Plaintiff seeks to determine the admissibility of evidence for purposes of trial, Plaintiff's motion, filed before the court has issued a scheduling order, is premature. The admissibility of evidence relevant to the disposition of UBS's motion for summary judgment was discussed above.

Plaintiff's motion in limine is DENIED, without prejudice.

## V. MOTION FOR RECONSIDERATION

### A. Introduction

Plaintiff moves to vacate: (1) the February 8, 2011 memorandum decision granting UBS's motion to be relieved from deemed admissions (Doc. 302); and (2) the November 3, 2010 memorandum decision and order denying Plaintiff's objections to Doc. 273 and request to modify or reconsider it. Doc. 289. Plaintiff's motion to vacate is in essence a motion for reconsideration. UBS filed an opposition. Doc. 309.

### B. Legal Standard

A motion for reconsideration may be brought under Rule 60(b) if a moving party can show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason

justifying relief from operation of judgment. Fed. R. Civ. P. 60(b); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Relief under exception (6) requires a finding of "extraordinary circumstances." *Id.*

A motion for reconsideration brought under Rule 59(e) is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there was an intervening change in controlling law." *School Dist. No. 1J v. AC & S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A reconsideration motion should not merely present arguments previously raised, or which could have been raised, in a previous motion. *See Backlund*, 778 F.2d at 1388.

C. <u>Discussion</u>

Plaintiff moves for reconsideration of two previous memorandum decisions under Rule 60(b)(4), which permits a court to relieve a party from an order if "the judgment is void." Fed. R. Civ. P. 60(b)(4).

1. <u>Reconsideration of November 3, 2010 Memorandum Decision (Doc. 289)</u>

The memorandum decision and order dated December 3, 2010 holds:

> No further requests for reconsideration or objections to the rulings in connection with Plaintiff's motion to compel, Doc. 258), or the Court's rulings in Docs. 273, 289, or this Memorandum Decision and Order will be entertained by the Court.

**Doc. 295, 3. The Court will not consider Plaintiff's motion to reconsider its November 3, 2010 memorandum decision (Doc. 289), as it has been raised for a third time after being previously denied.**

**2. <u>Reconsideration of February 9, 2011 Memorandum Decision (Doc. 302)</u>**

**Plaintiff contends that the February 9, 2011 memorandum decision is void and should be reconsidered because it is based on Doc. 289, which is void. Plaintiff's attack of Doc. 289 has been rejected repeatedly and will not be further reconsidered.**

**Plaintiff further argues that the February 9, 2011 memorandum decision is void because: (1) the court failed to apply estoppel; (2) the court failed to apply preclusion sanction; and (3) the court failed to apply the best evidence rule. Plaintiff's arguments are without merit. Even if they were valid attacks on the court's prior decision, they would not make it "void." A judgment is not void within the meaning of Rule 60(b)(4) "merely because it is erroneous."** ***In re Sasson*****, 424 F.3d 864, 875 (9th Cir. 2005). The Ninth Circuit has "consistently" held that a "final judgment is 'void' for purposes of Rule 60(b)(4)** ***only if*** **the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law."** ***Id.*** **at 876 (quoting** ***United States v. Burke*****, 170 F.3d 882, 883 (9th Cir. 1999)).**

Plaintiff further has failed to present any newly discovered evidence or shown any intervening change in controlling law to justify reconsideration of the prior memorandum decision. *School Dist. No. 1J*, 5 F.3d at 1263.

Plaintiff's motion for reconsideration is DENIED.

VI. CONCLUSION

For the reasons stated:

1. UBS's motion for summary judgment is GRANTED.
2. Plaintiff's motion for reconsideration is DENIED.
3. Plaintiff's motion in limine is DENIED, without prejudice.
4. UBS shall submit a proposed form of order consistent with this memorandum decision within five (5) days following electronic service of this memorandum decision.

SO ORDERED.

DATED: June 24, 2011

/s/ Oliver W. Wanger
Oliver W. Wanger
United States District Judge